**MEMO ENDORSED**

DERRICK WALTERS

℅ 3 Palomino Terrace

Newburgh, New York, near [12550]

Appearing by Special Appearance Only

Without Waiver of Any Rights, Remedies, or Defenses

> This Motion for a Temporary Restraining Order ("TRO") is denied without prejudice. First, Mr. Walters has failed to comply with Federal Rule of Civil Procedure 65(b)(1) in that he has not served, or otherwise given notice to, the opposing parties and has not certified that immediate or irreparable harm will occur if he had served and/or provided them notice about this application. See Park v. Parker, No. 25-CV-00789, 2025 WL 1002011, at *1 (S.D.N.Y. Apr. 3, 2025) (denying a TRO request for failure to comply with Rule 65(b)(1). Second, and relatedly, it is apparent from Mr. Walters' papers, that he has been aware of the foreclosure for a long time and has elected to wait until now to file this TRO application. See Gen'l Mills, Inc. v. Champion Petfoods USA, Inc., No. 20-CV-181, 2020 WL 915824, at *11 (S.D.N.Y. Feb. 26, 2020) (explaining that delays in seeking injunctive relief may undercut claims of irreparable harm).
>
> Again, this denial is without prejudice. Mr. Walters can revive this application by serving counsel for Empire and the other Defendants by 12 noon on 5/28/25. Email service is acceptable. Any opposition submission is due by 12 noon on 5/29/25. No extensions will be granted.
>
> So Ordered.
> 5/27/25

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS DIVISION

_____

DERRICK WALTERS,

Plaintiffs

v.

Empire Community Development LLC & Fay Servicing, et al

Defendant.

Case No.: 25CV4192

Judge: ARUN SUBRAMANIAN

_____

**VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,**

PRELIMINARY INJUNCTION,

AND COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF

**TITLE:**

Unmasking the Foreclosure Cartel: Disability Violations, Fraudulent Assignments, and a Pattern of Racketeering

**INTRODUCTION**

COMES NOW on May 21st, 2025 Plaintiff Derrick Walters, by and through undersigned pro se counsel, and respectfully moves this Court for an Emergency Temporary Restraining Order ("TRO") to halt the scheduled foreclosure and auction of Plaintiff's property located at 3 Palomino Terrace, Newburgh, NY

12550, based on grave constitutional violations, statutory violations, fraudulent filings, and a complete failure of the Plaintiff to establish an authentic prima facie foreclosure claim.

Derrick Walters, respectfully moves this Court for the immediate issuance of a Temporary Restraining Order (TRO) and Preliminary Injunction, pursuant to Fed. R. Civ. P. 65, to prevent an imminent and unlawful foreclosure sale of his primary residence located at 3 Palomino Terrace, Newburgh, NY 12550, scheduled for May 29th 2025. The Defendant brings this motion on the grounds of fraud, due process violations, and discriminatory conduct in violation of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA), among other statutory protections.

This matter is not simply a dispute over default — it is a direct consequence of a longstanding pattern of fraudulent assignments, broken chains of title, fabricated evidence, and abuse of legal process, which has inflicted harm upon the Defendant, a known disabled individual.

## II. BACKGROUND & CHRONOLOGY

- In 2006, Plaintiff Derrick Walters entered into a mortgage contract with PlainsCapital Bank.
- No valid or lawful assignment has been shown transferring ownership to Empire Community Development LLC.
- Empire Community Development LLC relies on an assignment from MERS, a non-holder entity, executed by a known robo-signer and containing irregularities including the forged notation "WALTERS FDH" and blacked-out notarial acknowledgment.
- In 2012, Empire Community Development sought default judgment prior to any lawful assignment recorded in 2016 — invalidating their standing.
- Plaintiff, Derrick Walters disclosed his disability status in a federal bankruptcy case, and provided financing statements showing lack of capacity and protected status to all parties involved.
- Despite these disclosures, Defendants Council proceeded, in willful violation of the ADA (42 U.S.C. § 12101 et seq.) and the Fair Housing Act (42 U.S.C. § 3601 et seq.).

THE FORECLOSURE ACTION IS TIME-BARRED UNDER NEW YORK CPLR § 213(4)

A. The Six-Year Statute of Limitations Has Expired

Under New York Civil Practice Law and Rules (CPLR) § 213(4), the statute of limitations for a mortgage foreclosure action is six (6) years from the date the debt is accelerated—that is, the date the "lender" declares the full amount of the loan immediately due and payable.

In the instant case, the opposing parties—Empire Community Development LLC and Fay Servicing LLC, a known habitual offender recently sanctioned for misconduct by the CFPB—assert that a default occurred in or around 2012. Upon information and belief, the loan was accelerated at that time, thereby triggering the six-year statute of limitations applicable under New York law.

Fay Servicing LLC has been repeatedly sanctioned by the Consumer Financial Protection Bureau (CFPB) for engaging in unlawful foreclosure practices, including: Violating a 2017 CFPB enforcement order by continuing to initiate foreclosures against borrowers who were actively seeking mortgage assistance.

Failing to offer available mortgage relief options to struggling homeowners, depriving them of legally mandated protections. Overcharging borrowers for private mortgage insurance beyond the required period, resulting in financial harm. Ignoring federal housing protection laws by proceeding with foreclosures despite regulatory restrictions.

These violations demonstrate a pattern of misconduct and systemic abuse, reinforcing the need for strict judicial scrutiny of their foreclosure claims.

B. No Timely Foreclosure Action Was Initiated

Despite accelerating the loan in or around 2012, Plaintiffs did not initiate a valid foreclosure action within the six-year statutory window. No action was properly commenced until years later, and even then, Plaintiffs lacked standing due to a broken chain of title and a fraudulent assignment.

The alleged assignment from MERS to CAM Ventures NY LLC was not executed until December 3, 2019—more than seven years after acceleration—and is itself invalid due to irregularities including:

- A notary date preceding the execution date;
- Black-lined notary section, impairing verification;
- Use of a fabricated or robo-signature marked "WALTERS FDH."

As such, any foreclosure action brought now is time-barred and must be dismissed with prejudice.

C. No Tolling Events Apply

There are no applicable tolling events to revive the claim:

- The bankruptcy referenced by Plaintiffs was dismissed and has no tolling effect;
- No valid or enforceable loan modification was executed to restart the statute;
- The Original Creditor and Creator of the note, Derrick Walters, has filed UCC-1 Financing Statements, rescinded his original contract signature, and lawfully transferred his interest in the property into a private trust—The Dynamic Walters Trust—thereby extinguishing personal liability and invoking protections under trust law;
- No reinstatement or reaffirmation of the debt occurred.

D. The Foreclosure Action Must Be Dismissed with Prejudice

Because Empire Community Development LLC failed to commence a valid foreclosure action within the six-year statute of limitations and no tolling applies, this action is time-barred under CPLR § 213(4). The Court should:

- Dismiss the foreclosure claim with prejudice;
- Declare the mortgage unenforceable;
- Quiet title in favor of The Dynamic Walters Trust;
- Enjoin any further attempts by Empire Community Development, Fay Servicing LLC or their agents to assert a claim against the property located at 3 Palomino Terrace, Newburgh, NY 12550.

All signs point to Empire Community Development LLC being a front for PPR (Partners for Payment Relief ), which shares the same address. This pattern indicates corporate concealment and fraud, used to obscure the real party in interest and unlawfully seize property under color of law.

E. Empire Community Development LLC and its council's Failure to Respond Warrants a Default Judgment in Favor of Derrick Walters.

Under federal and state law, when a party fails to produce documents requested in discovery or court order, and fails to respond to repeated lawful demands, the allegations against them are deemed admitted. In this case:

- Defendants have never proven they own the debt;
- They failed to show an unbroken chain of title or any valid transfer;
- They have refused to validate the entity known as Empire Community Development LLC;
- Their silence confirms the truth of Defendant's allegations.

Accordingly, this Court should Order default judgment in favor of Derrick Walters, and issue a permanent injunction against Plaintiffs from pursuing any further claim or enforcement action against the property at 3 Palomino Terrace, Newburgh, NY 12550.

### III. VIOLATION OF ADA & FHA

The Plaintiff, Derrick Walters is a documented disabled individual, protected under both federal and state law. Despite knowing this, Empire Community Development LLC has continued prosecuting foreclosure without accommodating his disability, after being made aware in bankruptcy proceedings and through certified financial filings. Their continued actions constitute a discriminatory denial of reasonable accommodation, and violate:

- 42 U.S.C. § 12132 (ADA) – Prohibits exclusion from services of public entities on the basis of disability.
- 42 U.S.C. § 3604(f)(2) (FHA) – Makes it unlawful to discriminate in the provision or enjoyment of housing due to a handicap.

This is a civil rights violation, entitling Derrick Walters to immediate injunctive relief and damages.

### IV. FRAUD FROM INCEPTION: THE FORECLOSURE CARTEL

This case stems from the same fraudulent lending and securitization practices that triggered the 2008 market crash. The mortgage was split, securitized, and reassigned without legal authority, relying on fabricated instruments, including:

- Robo-signed assignments by "Ronald Friedman" as Assistant Secretary of MERS.
- Improper notarization by "Robin E. Mayer" — notarized a year prior to execution.
- Forged signatures such as "WALTERS FDH" — not belonging to Defendant or his agents.

This is not a clerical error — this is a coordinated act of foreclosure fraud, involving document tampering and obstruction of due process.

GROUNDS FOR EMERGENCY RELIEF

Plaintiff seeks emergency injunctive relief on the following bases:

1. Violation of the Americans with Disabilities Act (ADA) — Plaintiff is a disabled individual whose condition and status were known to Defendants during all material times, as disclosed in prior bankruptcy proceedings and related filings.
2. Violation of the Fair Housing Act (FHA) — Defendants pursued foreclosure action with discriminatory disregard for Plaintiff, Derrick Walters, disability, denying reasonable accommodations.
3. Fraudulent Assignments and Robo-Signing — The assignment of mortgage purporting to vest standing in Empire Community Development is facially defective, involving inconsistencies, altered notarial acknowledgment, and unlawful robo-signatures.
4. Improper Service of Process — Defendants failed to effectuate service at Plaintiff's legal address, relying instead on a known-vacant property post-fire and an alternative location with no mailbox, depriving Plaintiff of notice and due process.
5. Broken Chain of Title- The opposing party, Empire Community Development LLC, has failed to establish a valid chain of title from the originating lender. Specifically:
- No Clear Chain of Ownership – The opposing party has not provided legally sufficient documentation tracing ownership from the original lender to their entity.
- Failure to Produce the Original Note – The original promissory note with a wet ink signature has not been presented, raising concerns about the legitimacy of the claimed debt.
- Lack of Valid Proof of Transfer – No properly executed assignment has been submitted, nor has the opposing party provided evidence of the amount of transfer, which is required to establish lawful ownership.
- Potential Title Defects & Fraudulent Filings – The absence of a clear, unbroken chain of title suggests possible misrepresentation or document tampering, warranting judicial scrutiny.

Given these deficiencies, the foreclosure claim lacks legal standing and should be dismissed or subjected to further evidentiary review.

III. FAILURE TO ESTABLISH A PRIMA FACIE FORECLOSURE CASE

Defendant Empire Community Development, LLC has failed to meet the legal and procedural threshold to commence foreclosure. Under New York law and federal principles of due process, foreclosure requires the Plaintiff to demonstrate:

- Legal standing at the time of commencement;
- Possession of the original note and mortgage;
- Proper and valid assignment of interest;
- Compliance with RPAPL § 1304 and service requirements.

None of these elements have been met. Specifically:

- The mortgage assignment is defective, containing a questionable "WALTERS FDH" signature and improper notarization;
- Empire Community Development LLC has submitted no proof of actual default by Defendant;
- No chain of custody of the note has been presented;
- The alleged 90-day pre-foreclosure notice is unverified and legally insufficient.
- To date,The Process Service Company created tracking labels that have not been shipped since 2019 per the United States Postal Service Website.

**IV. LACK OF STANDING — FEDERAL STANDARDS**

In Frank v. Gaos, 139 S. Ct. 1041 (2019), the Supreme Court reaffirmed that a Plaintiff must establish actual, concrete injury and standing. Similarly, Davis v. FEC, 554 U.S. 724 (2008), emphasized that a party must demonstrate a direct stake in the outcome to satisfy Article III jurisdiction.

Empire Community Development, LLC has not proven it holds the original note, suffered any legal injury, or lawfully acquired the mortgage or has standing to bring forth a lawsuit in the state of New York. Their business registration is not available on the New York Secretary of State website, Duns and Bradstreet. And as confirmed by agents of SN Servicing and Fay Servicing, Empire Community Development LLC is the Portfolio Name for the Investors, Partners for Payment Relief (PPR) the real holders of the note in due course.

Therefore, this foreclosure action lacks subject matter jurisdiction under federal standing doctrine and must be stayed or dismissed.

This action arises from a criminal foreclosure enterprise operating under the guise of legitimate judicial process. Plaintiff Derrick Walters, a disabled homeowner, seeks emergency relief to stop an unlawful foreclosure on the real property located at 3 Palomino Terrace, Newburgh, NY 12550, scheduled for sale in May 2025, despite:

- Improper or failed service of process;
- Fraudulent and forged assignments of mortgage;
- Violations of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA);
- Due process violations in state court proceedings;
- And evidence of racketeering, forgery, and unclean hands by parties using the courts as instruments of fraud.

The foreclosure scheme was executed in bad faith from inception, with lack of full disclosure and later involving robo-signing, fraudulent notaries, and a complete breakdown in the chain of title, resulting in a foreclosure action without standing, without due process, and without lawful authority.

Plaintiff, Derrick Walters,now turns to this Court for immediate federal intervention to stop the sale, declare the foreclosure void, and seek justice against a coordinated network of financial predators exploiting disabled and vulnerable homeowners. Furthermore, it is in the public's best interest to learn Empire Community Development LLC Is a Ghost Entity Operating in Bad Faith.

Upon extensive due diligence and investigation, Empire Community Development LLC cannot be found on:

- Google business searches;
- The New York State Division of Corporations;
- Dun & Bradstreet;
- The Delaware Division of Corporations;
- Any known or verifiable corporate registry.

**I. JURISDICTION AND VENUE**

1. This Court has original jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States, including the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), the Fair Housing Act (42 U.S.C. § 3601 et seq.), the Truth in Lending Act, and civil rights protections under 42 U.S.C. §§ 1983, 1985, and 1986, among others.
2. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims, including wrongful foreclosure, quiet title, fraud, unjust enrichment, breach of fiduciary duty, and intentional infliction of emotional distress.
3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of the action is located in Orange County, NY, within this judicial district, and because the events giving rise to the claims occurred therein.

Plaintiff Derrick Walters has standing to bring this action pursuant to Article III of the United States Constitution, as he has suffered—and continues to suffer—actual, concrete, and particularized injuries as a result of the defendants' conduct. These injuries include, but are not limited to:

- The imminent loss of his primary residence through a fraudulent foreclosure process;
- The denial of due process and equal protection under the law;
- Violations of his rights under the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA);
- Emotional distress, reputational harm, and financial injury due to defendants' misrepresentations and unlawful practices.

The Supreme Court in *Frank v. Gaos, 586 U.S. ___ (2019)*, emphasized that federal courts lack jurisdiction unless plaintiffs have standing based on a "concrete injury-in-fact." The Court vacated the decision in that case due to failure to establish such harm. Unlike the speculative injury found insufficient in Frank, Derrick Walters presents undeniable evidence of harm: he is being unlawfully deprived of his home, despite clear disabilities and an active financing statement establishing his equitable interest. These are not hypothetical harms—they are ongoing violations with severe real-world consequences.

Furthermore, this case parallels the constitutional concerns addressed in *Davis v. Federal Election Commission, 554 U.S. 724 (2008),* where the Court ruled in favor of a self-funded political candidate who challenged a government-created imbalance. The Court recognized standing not only for financial loss, but for the systemic inequality and disadvantage that arose from state-imposed burdens.

Similarly, Derrick Walters is subject to a government-enabled system of foreclosure abuse, in which courts are used as instruments of property theft. He faces a structural disadvantage stemming from defendants' fraudulent filings, misrepresentations, and concealment of material facts, all of which have been tolerated and enforced through improper judicial proceedings. As in Davis, the constitutional harm arises from the systemic abuse of authority and unequal treatment under the law.

Derrick Walter's injuries are thus traceable to Empire Community Development LLC and Fay Servicing LLC actions and are redressable by the Court. He respectfully requests that the Court uphold its jurisdiction and immediately enjoin the pending foreclosure to prevent further irreparable harm.

## II. PARTIES

4. Plaintiff Derrick Walters is a natural person residing at 3 Palomino Terrace, Newburgh, NY 12550. He is a person with a qualified disability under the ADA and FHA and is the beneficiary and secured party of The Dynamic Walters Trust, which holds equitable interest in the property in question.
5. Defendant Empire Community Development LLC is a corporate entity claiming interest in the mortgage loan and foreclosure action, with its business operations extending into New York State. Its authority and standing are challenged herein.
6. Defendant Fay Servicing, LLC is a mortgage servicer engaged in the foreclosure process against Plaintiff and is directly responsible for violations outlined in this Complaint.
7. Defendant CAM Ventures NY LLC claims interest via a questionable and possibly void assignment of mortgage executed under fraudulent pretenses.
8. Defendant MERSCORP Holdings, Inc. ("MERS") is a private registry that was used to facilitate a fraudulent chain of title in this case, operating without proper legal authority or standing.
9. John Does 1–10 are unknown parties who participated in the fabrication of documents, unlawful assignments, notarial misconduct, and foreclosure-related fraud.

## III. STATEMENT OF FACTS

10. On or about May 31, 2006, Plaintiff executed a mortgage transaction for the property located at 3 Palomino Terrace, Newburgh, NY. Since that time, Plaintiff has been subjected to a series of suspicious transfers, assignments, and servicing changes.
11. In December 2019, an assignment of mortgage was allegedly executed by MERS as nominee for PlainsCapital Bank to CAM Ventures NY LLC, with glaring irregularities including:
- A notary acknowledgment dated a year earlier than the signature date;
- A notary block marred by black redactions and obfuscations;
- A signature marked "WALTERS FDH," with no legal meaning or authorization;
- No clear evidence of authority from MERS or PlainsCapital Bank.
12. The Plaintiff has never received proper service of process in the underlying foreclosure action. The only mailing record submitted by Plaintiff's adversary was a Certificate of Mailing for $1.45, lacking a signature, receipt, or affidavit of delivery.
13. Plaintiff was declared disabled in prior federal proceedings and bankruptcy filings. The Defendants were fully aware of Plaintiff's disability status, yet took no steps to provide required ADA/FHA accommodations.

14. Defendants refused to negotiate or adjust procedures to accommodate Plaintiff's disability, even as they engaged in actions to dispossess him of his home, violating both federal law and basic principles of equity.
15. Plaintiff tendered payment through lawful commercial performance by remitting an endorsed coupon, which was ignored. His attempt to settle and discharge the debt through trust and UCC mechanisms was met with no rebuttal or lawful response.

## IV. CAUSES OF ACTION

### Count I – Violation of the Americans with Disabilities Act (ADA)

(42 U.S.C. § 12101 et seq.)

16. Plaintiff is a qualified individual with a disability as defined under the ADA. He receives disability benefits and has physical and mental impairments that substantially limit one or more major life activities.
17. Defendants, with full knowledge of Plaintiff's disability status — as disclosed in bankruptcy court records and in Plaintiff's Financing Statement — failed to offer any reasonable accommodation or engage in any interactive process as required by law.
18. Defendants proceeded with foreclosure-related actions, legal filings, and threats of dispossession without ensuring Plaintiff's access to proper communication, service, or equal housing opportunity, in direct violation of Title II and Title III of the ADA.
19. This conduct constitutes willful discrimination against a disabled homeowner and directly contributed to Plaintiff's injury, stress, and housing insecurity.

### Count II – Violation of the Fair Housing Act (FHA)

(42 U.S.C. § 3601 et seq.)

20. The FHA prohibits discrimination in housing-related activities on the basis of disability. Defendants knowingly engaged in unlawful conduct that denied Plaintiff the opportunity to maintain his residence.
21. By refusing to adjust their foreclosure practices or communicate through accessible means, Defendants intentionally or recklessly denied Plaintiff a fair and equal opportunity to retain his home.
22. This denial of accommodations and service amounts to housing discrimination under the FHA, entitling Plaintiff to damages, injunctive relief, and equitable remedy.

### Count III – Fraudulent Misrepresentation & Forgery

23. Defendants knowingly submitted fraudulent documents in connection with the assignment of mortgage and foreclosure proceedings, including:
- A defective assignment with mismatched dates;
- Obscured notary acknowledgment;
- Signatures lacking legal authority or authentication;

- A false party "WALTERS FDH" allegedly signing on behalf of Plaintiff.
24. These representations were material and intended to induce court action. Plaintiff relied on the legitimacy of filings which, upon discovery, proved to be fabricated and criminal in nature.
25. Such acts constitute fraud and civil forgery and warrant full nullification of any foreclosure or transfer based on these documents.

**Count IV – Wrongful Foreclosure**

26. Defendants pursued foreclosure without legal standing, proper chain of title, or valid service. The property was unlawfully scheduled for sale despite:
- Lack of original mortgage note;
- Failure to provide proof of ownership;
- Ignoring Plaintiff's commercial tender and trust protections;
- Failure to follow procedural requirements for notice and service.
27. The foreclosure is fundamentally defective and void ab initio, and Plaintiff seeks to have the proceeding permanently enjoined and the title cleared.

**Count V – Civil RICO Violation**

(18 U.S.C. § 1962)

28. Defendants, Empire Community Development LLC individually and through their agents, engaged in an ongoing fraudulent foreclosure scheme as part of a broader portfolio enterprise, exhibiting a consistent pattern of racketeering activity, including but not limited to:
29. Knowingly submitting false and misleading documentation to the courts in furtherance of an unlawful foreclosure process. Engaging in deceptive practices to misrepresent standing and ownership interests, creating legal barriers to due process. Coordinating wrongful property seizures under fraudulent pretenses, depriving rightful homeowners of their assets. Manipulating financial records and legal filings to conceal the lack of lawful authority and legitimate ownership. Violating federal and state statutes governing foreclosure procedures and financial disclosures, constituting a persistent and intentional abuse of legal systems.
- Forgery of assignments,
- Mail fraud,
- Wire fraud,
- Notarial misconduct,
- Exploitation of disabled individuals through the courts.
29. The foreclosure system has been weaponized to extract property under false pretenses, with coordination between servicers, law firms, and robo-signers — a classic RICO pattern.
30. Plaintiff seeks full treble damages, attorney's fees, and equitable relief under 18 U.S.C. § 1964(c).

**Count VI – Quiet Title**

31. Derrick Walters holds equitable and legal interest in the subject property through trust ownership, rescission of prior signatures, and UCC filings securing all rights and interests.
32. No Defendant holds valid claim, lien, or authority to assert title against Plaintiff.
33. Plaintiff, Derrick Walters respectfully demands that the Court quiet title in his favor and record The Dynamic Walters Trust as the sole interest holder.

**Count VII – Violation of Due Process Rights**

(42 U.S.C. § 1983)

34. Defendants acted under the color of state law by engaging the judicial process to dispossess Plaintiff without proper notice, service, or hearing.
35. This constitutes a direct violation of Plaintiff's Fifth and Fourteenth Amendment rights, denying him access to a fair trial, meaningful defense, and full opportunity to be heard.
36. Defendants further abused court mechanisms by submitting fraudulent evidence and misusing foreclosure laws in a manner that deprived Plaintiff of constitutionally protected property rights.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Derrick Walters, on behalf of himself and The Dynamic Walters Trust, WHEREFORE, Defendant respectfully requests this Honorable Court to:

a. Grant an Emergency Temporary Restraining Order (TRO) enjoining Plaintiffs from conducting or proceeding with any foreclosure sale of 3 Palomino Terrace, Newburgh, NY 12550;

b. Schedule an expedited hearing on the matter of a Preliminary Injunction;

c. Order Plaintiffs to cease and desist from any further attempt to take possession of the property pending resolution of this case; They have not proven standing and have submitted false documentation to the courts.

d. Grant such other and further relief as this Court deems just, proper, and equitable

**I. GROUNDS FOR RELIEF**

1. Plaintiff, Derrick Walters, is a disabled individual and qualifies for protection under the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA). Plaintiffs were made aware of Defendant's disability during prior bankruptcy proceedings and through formal filings, including Defendant's UCC Financing Statement.

2. Defendant, Empire Community Development LLC continued to attempt to foreclose on Plaintiff, Derrick Walter primary residence, despite knowledge of his disability and without offering reasonable accommodations, constitutes disability-based discrimination and a violation of federal anti-discrimination laws.
3. Defendant, Empire Community Development LLC failed to properly serve in the original state foreclosure action, violating Plaintiff, Derrick Walters, constitutional right to due process under the Fourteenth Amendment.
4. The chain of title is broken, and Empire Community Development lacks standing to foreclose due to fraudulent and improperly executed assignments of the mortgage.
5. Derrick Walters, has lawfully rescinded the mortgage contract and has conveyed equitable title in the subject property to The Dynamic Walters Trust, through recorded UCC filings and private trust conveyance.
6. Derrick Walters disability status was also disclosed to the bankruptcy trustee, and Empire Community Development and Fay Servicing attorney's acknowledged receipt of this information. Their continued actions to seize the property are not only unlawful but intentionally discriminatory.
7. Improper Service of Process — failed to effectuate service at Plaintiff's legal address, relying instead on a known-vacant property post-fire and an alternative location with no mailbox, depriving Plaintiff of notice and Proper due process. No signatures of receiving parties, no GPS tracking information to confirm delivery.
8. Broken Chain of Title — No valid chain of title from the originating lender to Empire Community Development LLC has been established. Empire Community Development LLC has not produced the original note or valid proof of transfer.
9. Fraudulent Assignments and Robo-Signing — The assignment of mortgage purporting to vest standing in Empire Community Development is facially defective, involving inconsistencies, altered notarial acknowledgment, and unlawful robo-signatures.
10. Statute of Limitation has expired.Under New York Civil Practice Law and Rules (CPLR) § 213(4), the statute of limitations for a mortgage foreclosure action is six (6) years from the date the debt is accelerated—that is, the date the lender declares the full amount of the loan immediately due and payable.
11. Empire Community Development LLC, has failed to establish a prima facie claim for foreclosure.
12. Lack of Factual, Untampered Evidence – The opposing party has not produced verifiable, unaltered documentation to substantiate their claims.
13. Fabrication and Tampering – Submitted records contain material irregularities, inconsistencies, and misrepresentations, raising concerns about their authenticity.
14. Failure to Meet Burden of Proof – A prima facie case requires clear, credible, and legally sufficient evidence, which the opposing party has failed to present.
15. Due Process Violations – Pursuing foreclosure based on defective filings constitutes an abuse of process and violates Plaintiff's right to fair legal proceedings.
16. Standing Deficiencies – The opposing party has not properly established legal standing, calling into question their authority to initiate any foreclosure-related actions.
17. Lack of Credit Reporting Evidence – The alleged debt was never reported on Plaintiff's credit report, which is an industry-standard practice for valid debt assignments. This omission suggests either improper transfer or a lack of legal standing to enforce foreclosure.

18. Absence of Notice of Default – The opposing party never issued nor docketed a legally required Notice of Default, violating fundamental foreclosure procedures and due process.
19. Absence of Certificate of Conformity – No Certificate of Conformity was produced in connection with the Lost Note Affidavit, violating New York's strict evidentiary requirements for out-of-state affidavits. This omission renders the affidavit legally defective.
20. Unauthorized Affiants Lacking Legal Authority – The affidavits that were executed by individuals who claimed to represent the companies as Asset Managers, of SN SERVICING, *Donna Davis,* and " Assistant Secretary Fay Servicing LLC but lacks a valid power of attorney or corporate authorization to act on its behalf. Without proper delegation of authority, the affidavit holds no legal weight.
21. No legitimate proof has ever been submitted that the homeowner, Derrick Walters or any member of his family were ever notified via mail, in person , or electronic mail about a default and opportunity to cure.
22. All Servicing documents, confirm Plaintiff, Derrick Walters was never served.

**II. INCORPORATION OF PRIOR FILINGS**

Derrick Walters incorporates by reference all prior complaints, affidavits, UCC filings, motions, bankruptcy records, notices, and exhibits submitted in this matter and related proceedings. These documents provide a factual and legal basis supporting this Emergency Motion and the relief sought.

**III. LEGAL STANDARD**

A Temporary Restraining Order and Preliminary Injunction may be granted where the movant demonstrates:

1. A likelihood of success on the merits;
2. A risk of irreparable harm without the injunction;
3. That the balance of equities tips in the movant's favor; and
4. That the injunction is in the public interest.

Defendant meets all these requirements.

Respectfully submitted,

*Derrick Walters* by Special Appearance only

Authorized Representative for

Derrick Walters

Plaintiff, Pro Se

All Rights Reserved.Without Prejudice. Without Waiver of any Rights, Remedies, or Defense UCC 1 1-308

3 Palomino Terrace

Newburgh, NY 12550

derrickw56@yahoo.com

845-541-1655

**CERTIFICATE OF SERVICE**

I, Derrick Walters, hereby certify that on this 21st day of May , 2025, a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Verified Complaint was served by First Class Mail and/or electronic filing (ECF) upon the following parties:

Counsel for Empire Community Development LLC and Fay Servicing, LLC

**MARGOLIN, WEINREB & NIERER, LLP**

**575 Underhill Blvd Ste 224, Syosset, NY 11791-3416**

**Phone:**

**(516) 921-3838**

[cynthia@nyfclaw.com](mailto:cynthia@nyfclaw.com)

[seth@nyfclaw.com](mailto:seth@nyfclaw.com)

Additionally, a copy has been served on:

Clerk of the Court

U.S. District Court – Southern District of New York

300 Quarropas Street

White Plains, NY 10601

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of May, 2025.

*Derrick Walters,*

Derrick Walters

Plaintiff, Pro Se 3 Palomino Terrace Newburgh, NY 12550 derrickw56@yahoo.com 845-541-1655