

MEMO ENDORSED

# MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.   ALAN WEINREB, ESQ.   CYNTHIA A. NIERER, ESQ.

May 28, 2025

**VIA CM/ECF**
Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street, Court Room 521
White Plains, NY 10601-4150

      **Re:**   *Empire Community Development, LLC v. Derrick Walters, et al.*
              SDNY Case No.: 7:25-cv-04192-KMK
              **Plaintiff's Opposition To Order To Show Cause**

Judge Karas:

We represent Plaintiff Empire Community Development, LLC ("Plaintiff") and its loan servicer Fay Loan Servicing, LLC in the above referenced matter. Please consider this Letter Brief Plaintiff's formal opposition to Defendant Derrick Walters' ("Walters" or "Defendant") Order to Show Cause ("OTSC") seeking to stay the foreclosure auction of the property known as 3 Palomino Terrace, Newburgh, New York 12550 that is scheduled to occur on May 30, 2025 at 2:30PM EST ("Sale").

This Court should deny the OTSC in its entirety and permit the Sale to be conducted as scheduled. The OTSC is an improper collateral attack against the Judgment of Foreclosure and Sale that was previously issued in this action by the State Court. This collateral attack is barred by the *Rooker-Feldman* Doctrine. The Judgment of Foreclosure and Sale is final as to all issues of law that were, or could have been raised in the Foreclosure Action, and Defendant's removal of this matter to Federal Court post Judgment of Foreclosure and Sale is improper and *not* timely. This matter should also be remanded back to the State Court.

    **I.**    **Factual and Procedural History**

On May 31, 2006, Defendant executed and delivered a Note to Plainscapital Bank ("Lender") for $49,600.00 (the "Note"). *See* NYSCEF Dkt. No.: [3](#), p. 7/37. In order to secure repayment of such indebtedness, Defendant executed and delivered to Mortgage Electronic Registration Systems, Inc., as Nominee for Lender, a mortgage dated May 31, 2006 which was recorded in the Office of the County Clerk of Orange County on June 2, 2006 under File No.: 20060060112. *See id.,* p. 13/37. The Mortgage was secured by the property known as 3 Palomino Terrance, Newburgh, New York 12550 (the "Property"). *See id.* Defendant breached his obligations under the underlying loan by failing to tender the monthly installment under the loan which became due and payable on October 1, 2013 and by failing to tender every subsequent installment (the "Default"). *See*

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

575 Underhill Boulevard, Suite 224    Syosset, New York 11791    T. (516) 921-3838    F. (516) 921-3824    www.nyfclaw.com



## MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.    ALAN WEINREB, ESQ.    CYNTHIA A. NIERER, ESQ.

NYSCEF Dkt. No.: 1, ¶ 6.

On November 6, 2019, Plaintiff commenced the instant action in The Supreme Court of The State of New York – Orange County ("State Court")[1] seeking to foreclosure the Mortgage encumbering the Property. *See* NYSCEF Dkt. No.: 1. On February 27, 2020, Defendant was personally served with process pursuant to CPLR § 308(1) at 24 Deer Run Road, Newburgh, New York 12550 ("Deer Run"). *See* NYSCEF Dkt. No.: 13. A copy of the Affidavit of Attempted Personal Service is filed as NYSCEF Dkt. No.: 83. Defendant then failed to answer or appear in this action, and Plaintiff filed its motion, on notice to the Defendant, seeking default judgment and an order of reference. *See* NYSCEF Dkt. No.: 16 – 33. Defendant failed to oppose this motion and the State Court entered the Order of Reference on September 30, 2021. *See* NYSCEF Dkt. No.: 35. On June 10, 2022 Plaintiff, again on notice to the Defendant, filed its motion seeking confirmation of the Referee's Report and a Judgment of Foreclosure and Sale. *See* NYSCEF Dkt. Nos.: 37 – 58. The State Court entered the Judgment of Foreclosure on August 1, 2022. *See* NYSCEF Dkt. No.: 60. The time to appeal as long since expired.

A sale of the Property pursuant to the terms of the Judgment of Foreclosure was noticed and scheduled to take place on December 15, 2022, however this sale was cancelled when Defendant strategically filed for Chapter 13 Bankruptcy protection on October 26, 2022. *See* NYSCEF Dkt. No.: 66. A copy of the docket from the Bankruptcy entitled *In Re Derrick Walters Bey*, SDNY Bankruptcy Case No.: 22-35674-KYP is filed as NYSCEF Dkt. No.: 86. Copies of the schedules filed in the Bankruptcy Matter are filed as NYSCEF Dkt. No.: 87. As a result of the Bankruptcy filing, the State Court issued a stay of the instant Foreclosure Action. *See* NYSCEF Dkt. No.: 69. Ultimately by its order dated November 15, 2024, the Bankruptcy Court dismissed the Bankruptcy. A copy of this Dismissal Order is filed as NYSCEF Dkt. No.: 88.

This State Court was subsequently alerted that the Bankruptcy was dismissed and Plaintiff noticed a new sale of the Property to occur on March 14, 2025. *See* NYSCEF Dkt. Nos.: 76 and 77. On March 5, 2025, Defendant filed an Order to Show Cause seeking an emergency order to stay Plaintiff's Sale and dismiss Plaintiff's Complaint (the "March 5 OTSC"). *See* NYSCEF Dkt. Nos.: 78 – 80.[2] On March 11, 2025, the State Court executed the March 5 OTSC staying the scheduled foreclosure sale for 30 days to permit Plaintiff to respond this application and for the State Court to review and rule on this application. *See* NYSCEF Dkt. No.: 81. Plaintiff interposed opposition on March 20, 2025. *See* NYSCEF Dkt. Nos.: 82 – 89. On March 26, 2025, Defendant filed a motion seeking to compel discovery and to remove this post judgment matter to Federal Court. *See* NYSCEF Dkt. Nos.: 90.[3] Plaintiff was short served with this motion and was never re-noticed

---

[1] The Supreme Court Matter is identified by Orange County Index No.: EF008814-2019
[2] Motion Seq. No.: 3.
[3] Motion Seq. No.: 4.

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

575 Underhill Boulevard, Suite 224    Syosset, New York 11791    T. (516) 921-3838    F. (516) 921-3824    www.nyfclaw.com



C. LANCE MARGOLIN, ESQ.     ALAN WEINREB, ESQ.     CYNTHIA A. NIERER, ESQ.

with any rescheduled date for the motion to be heard. On April 16, 2025, Defendant filed a motion seeking to dismiss the instant foreclosure action based on purported newly discovered evidence. *See* NYSCEF Dkt. Nos.: 93 – 94.[4] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard. On April 18, 2025, Defendant filed a motion seeking a temporary restraining order based upon a purported wrongful foreclosure. *See* NYSCEF Dkt. No.: 95.[5] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard. On April 21, 2025, Defendant filed a motion seeking to strike the purportedly fraudulent assignment of mortgage and challenge Plaintiff's standing. *See* NYSCEF Dkt. No.: 98.[6] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard. On April 21, 2025, Defendant also filed yet another Order To Show Cause seeking a stay and alleging purported fraudulent practices by Plaintiff. *See* NYSCEF Dkt. Nos.: 102.[7] This Court declined to sign this Order To Show Cause. *See* NYSCEF Dkt. No.: 103. Again on April 21, 2025, Defendant filed yet another motion, this time seeking sanctions against Plaintiff pursuant to Fed. R. Civ. Pro. 11. *See* NYSCEF Dkt. No.: 104.[8] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard. Also on April 21, 2025, Defendant filed a motion requesting that the Judge in the State Court be appointed as his fiduciary. *See* NYSCEF Dkt. No.: 105.[9] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard. On April 22, 2025, Defendant filed yet another motion seeking to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). *See* NYSCEF Dkt. No.: 106.[10] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard.

On April 23, 2025, the State Court issued an order stating that Motion Seq. No.: 3 would be heard on May 19, 2025. *See* NYSCEF Dkt. No.: 108. On April 26, 2025, Defendant filed yet another repetitive motion seeking to vacate the entered Judgment of Foreclosure and Sale. *See* NYSCEF Dkt. Nos.: 159.[11] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard. On April 28, 2025, in response to Writ of Habeas Corpus that Defendant repeatedly filed with this Court, this Court declined to sign the Writ of Habeas Corpus and cautioned the Defendant "to stop filing the same requests continually or they may be subject to sanctions." NYSCEF Dkt. No.: 174. Despite this warning from the State Court,

---

[4] Motion Seq. No.: 6.
[5] Motion Seq. No.: 5.
[6] Motion Seq. No.: 8.
[7] Motion Seq. No.: 7.
[8] Motion Seq. No.: 9.
[9] Motion Seq. No.: 11.
[10] Motion Seq. No.: 10.
[11] Motion Seq. No.: 12.

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

575 Underhill Boulevard, Suite 224     Syosset, New York 11791     T. (516) 921-3838     F. (516) 921-3824     www.nyfclaw.com



MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.    ALAN WEINREB, ESQ.    CYNTHIA A. NIERER, ESQ.

Defendant filed yet another motion to dismiss on April 28, 2025. *See* NYSCEF Dkt. No.: 175.[12] Plaintiff was short served with this motion and was never re-noticed with any rescheduled date for the motion to be heard.

On April 30, 2025, the undersigned filed opposition to Defendant's Motion Sequences 4 – 13 and a Cross-Motion[13] seeking a filing injunction against Defendant. *See* NYSCEF Dkt. Nos.: 177 – 179. Defendant subsequently filed two cross-motions in opposition to Plaintiff's Cross-Motion.[14] *See* NYSCEF Dkt. Nos.: 180 and 236. On May 19, 2025, the parties appeared before the State Court to address all of the aforementioned motions. From the bench, the State Court Judge denied all pending applications. The State Court noted that the Defendant never filed an Answer (timely or otherwise) in this case, and has failed to provide a reasonable excuse as to why. The State Court denied all of the Defendant's applications and ordered that the Sale may go forward. The State Court directed that Plaintiff could submit a proposed order to further memorialize its decisions from the bench. On May 20, 2025, the undersigned uploaded a Proposed Order to the State Court for execution. *See* NYSCEF Dkt. No.: 249. The State Court advised that it would not execute the order because its position is that it lacks jurisdiction to do so based upon the removal of this matter to this Court. Plaintiff disagrees.

## II.    Standard of Law For A Stay

Preliminary or emergency injunctive relief is warranted only where the movant demonstrates irreparable harm and shows either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in the movant's favor. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Courts also consider whether the public interest favors an injunction. *Id.* A likelihood of success requires a greater than fifty percent probability of success, whereas the "serious questions" standard applies where the court "cannot determine with certainty that the moving party is more likely than not to prevail … , but where the costs outweigh the benefits of not granting the injunction." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 34 – 35 (2d Cir. 2010).

## III.   The *Rooker-Feldman* Doctrine Bars Relitigation of this Matter In This Court

It is clear that the likelihood of success under Defendant's instant OTSC is extremely low, if not zero. As such, the stay requested in the OTSC and the underlying relief in the OTSC should be denied because the *Rooker-Feldman* Doctrine bars relitigation of all of the issues that Defendant is now once again attempting to raise in this action post Judgment of Foreclosure and Sale

---

[12] Motion Seq. No.: 13
[13] Motion Seq. No.: 14.
[14] Motion Seq. Nos.: 15 and 16.

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

575 Underhill Boulevard, Suite 224    Syosset, New York 11791    T. (516) 921-3838    F. (516) 921-3824    www.nyfclaw.com



# MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.     ALAN WEINREB, ESQ.     CYNTHIA A. NIERER, ESQ.

Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of final state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84 (2005). The doctrine is rooted in the principle that "appellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court." *Id.* at 283. There are "four requirements for the application of *Rooker–Feldman*": (1) the party bringing the action to federal-court lost in state court; (2) the party bringing the action to federal-court "complain[s] of injuries caused by a state court judgment"; (3) the party bringing the action to federal-court "invite[s] ... review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.,* 422 F.3d 77, 85 (2d Cir. 2005); *see Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423, 426 (2d Cir. 2014).

A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties and concludes all matters of defense that were or might have been raised in the foreclosure action, including personal jurisdiction. *See Eaddy v. U.S. Bank N.A.,* 180 A.D.3d 756, 758, 119 N.Y.S.3d 212 (2d Dept. 2020); *83–17 Broadway Corp. v. Debcon Fin. Servs., Inc.,* 39 A.D.3d 583, 584–585, 835 N.Y.S.2d 602 (2d Dept. 2007); *Montoute v. Wells Fargo Bank, N.A.,* 208 A.D.3d 474, 173 N.Y.S.3d 283 (2d Dept. 2022); *17455 128 Ave., Inc. v. HSBC Bank USA, Nat'l Ass'n,* 228 A.D.3d 602, 212 N.Y.S.3d 438 (2d Dept. 2024).

Here, element one of the *Rooker-Feldman* analysis is satisfied because a Judgment of Foreclosure and Sale was issued by the State Court in this matter against Walters prior to remand and the State Court then denied Walter's efforts to vacate said Judgment and assert all of the aforementioned allegations. The second and third elements of the *Rooker-Feldman* analysis are satisfied because it is clear from the documents filed in support of this OTSC that Walters is complaining of injuries caused by the aforementioned Judgment of Foreclosure and Sale entered by the State Court and Walters is undoubtably attempting to invite review and rejection of this Judgment through his frivolous efforts to remove this post judgment foreclosure matter to this Court. Finally, the fourth element of the *Rooker-Feldman* analysis is satisfied because the Judgment of Foreclosure and Sale issued by the State Court and the denial of all of the previously described motions were issued well before the Instant Action was commenced, the time to appeal said Judgment in the proper State Appellate Court has expired, and Walter's effort (as explained in detail above) have all be denied by the State Court.

As such, it is clear that the *Rooker-Feldman* doctrine bars this Court from entertaining Walter's instant improperly removed matter and OTSC which seeks to relitigate the underlying Judgment of Foreclosure and Sale issued by the State Court which is final as to all questions at issue between the parties and concludes all matters of defense that were or might have been raised in the foreclosure action, including personal jurisdiction. Thus, the OTSC should be denied and the

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

575 Underhill Boulevard, Suite 224     Syosset, New York 11791     T. (516) 921-3838     F. (516) 921-3824     www.nyfclaw.com



**MARGOLIN, WEINREB & NIERER, LLP**

C. LANCE MARGOLIN, ESQ.    ALAN WEINREB, ESQ.    CYNTHIA A. NIERER, ESQ.

matter should be remanded back to State Court.

### IV.    Removal Was Improper

In addition to the likelihood of success of Defendant's instant OTSC being extremely low based on the *Rooker-Feldman* Doctrine, the OTSC is also improper because the removal of this matter to Federal Court was untimely and improper. As such, the OTSC must be denied and the matter should be remanded back to the State Court.

Pursuant to 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Here, on February 27, **2020**, Walters was personally served with process pursuant to CPLR § 308(1) at 24 Deer Run Road, Newburgh, New York 12550 ("Deer Run"). *See* NYSCEF Dkt. No.: 13. Walters failed to answer this Complaint, and then failed through all of the aforementioned motions before the State Court to vacate this default and raise a triable issue of fact concerning service and personal jurisdiction. As such, it is clear that Walter's notice of removal is untimely as it is more than five (5) years after he was personally service with the Summons and Complaint and almost three (3) years after the State Court entered the Judgment of Foreclosure on August 1, 2022. *See* NYSCEF Dkt. No.: 60.

Therefore, the instant OTSC should be denied and the matter should be remanded back to the State Court.

### V.    Conclusion

This Court should deny the OTSC in its entirety and permit the Sale to be conducted as scheduled. The OTSC is an improper collateral attack against the Judgment of Foreclosure and Sale that was previously issued in this action by the State Court. This collateral attack is barred by the *Rooker-Feldman* Doctrine and the Judgment of Foreclosure and Sale is final as to all issues of law that were, or could have been raised in the Foreclosure Action, and Defendant's removal of this matter to Federal Court post Judgment of Foreclosure and Sale was improper and *not* timely.

Respectfully,

*/s/ Seth D. Weinberg*
Seth D. Weinberg, Esq.

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

575 Underhill Boulevard, Suite 224    Syosset, New York 11791    T. (516) 921-3838    F. (516) 921-3824    www.nyfclaw.com



## MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.    ALAN WEINREB, ESQ.    CYNTHIA A. NIERER, ESQ.

On May 22, 2025, Defendant Derrick Watson ("Defendant") filed an Emergency Motion for a Temporary Restraining Order ("TRO") seeking to stay a foreclosure ordered by a state court. (Dkt. No. 6.) The foreclosure sale is to take place on May 30, 2025. The Court denied the TRO without prejudice for failure to satisfy notice and service requirements of Fed. R. Civ. P. 65(b)(1). (Dkt. No. 8.) Pursuant to the Court's directive, Defendant served the TRO on Plaintiff on May 28, 2025. On the same day, Defendant filed this response in opposition to the TRO.

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." Ewing v. UConn Health, No. 25-CV-178, 2025 WL 1284721, at *1 (D. Conn. May 2, 2025). "A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." Id. Here, Defendant fails to establish either a likelihood of success or even sufficiently serious questions going to the merits to make them fair grounds for litigation.

As Plaintiff notes, Defendant lodges a number of claims challenging the legality of the foreclosure judgment. However, whatever the merits of these challenges, they belong in state court. More to the point, under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84 (2005). See also Hoblock v. Albany Cnty. Bd. of Elecs., 422 F.3d 77, 85 (2d Cir. 2005) (discussing the four requirements for application of the Rooker-Feldman doctrine). Here, it is clear that Defendant, who lost in the foreclosure action (several years ago) is seeking to undo the judgment. See Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (finding it "evident from the relief [plaintiff] request[ed]" -- title and tender of property and a declaration that a state judgment was void -- that the injury complained of was a state foreclosure judgment). To resolve these claims in Defendant's favor, the Court would have to determine that the state court entered its judgment in error, which it has no jurisdiction to do. Id. Thus, the Court concludes that Defendant has not established a likelihood of success on the merits or even a fair ground for litigation over the merits of his claims. Therefore, the TRO is denied. T

To the extent Plaintiff wishes to move to remand the case to state court, the motion is due 6/25/25. Defendant's response is due 7/25/25. Plaintiff's reply is due 8/9/25. The Clerk is respectfully directed to send this document to Plaintiff by both email and regular mail.

So Ordered.

5/29/25

**WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

575 Underhill Boulevard, Suite 224    Syosset, New York 11791    T. (516) 921-3838    F. (516) 921-3824    www.nyfclaw.com