# MEMO ENDORSED

DERRICK WALTERS

℅ 3 Palomino Terrace

Newburgh,New York, near [12550]

Appearing by Special Appearance Only

Without Waiver of Any Rights, Remedies, or Defenses

*As noted in a letter dated 6/2/25 from Empire Community Development LLC, the property which is the subject of the TROs Mr. Walters has been filing has sold at auction. Therefore, the TRO is denied for the reasons previously given and for the new reason that it is moot. Mr. Walters is directed to stop filing additional TRO applications to stop an auction that has already happened. The Clerk is respectfully directed to mail and email this document to Plaintiff.*

*So Ordered.*

*6/2/25*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS DIVISION

_____

DERRICK WALTERS,

Plaintiffs

v.

Empire Community Development LLC & Fay Servicing, et al

Defendant.

Case No.:25CV4192

Judge: KENNETH M. KARAS

_____

**VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER,TRO FILED UNDER EMERGENCY BASIS PURSUANT TO FED. R. CIV. P. 65(b)**

**This matter involves:**

- **RACKETEERING IN VIOLATION OF 18 U.S.C. § 1961 et seq. (RICO)**
- **SYSTEMIC FRAUDULENT FORECLOSURE PRACTICES THROUGH FABRICATED ASSIGNMENTS**
- **PATTERNED DECEPTIVE FILINGS DESIGNED TO EVADE DEBT VALIDATION LAWS**
- **ONGOING ATTEMPTS TO DEFRAUD DEFENDANT & STRIP PROPERTY UNLAWFULLY**
- **CIVIL RIGHTS VIOLATIONS UNDER TITLE VII OF THE CIVIL RIGHTS ACT (42 U.S.C. § 2000e et seq.)**

- **DISCRIMINATION & FINANCIAL COERCION TARGETING PRIVATE CAPACITY CONTRACT CLAIMS**
- **ONGOING FAILURE TO COMPLY WITH FEDERAL CONSUMER PROTECTION LA**

PRELIMINARY INJUNCTION,

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF AND TRIAL BY JURY

### INTRODUCTION

Derrick Walters, The Executor, moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Emergency Temporary Restraining Order (TRO) and Preliminary Injunction to enjoin defendants from conducting or proceeding with any foreclosure sale, auction, or transfer of the property located at 3 Palomino Terrace, Newburgh, NY 12550, scheduled for May 30th 2025. The foreclosure stems from an invalid and improperly prosecuted state proceeding that lacked service, jurisdiction, and legal standing.

Derrick Walters, The executor  has demonstrated a likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest weigh strongly in favor of preserving the status quo pending adjudication of this matter.

### FACTUAL BACKGROUND

1. Derrick Walters is the rightful equitable and legal holder of property located at 3 Palomino Terrace near 12550 , placed into The Dynamic Walters Trust.
2. Fay Servicing LLC  claimed foreclosure based on a default allegedly occurring in 2012.
3. No assignment of mortgage exists prior to 2016—four years after the alleged default—making the foreclosure defective from inception.
4. Service was attempted at a vacant address, due to a fire that made the home uninhabitable and an unsigned certificate of mailing is the only alleged proof of notice.
5. Derrick Walters is a disabled individual, receiving Social Security Disability Income, and was unable to properly respond due to disability, medical hardship, and lack of lawful notice.
6. The plaintiff previously tendered payment via an endorsed remittance instrument, which constituted performance and satisfaction under UCC Article 3.
7. The assignment of mortgage contains fraudulent elements including:
   - A robo-signature marked "WALTERS FDH"
   - Notarization irregularities
   - Blacked-out elements and altered dates
8. Under the Four-Corner Rule, the Court is bound to interpret the mortgage instrument as it exist-on its face, and to disregard any fabricated instruments, conflicting affidavits, or unverified

assignments that fall outside the four corners of the document. *See W.W.W. Assocs., Inc. v. Giancontieri, 77 N.Y.2d 157 (1990) ("When interpreting a contract, the court is confined to the four corners of the document."); Greenfield v. Philles Records, Inc., 98 N.Y.2d 562 (2002) ("Evidence outside the four corners of the document is generally inadmissible to add to or vary the writing.").*

9.  Derrick Walters asserts that the original mortgage contract, executed on or about May 31, 2006, is a complete, clear, and unambiguous agreement, the interpretation of which must be limited to its contents under the Four-Corner Rule as recognized in New York contract law.

10. The Four-Corner Rule prohibits the introduction of extrinsic evidence to vary or contradict the express terms of a written agreement. Accordingly, only parties identified or referenced within the four corners of the mortgage instrument may assert rights or enforce obligations thereunder.

11. Upon review of the original mortgage document, neither Empire Community Development LLC nor Fay Servicing LLC is identified as a party, lender, beneficiary, nominee, assignee, or holder in due course. Their absence from the original contract is fatal to their claim of standing in this foreclosure action.

12. Any subsequent purported assignments, endorsements, or transfers presented by Defendants — including but not limited to the December 3, 2019 assignment from Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for PlainsCapital Bank to CAM Ventures NY LLC — do not appear in or arise from the four corners of the original mortgage agreement and constitute inadmissible extrinsic evidence and/or fraudulent fabrication.

13. These instruments also include material irregularities, such as false notary dates, use of robo-signatures, inconsistent signatory names, and blacked-out notarial blocks — further rendering them inadmissible and unenforceable.

14. Accordingly, any claim to foreclosure based on documents that are extrinsic to the original contract, not lawfully recorded, or not part of the original transaction, must be dismissed with prejudice as violative of established contract interpretation principles and New York common law.

**LEGAL STANDARD**

Under Rule 65, the Court may issue injunctive relief where the movant shows:

1.  A likelihood of success on the merits
2.  Irreparable harm absent injunctive relief
3.  That the balance of hardships tips in the movant's favor
4.  That the injunction is in the public interest

**ARGUMENT**

**A. Likelihood of Success on the Merits**

- Improper Service Violates Due Process: Plaintiff never received proper service under CPLR Article 3, and any judgment entered in the absence of valid service is void ab initio.

- Disability Rights Violated: As in Kline v. Deutsche Bank, the failure to notify and accommodate a disabled homeowner results in a due process violation.
- Broken Chain of Title: No valid chain of assignments existed at the time of default. Fraudulent, post-dated assignments invalidate standing. (Deutsche Bank v. Torres, U.S. Bank v. Moulton, etc.)
- Tender of Payment: Plaintiff satisfied the obligation via remittance coupon and endorsement, constituting accord and satisfaction under the UCC.
- Federal law prioritizes housing stability for disabled individuals, ensuring that Derrick Walters hardships outweigh any inconvenience to the corporation Fay Servicing LLC.
- Derrick Walters is a disabled individual protected under FHA, ADA, and the Rehabilitation Act, reinforcing that foreclosure must be halted pending judicial review.
- Fay Servicing LLC and its agents  have failed to validate the debt or comply with RESPA, making their foreclosure attempt legally unenforceable.

Derrick Walters, faces permanent and irreparable harm, warranting immediate injunctive relief:

1. Loss of Primary Residence
   - Once foreclosure occurs, Plaintiff cannot reclaim his home, making immediate intervention necessary.
   - Case precedent: *Winter v. NRDC (2008)—Courts held that harm that cannot be remedied through financial damages qualifies as irreparable harm.*
2. Destruction of Family Trust & Legacy Preservation
   - The foreclosure of this property undermines a long-standing family trust, causing permanent damage to generational financial stability.
3. Emotional Distress, Potential Homelessness & Harm to a Disabled Person
   - *Derrick Walters  is a disabled individual, protected under Federal Housing Laws, including Fair Housing Act (42 U.S.C. § 3604) and Americans with Disabilities Act (ADA).*
   - Case precedent: *Elrod v. Burns (1976)—"The loss of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm."*
   - If the TRO is denied, Derrick Walters and his family could be rendered homeless, resulting in severe medical and psychological consequences that cannot be undone.

## Balance of Hardships

1. Fay Servicing LLC and Empire Community Development LLC are third-party investors
   - Fay Servicing LLC , purchased a time-barred debt note, meaning they will suffer no harm from a delay.
   - Injunctive relief will not disrupt legitimate financial operations, as Fay Servicing LLC lacks a valid enforceable claim.
   - Fay Servicing LLC and its agents Have Yet to Validate the Debt or Comply with RESPA Requirements
     i. Fay Servicing LLC and Empire Community Development LLC have failed to produce debt validation documents, violating FDCPA (15 U.S.C. § 1692g) and RESPA (12 U.S.C. § 2605).

      ii.  Without proper validation, their foreclosure attempt is legally unenforceable, reinforcing Derrick Walters likelihood of success on the merits.

2. Derrick Walters Faces Permanent and Irreparable Loss Without Judicial Review
   - Derrick Walters, a disabled individual, faces the permanent loss of his primary residence, while a corporation stands to gain nothing except financial profit from an unjust foreclosure.
   - Federal laws protect disabled homeowners from unfair eviction and foreclosure, reinforcing that Plaintiff's hardships outweigh any inconvenience to Defendants.

## Legal Argument for TRO Approval

- Derrick Walters is a disabled individual protected under FHA, ADA, and the Rehabilitation Act, reinforcing that foreclosure must be halted pending judicial review.
- Fay Servicing LLC and its agents have failed to validate the debt or comply with RESPA, making their foreclosure attempt legally unenforceable.
- Federal law prioritizes housing stability for disabled individuals, ensuring that Derrick Walters hardships outweigh any inconvenience toFay Servicing LLC and its agents.

Federal Laws That Govern Prohibition of Disability Discrimination

Fair Housing Act (FHA) – 42 U.S.C. § 3604

- Prohibits discrimination in housing based on disability, ensuring that disabled individuals cannot be unfairly evicted or foreclosed upon.
- Requires reasonable accommodations for disabled homeowners to prevent discriminatory foreclosure practices.

2. Americans with Disabilities Act (ADA) – 42 U.S.C. § 12101

- Protects disabled individuals from discriminatory housing practices, including unjust foreclosure actions.
- Ensures that public and common-use areas in housing facilities remain accessible to individuals with disabilities.

3. Rehabilitation Act of 1973 – 29 U.S.C. § 794

- Prohibits discrimination on the basis of disability in programs receiving federal financial assistance, including many mortgage and housing providers.
- Ensures that disabled homeowners are given fair access to housing protections.

4. Real Estate Settlement Procedures Act (RESPA) – 12 U.S.C. § 2605

- Requires loan servicers to provide accurate disclosures and respond to borrower inquiries, preventing foreclosure based on fraudulent or misleading practices.

- Fay Servicing LLC has failed to validate the debt or comply with RESPA requirements, reinforcing Plaintiff's claim.

5. Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692

- Prohibits deceptive debt collection practices, including misrepresentation of foreclosure status.
- Requires lenders to validate debt ownership before initiating foreclosure, which Fay Servicing LLC has failed to do.

## D. Public Interest

- Public interest favors preventing wrongful and predatory foreclosures
- Upholds constitutional due process rights and equity

## E. Federal Mail Fraud and Related Violations

### 1. Mail Fraud (18 U.S.C. § 1341)

- Defendants engaged in a scheme to defraud by using the United States Postal Service to execute their fraudulent foreclosure.
- Plaintiff's mail regarding foreclosure notices was never properly delivered by an authorized postal carrier, but instead deposited by unauthorized persons inside mail receptacles, in violation of federal postal regulations.
- Many mailings were returned with fabricated return labels, unsigned, and no proof of delivery or actual mailing.
- The defendants deliberately used this false "service" scheme to create a record of compliance without actual delivery, constituting mail fraud under 18 U.S.C. § 1341.
- Such conduct is criminal and voids any purported service or notice foundation for foreclosure.

### 2. Mail Tampering and Obstruction of Justice (18 U.S.C. § 1708, § 1503)

- The deliberate manipulation of mail, creation of false return labels, and misrepresentation of mailing activities amount to mail tampering and obstruction of justice.
- This fraudulent scheme interferes with Plaintiff's right to receive lawful notice and due process.

### 3. Due Process Violation Under the Fourteenth Amendment

- The fabricated mailing scheme deprived Plaintiff of constitutionally mandated notice and an opportunity to be heard.
- Courts have held that improper or fraudulent service deprives the court of jurisdiction and results in void judgments (see Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

E. Fay Servicing LLC and its agents herein, Violated Federal Mail Fraud Statutes and Committed a Scheme to Defraud Derrick Walters.

Fay Servicing LLC and its agents' method of purported service violated 18 U.S.C. § 1341 (Mail Fraud) by using false or fraudulent mailing practices to simulate proper notice and service. Plaintiff's mail was never delivered by a legal USPS carrier but was instead placed by unauthorized agents, violating postal regulations and obstructing due process.

Multiple pieces of mail were returned with fabricated labels and lacking signatures or any lawful receipt confirmation, evidencing a deliberate scheme to avoid proper service. This fraudulent mail practice not only constitutes criminal mail fraud but also renders the foreclosure judgment void for lack of valid service and notice.

Additionally, these actions violate 18 U.S.C. § 1708 (Mail Theft and Tampering) and 18 U.S.C. § 1503 (Obstruction of Justice) by interfering with Plaintiff's legal right to due process and judicial integrity. Plaintiff was thereby denied constitutional due process under the Fourteenth Amendment, as established in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), which requires proper notice and an opportunity to be heard before deprivation of property rights.


**F. Newly Discovered Evidence Justifies Relief and Supports Emergency Relief**

Derrick Walters,  respectfully informs the Court that critical evidence underpinning this motion, including detailed proof of fraudulent mailing practices, fabricated return labels, and improper service, was not reasonably discoverable until recently.

This newly discovered evidence directly impacts the Court's jurisdiction and the validity of the underlying foreclosure proceedings.

Derrick Walters requests that the Court consider this evidence as grounds for relief under Federal Rule of Civil Procedure 60(b)(2) and to excuse any delay in responding or filing based on the hidden and deceptive nature of Fay Servicing LLC's and its agents' habitual pattern of  misconduct.

Granting this emergency relief will serve the interests of justice and prevent irreparable harm to Derrick Walters  and his family.


G. Prior Motions Were Overlooked by Lower Court; Fraud and Due Process Claims Were Never Heard on the Merits

Derrick Walters previously filed motions raising serious allegations of fraudulent service, forgery, lack of standing, and due process violations, which were never substantively addressed by the state court.

At the Order to Show Cause hearing, the lower court declined to compel discovery or address the core issues, stating the filings were "too late." However, there is no statute of limitations on fraud—particularly fraud on the court, which voids any judgment obtained by deception (Hazel-Atlas Glass, 322 U.S. 238 (1944)).

Derrick Walters, The living man respectfully requests that this Court review these unaddressed motions and newly discovered evidence under Rule 60(b)(3) and (6) and 28 U.S.C. § 1655, asserting the court's equitable power to vacate a judgment obtained through fraud and deprivation of constitutional due process rights.

**Racketeering Influenced and Corrupt Organizations Act (RICO) Violation**

The actions taken by the plaintiff and their servicing company constitute a deliberate, ongoing scheme designed to defraud homeowners through deceptive foreclosure practices, in violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.

- The mailing of envelopes marked "personal and confidential," but failing to identify the correspondence as coming from an attorney's office or involving a debt collection, was purposefully designed to mislead and deceive the defendant. These false instructions violate protections afforded under the Fair Debt Collection Practices Act (FDCPA) and other consumer protection laws.
- The admitted act of personally placing the envelope inside the depositor box, bypassing legitimate postal procedures, evidences a scheme to create a fraudulent record of service, a key predicate act of mail fraud under RICO.
- This behavior is part of a pattern of racketeering activity involving repeated acts of mail fraud and wire fraud, perpetrated by these habitual offenders well known for targeting vulnerable homeowners.
- Such deceptive and fraudulent conduct undermines the judicial process and violates federal criminal statutes, warranting dismissal of all motions and vacatur of the foreclosure judgment.
- Defendant Walters has been a victim of this racketeering enterprise, and relief is justified to prevent further irreparable harm and uphold the rule of law.

**REQUEST FOR RELIEF**

Derrick Walters respectfully requests that this Court:

1. Issue an Emergency Temporary Restraining Order enjoining the foreclosure sale of 3 Palomino Terrace near 12550.
2. Jury Trial Demand Section Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Derrick Walters  hereby demands a trial by jury on all issues so triable, including but not limited to: > - Fay Servicing LLC, Empire Community Development, for  fraudulent foreclosure practices and procedural misconduct > - Failure to provide proper service and validate debt ownership > - Violations of the Fair Housing Act and federal consumer protections > - Breach of legal obligations under TILA, FDCPA, and RESPA
3. By demanding a jury trial,Derrick Walters asserts his right to have these factual disputes reviewed by a panel of impartial jurors, ensuring that Defendants' misconduct is examined through a fair judicial process rather than being decided solely by judicial discretion.
4. Schedule a hearing on a Preliminary  Injunction.
5. Grant any further relief the Court deems just and proper.

PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER

Upon review of The Executor  Derrick Walters' Emergency Motion for a Temporary Restraining Order
and Preliminary Injunction, and good cause having been shown:

IT IS HEREBY ORDERED that:

1.  Fay Servicing LLC, Empire Community Development LLC , their agents, officers, employees,
    attorneys, and all persons acting in concert or participation with them are enjoined from
    proceeding with any foreclosure activity, auction, or sale related to the property located at 3
    Palomino Terrace, Newburgh, NY near 12550, pending further order of this Court.
2.  This Order shall remain in effect until the Court conducts a hearing on the motion for preliminary
    injunction.
3.  A hearing is scheduled for: _____
    (Location: U.S. District Court, Southern District of New York, White Plains Division)


SO ORDERED.

Dated: _____

U.S. District Judge

DERRICK WALTERS

℅ 3 Palomino Terrace

Newburgh,New York, near [12550]

Appearing by Special Appearance Only

Without Waiver of Any Rights, Remedies, or Defenses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS DIVISION

_____

Empire Community Development LLC & Fay Servicing, et al

Plaintiffs

v.

DERRICK WALTERS

in his individual capacity

Case No.:25CV4192

**TITLE:**

Unmasking the Foreclosure Cartel: Disability Violations, Fraudulent Assignments, and a Pattern of Racketeering

**INTRODUCTION**

COMES NOW, Derrick Walters, a living man and the authorized representative, secured party creditor, and executor over the ENS Legis/estate known as "DERRICK WALTERS." By special appearance and through undersigned executor, Affiant DEMANDS the immediate issuance of a Temporary Restraining Order ("TRO") and Preliminary Injunction, pursuant to Fed. R. Civ. P. 65, to halt the unlawful foreclosure sale scheduled for May 30th, 2025, concerning his primary residence located at 3 Palomino Terrace, Newburgh, NY  near 12550. For the record, on the record , let the record show that Any attempt to dismiss this challenge on procedural timing is an intentional evasion of accountability.

Under New York law, the servicer's foreclosure claim is legally unsustainable:

- CPLR 213(8) – Fraud claims are not time-barred, requiring judicial review regardless of elapsed time.
- RPAPL § 1301 – Prevents foreclosure proceedings without proper standing or documentation.
- Matter of Loughran v. County of Suffolk, 145 A.D.3d 858 (N.Y. App. Div. 2016) – Confirms that defective service renders foreclosure void.
- Bank of N.Y. Mellon v. Dieudonne, 171 A.D.3d 34 (N.Y. App. Div. 2019) – Holds that foreclosure must be dismissed if standing cannot be established.


Executor Derrick Walters commands the court to recognize that fraud has no statute of limitations and that foreclosure based on fraudulent filings is void ab initio. The servicer's attempt to dismiss this challenge on procedural timing is nothing more than an attempt to conceal fraudulent misconduct and evade accountability.This is not a request—it is a demand for emergency judicial intervention in the face of fraud, due process violations, and discriminatory misconduct that fundamentally undermine the integrity of this court.Further, Fay Servicing LLC  willfully ignored due process, failing to contact the homeowner despite knowing the property was vacant due to fire damage, strategically using this absence to file fraudulent foreclosure claims in hopes the action would proceed uncontested. The opposing party has engaged in a calculated pattern of deception, weaponizing fraudulent filings to manipulate foreclosure procedures while willfully disregarding statutory protections, including the Truth in Lending Act (TILA), the Americans with Disabilities Act (ADA), and the Fair Housing Act (FHA) material defects in standing, improper reliance on a deficient lost note affidavit, absence of a valid Power of Attorney (POA), and fraudulent execution of notarized documents

The executor,  Derrick Walters, demands judicial review of the foreclosure claim initiated by  Fay Servicing LLC . Pursuant to CPLR 213(4) Fay Servicing LLC have violated the injured parties rights on the grounds that they lacked standing at the time of the alleged default and failed to establish a legally enforceable claim, time barred on the collection activity if such alleged default had occurred in 2012. This foreclosure action, once properly examined by a fair and equitable court, will expose critical defects in standing, improper reliance on a deficient lost note affidavit, absence of valid Power of Attorney (POA) for their affidavits from secretaries and asset managers , and timeline inconsistencies that undermine its enforceability. These failures were overlooked in the lower courts, allowing corporate entities to persist in unlawful collection efforts against Derrick Walters—despite clear violations of federal statutes, including the Truth in Lending Act (TILA), the Americans with Disabilities Act (ADA), and the Fair Housing Act (FHA). This case presents an opportunity for judicial intervention to rectify the injustices carried forward from the housing crisis and ensure that disabled individuals are not denied fair access to legal protections.

Fay Servicing LLC is no stranger to federal sanctions, consumer protection violations, and deceptive foreclosure practices. Their reputation precedes them, not as a legitimate servicer but as a habitual offender, repeatedly fined, repeatedly warned, and repeatedly disregarding federal law in pursuit of unjust financial gain.

Federal Cours Nationwide have seen their misconduct before. Regulators have sanctioned them. Homeowners have suffered because of them. And now, in 2025, the same deceptive tactics are once again on display—undeniable, unethical, and unlawful.

The evidence is **irrefutable**:

- In **2017**, Fay Servicing was **sanctioned by the CFPB** for violations of foreclosure protections.
- In **2024**, they **violated those orders again**, drawing yet another CFPB enforcement action for fraudulent servicing practices.
- Now, in **2025**, they stand accused **once again**, brazenly **attempting foreclosure on a vacant lot**, without contacting the homeowners, without verifying the debt, and **without any lawful standing to enforce foreclosure**.

In the grand scheme of fate, certain moments feel too precise, too aligned, too inevitable to be anything but divine intervention. This case is one of them.

The foreclosure attorneys of Margolin, Weinreb & Nierer, LLP, standing beside Fay Servicing LLC, are not newcomers to deception, fraudulent filings, or foreclosure misconduct. Their names have already passed through this very courtroom, under the same judge, for the same corrupt actions, disguised as legal enforcement.

This is not their first appearance before Judge Kenneth M. Karas. In Williams v. Long Beach Mortgage Company, Margolin & Weinreb were named in a civil RICO lawsuit, accused of fraudulent foreclosure practices and deceptive mortgage litigation. The allegations were serious enough that, instead of facing trial, they settled out of court.But history doesn't forget—and neither does justice.

Now, in 2025, Judge Karas is once again presiding over a case where the same players have reappeared with a new injured party, bringing the same deceptive tactics back into his courtroom.  Fay Servicing and Margolin, Weinreb & Nierer, LLP believed they won the battle—refining their tactics, filing deceptive claims, foreclosing without debt validation. But the war was always bigger than their schemes, and now, their past stands before them as undeniable evidence of habitual misconduct.

This case is not just about one foreclosure. It is about exposing the pattern, dismantling the fraud, and ensuring that justice—delayed for years—is finally enforced in full measure. Yet, despite the 2016 lawsuit, despite the CFPB sanctions against Fay Servicing in 2017, despite additional violations in 2024, both entities continued their patterns of fraudulent foreclosure enforcement, thinking themselves untouchable.

This Court must no longer entertain their pattern of deception. Fay Servicing's foreclosure scheme is not an isolated mistake or minor oversight—it is a business model built on systemic fraud. Their latest foreclosure action is not just improper—it is knowingly unlawful.

And yet, they continue. Despite fines, despite court rulings, despite federal investigations, Fay Servicing remains undeterred, proving only that their business strategy is built on deception, coercion, and total disregard for the law.

This motion is not simply about stopping a foreclosure—it is about forcing accountability on an entity that has made fraud its standard operating procedure. Fay Servicing is not just violating one law—they are violating the integrity of the judicial system itself.

This Court must act—not just to grant relief, but to send a decisive message that habitual offenders cannot continue unchecked. Fay Servicing's misconduct is not new, not excusable, and certainly not defensible. It is deliberate, calculated, and meets every threshold for judicial intervention.

Derrick Walters, the real injured party in this matter  has exercised diligence and rightful authority over his financial affairs, securing his position as executor and controlling all negotiable instruments through a properly filed UCC-1. Yet, despite his rightful standing, corporate entities Empire Community Development LLC , Fay Servicing LLC and its council  have relentlessly pursued unlawful foreclosure actions—founded on fraudulent claims, procedural misconduct, and blatant violations of commercial and constitutional law.

At the heart of this matter is fraudulent dishonor of a properly endorsed negotiable instrument tendered by the secured party, Derrick Walters as payment—an instrument lawfully accepted under UCC Article 3, thereby satisfying the obligation. However, rather than fulfill their commercial duty, Fay Servicing LLC, kept the instrument but failed to credit the account, engaging in unjust enrichment, misrepresentation, and bad faith conduct.

Under the Postal Rule (Mailbox Rule)—a long-standing commercial principle supported by Restatement (Second) of Contracts § 63 (1981) and reinforced by cases such as Adams v. Lindsell (1818) and Household Fire Insurance Co. v. Grant (1879)—acceptance of tender finalizes the transaction and discharges the debt. The servicer's refusal to return the negotiable instrument while continuing collection efforts constitutes a breach of contract and fraudulent concealment in violation of fundamental commercial law. Pursuant to commercial law principles, including UCC Article 3, once a properly endorsed negotiable instrument is tendered and accepted, the debt is discharged. The Postal Rule reinforces this by establishing that acceptance occurs upon mailing, meaning that once the servicer received Derrick Walters' negotiable instrument, the obligation was satisfied. New York follows the common law mailbox rule, under which acceptance of an offer becomes effective upon dispatch—i.e., when it is properly mailed—not when it is received.

- Hamilton v. Delaware, L. & W.R. Co., 10 A.D. 395, 396 (1st Dep't 1896): "An acceptance by mail is complete when the letter is deposited in the post office."
- Restatement (Second) of Contracts § 63: "Unless the offer provides otherwise, an acceptance made in a manner and by a medium invited by an offer is operative… as soon as it is put out of the offeree's possession."

The Mailed Remittance Coupon Constituted a Negotiable Instrument Under UCC Article 3.  And Under New York UCC § 3-104, a negotiable instrument is: "An unconditional promise or order to pay a fixed amount of money… if it is payable to order or bearer." Under the mailbox rule, this act constitutes timely acceptance and performance, binding upon dispatch.

The instrument Derrick Walters sent was:

- Written,
- Payable to a specific party ("Pay to the order of Fay Servicing LLC"),
- Signed and mailed with intent to satisfy a debt obligation.
- Therefore, it meets the statutory definition of a negotiable instrument. Fay Servicing's acceptance and non-return of the instrument constitutes presentment and acceptance under UCC § 3-501 and § 3-602. Their failure to credit the account amounts to dishonor without notice and breach of obligation to apply received payments.
- Fay Servicing's Failure to Credit Violates the Implied Covenant of Good Faith.

Under New York law, every contract includes an implied covenant of good faith and fair dealing.

- ***511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 153 (2002).*** *Fay Servicing's conduct—accepting an endorsed financial instrument without crediting the account or returning it—demonstrates bad faith and unfair dealing.*
- ***Adams v. Lindsell (1818)*** *– Establishes that acceptance is effective upon posting.*
- ***Household Fire Insurance Co. v. Grant (1879)*** *– Reinforces that acceptance is valid even if the letter is lost in transit.*
- ***Henthorn v. Fraser (1892)*** *– Confirms that the rule applies when postal communication is a reasonable method of acceptance.*
- ***Restatement (Second) of Contracts § 63 (1981)*** *– Codifies that acceptance is **operative upon dispatch**, not receipt.*
- ***Federal Deposit Insurance Corp. v. Dintino (2008)*** *– Holds that fraudulent concealment tolls statutes of limitation indefinitely, reinforcing that fraud has no time bar.*
- ***Bank of N.Y. Mellon v. Dieudonne, 171 A.D.3d 34 (N.Y. App. Div. 2019)*** *– Holds that foreclosure must be dismissed when the plaintiff lacks standing or improperly relies on defective documentation.*
- The foreclosure claim against Derrick Walters is more than just a legal dispute—it is a stark representation of the lingering injustices from the deceptive lending era that followed the 2009 housing market crash.  It is procedurally defective, riddled with misrepresentations, and must be halted immediately.

*From the moment the loan was initiated, Derrick Walters—a disabled individual entitled to federal protections—who entered into those agreements with good faith and credit was subjected to financial abuse and systemic discrimination. Exploited by an industry that preyed on vulnerable borrowers in the aftermath of the housing market crash, Derrick Walters was steered into deceptive loan terms that ultimately led him into bankruptcy proceedings. Lacking expertise in contract law, he was placed in a precarious financial position, one that should have been mitigated by legal counsel acting in his best interest. Instead, his attorneys, fully aware of his federally protected status, neglected their duty to advocate for equitable relief, leaving him exposed to predatory collection tactics that directly violate fair lending principles.*

*The bankruptcy court proposed a staggering payment plan of $5,000 per month for his secondary mortgage—while he continued performing on his first mortgage at just over $1,000 per month. Rather than ensuring a fair and reasonable negotiation, this plan was introduced without regard for Walters' financial reality or federal protections. The failure to provide meaningful accommodations resulted in dismissal rather than resolution, sealing his fate and accelerating his descent into financial ruin.*

*This unjust burden, imposed without lawful justification, demands judicial intervention to rectify the negligence and systemic exploitation that has persisted unchecked.*

*Furthermore, under the Unclean Hands Doctrine, a party seeking relief must not be guilty of wrongful conduct in the matter at issue. Here, the Plaintiffs—Empire Community Development LLC and Fay Servicing LLC, a habitual offender of misconduct—have acted with unclean hands by relying on deceptive loan practices, failing to negotiate equitably in bankruptcy court, and initiating foreclosure proceedings without possessing the original note or a valid Power of Attorney (POA). Fay Servicing's misconduct is not an isolated incident—it is part of a longstanding pattern of illegal foreclosure practices, as evidenced by their recent sanctions by the Consumer Financial Protection Bureau (CFPB) in 2024. The CFPB found that Fay Servicing LLC violated federal mortgage servicing laws, engaged in prohibited foreclosure actions against borrowers seeking assistance, and failed to comply with prior enforcement orders. Their reliance on a deficient lost note affidavit further proves that they cannot lawfully claim the right to foreclose, and their entire case is built upon procedural defects and misrepresentation. Because the Plaintiffs come before this Court in bad faith, equity demands that their claims be dismissed.*

We review the sufficiency of evidence to prove standing to foreclose de novo, as established in Pennington v. Ocwen Loan Servicing, LLC, 151 So. 3d 52, 53 (Fla. 1st DCA 2014). A plaintiff who is not the original lender must demonstrate standing at the time of filing through legally admissible documentation, such as a valid assignment, a properly endorsed note, or other evidence proving its legal authority to enforce the debt. Standing must exist at the initiation of the foreclosure action and throughout litigation. Any transfer post-judgment without ratification or proper notice renders the proceeding void or, at a minimum, voidable.

## Deficiencies in Certificate of Merit & Foreclosure Claim

1. Failure to Establish Standing at the Time of Filing
   - Empire Community Development LLC and Fay Servicing were not legal holders of the note at the time of default in 2012, yet they assert standing in 2025 without providing any valid assignments predating the foreclosure action.
   - If standing did not exist at the time of filing, the foreclosure action is fatally flawed and must be dismissed, as held in Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 353 (Fla. 1st DCA 2014).
   - The promissory note lacks a dated endorsement proving that Empire Community Development LLC had possession prior to filing, violating fundamental standing requirements.
2. Unverified, Undated Endorsement on the Note

- ○ The foreclosure claim is predicated on a note with an undated blank endorsement, making it impossible to determine whether Empire Community Development LLC was a proper holder at the time of filing.
- ○ As established in Sosa v. U.S. Bank Nat'l Ass'n, 153 So. 3d 950, 951-52 (Fla. 4th DCA 2014), an undated special endorsement does not establish ownership of the note at time of filing without additional evidence, such as sworn testimony from a qualified expert.
- ○ No such evidence has been provided, rendering the foreclosure action legally unenforceable.

3. Certificate of Merit Executed by Unauthorized Representative
   - ○ The Certificate of Merit was signed by an individual named Donna *Davis, w*ho has not been present in the office since verification attempts began, raising concerns about false representation and fraudulent certification.
   - ○ No Power of Attorney accompanies the affidavit, meaning the affiant lacks legal standing to certify foreclosure-related documents.
   - ○ As held in Peuguero v. Bank of Am., N.A., 169 So. 3d 1198, 1203 (Fla. 4th DCA 2015), foreclosure plaintiffs must prove that endorsements or assignments occurred before the filing of the complaint, which Empire Community Development LLC has failed to do.

4. Assignment of Mortgage Does Not Reference the Promissory Note
   - ○ While Empire Community Development LLC attached an Assignment of Mortgage to its filings, this assignment does not reference or include the promissory note with proper endorsement, violating standing requirements.
   - ○ Under Tilus v. AS Michai LLC, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015), an assignment of a mortgage without assignment of the note is legally insufficient to establish standing.
   - ○ Similarly, in Lamb v. Nationstar Mortg., LLC, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015), the court ruled that an assignment of a mortgage does not prove standing unless the assignment expressly includes the note itself.

Fay Servicing LLC didn't just buy a debt—they bought a lawsuit. Acquiring a time-barred mortgage debt from 2012 in 2019, they exposed themselves to legal scrutiny, revealing a foreclosure claim built on fraud, procedural manipulation, and deceptive debt collection tactics.By buying a time-barred debt from Empire Community Development LLC, Fay Servicing LLC set themselves up for legal failure—and in doing so, they unintentionally dragged their entire operation into the spotlight. They don't own valid standing to collect, their assignment history collapses under scrutiny, and their debt collection tactics prove once again how much of a habitual offender of violating federal laws Fay Servicing is.

Under New York's statute of limitations (CPLR 213(4)), mortgage debt must be collected within six years of default—meaning any claim originating in 2012 expired in 2018 and could not be enforced in 2019 and it especially can not legally be enforced today in May 2025. Yet Fay Servicing LLC and its council, knowing the debt was expired and unenforceable, proceeded to manufacture a foreclosure case, relying on judicial oversight, borrower confusion, and fraudulent mail practices to push an illegitimate seizure of property. Something that they had just recently been sanctioned for by the CFPB in 2024.

Mail fraud was a key tool in their operation, allowing them to manipulate court filings while concealing procedural defects. Their scheme depended on violating federal mail fraud statutes (18 U.S.C. § 1341)

through Fabricated foreclosure notices—Claiming compliance with Regulation X (12 C.F.R. § 1024.41) while ensuring critical foreclosure relief information was never properly sent. Fay Servicing LLC and its council Manipulated mailing records—Altering service dates to make it appear as though notices were timely, when in reality, they were deliberately delayed or never sent at all.

The Consumer Financial Protection Bureau (CFPB) has already exposed Fay Servicing's misconduct in its 2024 enforcement order, detailing how they:

- Took prohibited foreclosure actions against borrowers engaged in loss mitigation.
- Failed to provide foreclosure relief information, violating Regulation X (12 C.F.R. § 1024.41).
- Moved forward with foreclosure while borrowers were actively seeking assistance to save their homes.

Fay Servicing's practices align exactly with what Walters experienced, proving that they do not operate as a legitimate servicer—they execute foreclosure fraud through deceptive servicing practices and manipulated mail records.

Even worse, Fay Servicing blatantly misrepresented Walters' default status in their filings.

- They claimed Derrick Walters  was 4,500 days past due, yet they only acquired the debt in 2019—meaning they had no legal ownership before that year. They are misrepresenting the account and have not corrected the billing errors or validated the debt as per Derrick Walters request to Fay Servicing LLC and its council.
- Their own documents contradict their timeline, exposing a fabricated debt history meant to justify foreclosure.
- Case precedent: United States v. Landwer (2011)—Courts ruled that mail fraud used to manipulate foreclosure proceedings constitutes a federal offense.

Hundreds of homeowners—completely unrelated to Walters—have filed complaints describing identical foreclosure abuses by Fay Servicing and its affiliated legal representatives.

- Debt collection on expired loans
- Manufactured foreclosure filings with missing compliance records
- Fraudulent mailing practices to obscure procedural defects
- Rapid transfers between servicers to hide improper assignments

These victims aren't coordinating false allegations—they are simply individuals trapped in the same fraudulent foreclosure scheme, facing the same deliberate manipulation of legal processes by an entity that profits off deception.

This filing isn't just about blocking one wrongful foreclosure—it is about exposing a fraudulent enterprise built on deceptive debt collection, falsified loan histories, and judicial abuse. Fay Servicing, Empire Community Development, Partners for Payment Relief, its servicers, and legal council must be held accountable, starting with the immediate dismissal of this foreclosure claim.

At the time the alleged default occurred in 2012 ,the foreclosing party , Empire Community Development LLC and Fay Servicing had no interest or legal assignment on record. Standing must exist at the time of the initiation and throughout the litigation. Any transfer post judgement without ratification or proper notice renders the proceeding void, at minimum voidable.

This matter is not simply a foreclosure dispute—it is an urgent legal crisis involving fraudulent filings, manipulated records, and blatant constitutional violations that demand immediate scrutiny by an officer of the court.it is a direct consequence of a longstanding pattern of fraudulent assignments,improper due process,  broken chains of title, fabricated evidence, and abuse of legal process, which has inflicted harm upon Derrick Walter, a known disabled individual.

The opposing party has engaged in systemic fraud, violating statutory requirements and deliberately bypassing due process. As established in Frank v. Gaos, 139 S. Ct. 1041 (2019), courts must examine whether claims are legally valid, not merely procedurally advanced. To date, no such examination has occurred, allowing a fraudulent foreclosure action to proceed unchecked despite overwhelming evidence of misconduct.

Fay Servicing LLC have continuously  engaged in deceptive collection practices, attempting to push foreclosure through without standing, proper documentation, or lawful enforcement authority. Their strategy is clear: ignore commercial law, exploit procedural defects, and hope the homeowner won't challenge their fraudulent filings in time.

 The History of Mortgage Misconduct & Manufactured Transfers

Derrick Walters, the real injured party, entered into and executed in good faith an unconscionable agreement with Prime Lending/PlainsCapital Bank in May 2006. However, from the moment of origination, irregularities in assignment tainted the mortgage:


## II. BACKGROUND & CHRONOLOGY

1. May 2006 Derrick Walters, the real injured party, entered into and executed in good faith an unconscionable agreement with Prime Lending/PlainsCapital Bank.However, from the moment of origination, irregularities in assignment tainted the mortgage:Same-day allonge transfer to WMC Mortgage Corp, yet WMC never appears in any recorded assignment.
2. June 2, 2006 – Mortgage recorded, naming MERS as nominee for PlainsCapital, despite MERS having no beneficial interest—a legal fiction incapable of independent assignment.
3. Pre-2007 Boom – Lenders aggressively pushed risky loans, often with adjustable rates and balloon payments.
4. 2008-2009 Housing Crash – The market collapsed, leading to mass foreclosures and exposing widespread fraud in mortgage origination.Borrowers trapped in predatory loans faced foreclosure, often without proper notice or legal standing from lenders.

5. Violation of Post 2008 -Consumer Protection Laws in the aftermath of the 2008 Financial collapse, Congress passed the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L 11-203, enacted July 21,2010. Along with amendments to TILA (Truth in Lending Act) and RESPA ( Real Estate Settlement Procedure Act) specifically to curb the abusive securitization.

6. 2012- Alleged Default Occurred

7. Fraudulent Assignments & Broken Chain of Title Begin. Judicial review of the recorded assignments exposes a deliberate scheme orchestrated by these entities to manufacture authority without legal validity:

8. December 3, 2018 – Assignment from MERS (nominee for PlainsCapital) to CAM Ventures NY LLC—a transfer riddled with signature irregularities and vague endorsements, recorded seven months later on July 24, 2019.in Book 14598, Page 627 of the Orange County Clerk's Office.Contains inconsistencies including signature irregularities and vague chain of endorsement.Book 14504, Page 1260

9. December 3, 2018 (Same Day) – A second document purports to transfer the mortgage from CAM Ventures NY LLC to Partners for Payment Relief LLC, yet no evidence supports CAM Ventures having lawful possession at the time.

10. Notably, the same assignment date is used as the MERS-to-CAM transfer, making it impossible for CAM Ventures NY LLC, who does not have legal standing in New York, no certificate of authority and whose principal business address is located in Roswell,Georgia  to assign a mortgage on the same day it allegedly received it. This is a factual and legal impossibility—proof of manufactured evidence and lack of standing.

11. June 5,2019 Partners for Payment Relief transferred its right in the assignment  to Empire Community Development LLC:A separate assignment shows a transfer from Partners for Payment Relief LLC to Empire Community Development LLC, with the assignment marked effective June 5, 2019, and signed June 6, 2019 by John Sweeney, VP of PPR. It was Recorded August 2, 2019, further muddying the timeline and revealing a suspect motive to fabricate standing through post-dated transfers.Both Partners for Payment Relief LLC and Empire Community Development LLC share the same address, further exposing the conflict and collusion between these two shell entities.

12. The note is improperly endorsed, and none of the assignments include a complete, unbroken chain of custody or lawful authority under Article 3 of the UCC.

13. Failure to Establish Holder in Due Course: The assignments fail to demonstrate any clear, lawful transferee with enforceable rights under New York State law or federal UCC standards.The presence of multiple entities claiming interest in the loan—MERS, Plains Capital, CAM Ventures, PPR(Partners for Payment Relief), Empire Community Development LLC—without consistent or legal assignments, shows title was split, making it impossible to determine who, if anyone, holds the right to enforce the note in the secondary market. Without taking into consideration the first mortgage on the record. Ultimately, revealing the chain of title is broken and the note is split.

14. It is imperative to note that On December 3, 2019 A Corporate Assignment was transferred from MERS as nominee to CAM Ventures . Executed by Ronald Friedman, Assistant Secretary for MERS notarized by Robin E. Mayer on a date inconsistent with the execution date. However, MERS has no authority to assign a mortgage explicitly directed by the lender. Signature block marked "WALTERS FDH" Unclear and suspicious. The Notary section appears to be suspicious. That entire document requires judicial review. It looks forged and tempered.

15. No valid or lawful assignment has been shown transferring ownership to Empire Community Development LLC. Derrick Walters had received successful completions for doing good business with his current servicers , no transfer notices to Empire were ever submitted.

16. From 2012-2025 Empire Community Development LLC nor Fay Servicing LLC never appeared on Derrick Walters credit report, suggesting improper and invalid assignments.

17. Empire Community Development LLC relies on an assignment from MERS, a non-holder entity, executed by a known robo-signer and containing irregularities including the forged notation "WALTERS FDH" and blacked-out notarial acknowledgment.

18. The foreclosure action against Derrick Walters is based on a manufactured chain of assignments, riddled with inconsistencies, fraudulent transfers, and procedural violations. The entities involved have failed to establish lawful standing, attempting to conceal their misconduct through post-dated assignments, improper endorsements, and deliberate obfuscation of ownership records.

19. Questionable Assignment History & Collusion Between Entities

20. On June 5, 2019, Partners for Payment Relief LLC (PPR) purportedly transferred its right in the mortgage to Empire Community Development LLC, signed on June 6, 2019 by John Sweeney, VP of PPR, and recorded on August 2, 2019. This delay in recording suggests a deliberate attempt to fabricate standing through post-dated transfers.

21. Further scrutiny exposes a direct conflict of interest—Partners for Payment Relief LLC and Empire Community Development LLC share the same business address, highlighting potential collusion between these shell entities to manipulate ownership records. Despite the recorded transfer, the note remains improperly endorsed, and none of the assignments present a comp

22. In 2019, Empire Community Development sought default judgment prior to any lawful assignment recorded in 2016 — invalidating their standing.

23. The sequence of mortgage assignments from July 24, 2019, through August 2, 2019, show the alarming rapid transfers. Therefore invalidating Fay Servicing LLC's claim that Note the unexplained delinquency claim (4,500+ days past due) despite the note only being held for exactly four months before foreclosure. This discrepancy in the delinquency claim constitutes a billing error under the Truth in Lending Act (TILA). According to 12 CFR § 1026.13, a billing error includes A computational or similar error of an accounting nature made by the creditor.Under Regulation Z, creditors must conduct a reasonable investigation before determining that no billing error occurred.

24. In January 2025, a review of county clerk records revealed multiple assignments lacking signatures, authentication, and proper consideration. The transfer of assignments started

with , received from Partners for Payment Relief a company registered in the state of Pennsylvania and without jurisdiction or authority to conduct business in New York and share the same address as "Empire Community Development LLC "

25. The injured party, Derrick Walters sought Bankruptcy to save his home as this was the first thing he thought of that could save his home without knowledge of contract law. He disclosed his disability status in a federal bankruptcy case, and provided financing statements showing lack of capacity and protected status to all parties involved.

26. Despite these disclosures,Fay Servicing LLC Council  proceeded, in willful violation of the ADA (42 U.S.C. § 12101 et seq.) and the Fair Housing Act (42 U.S.C. § 3601 et seq.). Even suggesting that he added other sources of income that were not his so he would qualify for bankruptcy. Per the bankruptcy attorney, Mr.Plinsky.

27. In February 2025 it was discovered that This foreclosure action involves the second mortgage, while the first mortgage remains active, meaning priority lien issues must be resolved before foreclosure can proceed.

28. In March 2025 exhibits provided by Empire Community Development's council that  The second mortgage holder acts independently of the first, foreclosure is found to be procedurally defective, as courts require clear priority before enforcement.

29. In April 2025, Derrick Walters argued that The foreclosure action is fundamentally flawed, as multiple entities are claiming to be the true holders of the note, creating uncertainty in ownership. Documents were requested, but never produced. The lower courts did a terrible job and did not compel the discovery to be produced.

30. In May 2025, Mr. Derrick Walters argued without a reasonable doubt that This broken chain of title not only violates UCC § 3-302, which governs negotiable instruments, but also renders the foreclosure unenforceable due to failure to establish a valid assignment history with proper endorsement.

31. In May 2025 it was revealed Upon due diligence, extensive research and is now confirmed that this is a Defective Foreclosure Due to Splitting of Mortgage, Note, & Deed.

32. On May 15th 2025, Derrick Walters removed the case from the Supreme Court to Federal Court in pursuit of a more just and impartial review. The foreclosure action against him is fraudulent and legally null and void due to the improper separation of the mortgage, note, and deed of trust upon the introduction of a secondary junior lien. Under long-standing legal principles, foreclosure cannot proceed where the core instruments governing real property ownership and debt enforcement have been severed, resulting in a fundamental defect in standing.

33. On May 19, 2025, during an Order to Show Cause hearing, the lower courts brazenly disregarded procedural violations so egregious they reeked of judicial complacency—effectively sanctioning misconduct and paving the way for an unlawful foreclosure riddled with undeniable defects. Had this been allowed to proceed, the court would have become complicit in a miscarriage of justice so blatant that it would set a dangerous precedent for unchecked financial exploitation.

34. After multiple fillings from February 2025 up to May 2025 with no support from the lower courts to compel discovery and Recognizing the **far-reaching systemic consequences** , Walters had already removed the case to Federal Court—where deeper

scrutiny would expose the widespread threat posed to homeowners trapped in similar cycles of deception. This is not an isolated case of negligence; it is the embodiment of an unchecked, predatory foreclosure apparatus that, if left unchallenged, will continue devouring families without consequence. Walters' pursuit of Federal oversight is not just self-preservation—it is an act of public service, shedding light on the rot beneath an industry that preys on procedural loopholes and judicial indifference.

35. May 19th 2025 During the Order to Show Cause hearing, it was anticipated that all motions would be adjourned and addressed collectively. Yet, when confronted with demands for transparency, Empire Community Development LLC and its legal counsel crumbled under the weight of their own deception—failing to produce a single document requested and offering no rebuttal to the fraudulent prima facie claim they themselves had alleged. The silence was deafening, a tacit admission of guilt cloaked in procedural evasion. And in the face of this blatant legal hemorrhage, Judge E. Loren Williams—rather than demanding accountability—uttered a dismissive remark that dripped with indifference: "The injured party should have addressed this sooner in 2021" saying and I quote : " To get to here, you have to go through there" a vague remark that adds no substantive value. He failed to challenge the statute of limitations, standing, or the fraud upon the court resulting from the submission of fraudulent documents.

Let that settle—an entity caught in the act of perpetrating fraud is excused, while the victim is reprimanded for not reacting fast enough to the injustice inflicted upon him. This moment, this ruling, is a grotesque manifestation of legal decay, where wrongdoing is neither corrected nor punished but rather brushed aside as an inconvenient truth.

On May 24th 2025 we ask If justice still exists within these halls, then the Federal Court must not merely review this case but wield its authority to excise this tumor before it metastasizes further. The integrity of the judiciary itself hinges upon whether this court will acknowledge the horror unfolding before it—or turn away, hands bloodied by inaction.

The mortgage was transferred between nonexistent or unregistered entities, the chain of title is completely broken—meaning no entity can legally enforce foreclosure.

## No Proper Service Was Ever Conducted- Service Attempts Timeline

The timeline of events is clear that the servicer failed to properly effect service. Walters was never properly notified, and every alleged service attempt was incomplete, unverified, or outright fabricated.

1.  (November 14, 2019)-Evidence of Unsent & Undelivered Mail.Kenneth Manino created a label to send documents to the IRS, but records confirm it was never mailed per USPS tracking data.

2. Charles Howes, AlState Processing Inc , which was hired by the Margolin, Weinreb & Nierer firm said in his Proof Of Service Affidavit, that he deposited the mail into the depositor. He

provided Tracking number #7019112-0000086382998 confirms no record of dispatch, meaning the alleged summons and verified complaint were never sent.Evidence of Unsent & Undelivered Mail. This act constitutes mail fraud under 18 U.S.C 1341, asi it involved fraudulent attempt to simulate proper legal service and deceive the court into believing due process. Also constitutes mai; fraud without the involvement of a licensed postal carrier

3.  (November 25-27, 2019) Failed Attempts at a Vacant Lot

4. Charles Howes made three alleged attempts at serving foreclosure documents, supposedly leaving them on the door— the lot was vacant.

5. They falsely claimed service was completed by mail—yet they provided no tracking number, no delivery signature, and no verification of receipt.

6. The mailed copy was vague, marked only "Personal and Confidential", failing to identify the sender as a debt collector, violating notice requirements under Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692g.

7. (April 10, 2019)A certified mail package with tracking number #70183090000049547421 was returned to sender, proving service was never completed.

8. This package originated from SN Servicing, further exposing irregularities in attempted notification.

9. (March 4, 2020) Kenneth Manino allegedly mailed a summons and 1303 notice via first-class mail, marked personal and confidential, to 24 Deer Run Rd.

10. Critical issue: This address had no mailbox—Walters was living there temporarily while his home was being rebuilt due to fire damage.

11. Further issue: Fay Servicing never received payment for the home reconstruction, meaning they were never the true holders in due course and lacked standing to pursue foreclosure.

12. (June 10, 2022) Gina Votta alleged she sent a Notice of Motion for an Order of Judgment of Foreclosure and Sale—but: No tracking number exists to confirm delivery.No description of the envelope or receipt of acknowledgment was included

13. Lack of Proper Certification for Merit Filing

14. Angela DePaul, NY State, submitted a Certificate of Merit—yet it lacked a signature of the recipient and had no tracking number.

15. Service was allegedly conducted by Stef Marie, but no record of tracking, acknowledgment, or proof of completion exists.

16. Fay Servicing, and its authorized agents knowingly engaged in deceptive conduct in violation of 18 U.S.C. § 1341 (Mail Fraud) by falsely claiming legal service through unauthorized personal deposit into a USPS mailbox. Under federal postal regulations, only licensed postal employees may deposit mail into federal mail receptacles. This act constitutes a fraud upon the court and a direct violation of the defendant's due process rights, as no verified service or lawful proof of mailing exists. All judgments and orders based on this improper service are constitutionally defective and must be vacated.

Given the timeline of events, it is clear that the servicer failed to properly effect service. It is without reasonable doubt that we can conclude based on the evidence provided by Fay Servicing and its authorized agents,  that Derrick Walters was never properly notified, and every alleged service attempt was incomplete, unverified, or outright fabricated. All of their motions must be dismissed with prejudice.

Because proper service is a fundamental requirement in foreclosure proceedings, this action is legally null and void due to:

- Failure to prove prima facie standing.
- Defective service violating due process protections under CPLR 308 and FDCPA notice requirements.
- Intentional misrepresentation of completed service, demonstrating judicial misconduct and fraud upon the court.

FURTHERMORE THE FRAUDULENT  FORECLOSURE ACTION IS TIME-BARRED UNDER NEW YORK CPLR § 213(4)

A. Despite the aggressive tactics Empire Community Development, who's address traces to Pennsylvania and is  a Non Existent Shelf Company/ Investment Portfolio Name with no no standing to bring forth a suit in New York has reached The Six-Year Statute of Limitations expiration date.

Under New York Civil Practice Law and Rules (CPLR) § 213(4), the statute of limitations for a mortgage foreclosure action is six (6) years from the date the debt is accelerated—that is, the date the "lender" declares the full amount of the loan immediately due and payable.

In the instant case, the opposing parties—Empire Community Development LLC and Fay Servicing LLC, a known habitual offender recently sanctioned for misconduct by the CFPB—assert that a default occurred in or around 2012. Upon information and belief, the loan was accelerated at that time, thereby triggering the six-year statute of limitations applicable under New York law. However, it is with proof we can confirm they didn't receive the assignment until 2019.

Fay Servicing LLC has been repeatedly sanctioned by the Consumer Financial Protection Bureau (CFPB) for engaging in unlawful foreclosure practices, including: Violating a 2017 CFPB enforcement order by continuing to initiate foreclosures against borrowers who were actively seeking mortgage assistance. Failing to offer available mortgage relief options to struggling homeowners, depriving them of legally mandated protections. Overcharging borrowers for private mortgage insurance beyond the required period, resulting in financial harm. Ignoring federal housing protection laws by proceeding with foreclosures despite regulatory restrictions.

These violations demonstrate a pattern of misconduct and systemic abuse, reinforcing the need for strict judicial scrutiny of their foreclosure claims.

B. No Timely Foreclosure Action Was Initiated

Despite accelerating the loan in or around 2012, Plaintiffs did not initiate a valid foreclosure action within the six-year statutory window. No action was properly commenced until seven years later, and even then, Plaintiffs lacked standing due to a broken chain of title and a fraudulent assignment. *Verizzo v. Bank of New York* – *The court ruled that an assignee must demonstrate a clear chain of title to enforce a mortgage, emphasizing the necessity of properly executed assignment.*

The alleged assignment from MERS to CAM Ventures NY LLC was not executed until December 3, 2019—more than seven years after acceleration—and is itself invalid due to irregularities including:

- A notary date preceding the execution date;
- Black-lined notary section, impairing verification;
- Use of a fabricated or robo-signature marked "WALTERS FDH."

As such, any foreclosure action brought now is time-barred and must be dismissed with prejudice.

C. No Tolling Events Apply

There are no applicable tolling events to revive the claim:

- The bankruptcy referenced by Plaintiffs was dismissed and has no tolling effect;
- No valid or enforceable loan modification was executed to restart the statute;
- The Original Creditor and Creator of the note, Derrick Walters, has filed UCC-1 Financing Statements, rescinded his original contract signature, and lawfully transferred his interest in the property into a private trust—The Dynamic Walters Trust—thereby extinguishing personal liability and invoking protections under trust law;
- No reinstatement or reaffirmation of the debt occurred.

D. The Foreclosure Action Must Be Dismissed with Prejudice

Because Empire Community Development LLC failed to commence a valid foreclosure action within the six-year statute of limitations and no tolling applies, this action is time-barred under CPLR § 213(4). The Court should:

- Dismiss the foreclosure claim with prejudice;
- Declare the mortgage unenforceable;
- Quiet title in favor of The Dynamic Walters Trust;
- Enjoin any further attempts by Empire Community Development, Fay Servicing LLC  or their agents to assert a claim against the property located at 3 Palomino Terrace, Newburgh, NY 12550.

All signs point to Empire Community Development LLC being a front for PPR (Partners for Payment Relief ), which shares the same address at 920 Cassatt Road Berwyn, Pennsylvania 19312 . This pattern indicates corporate concealment and fraud, used to obscure the real party in interest and unlawfully seize property under color of law.

E. Empire Community Development LLC and its council's  Failure to Respond Warrants a Default Judgment in Favor of Derrick Walters.

Under federal and state law, when a party  fails to produce documents requested in discovery or court order, and fails to respond to repeated lawful demands, the allegations against them are deemed admitted. In this case:

- Defendants  have never proven they own the debt;
- They failed to show an unbroken chain of title or any valid transfer;
- They have refused to validate the entity known as Empire Community Development LLC;
- Their silence confirms the truth of Defendant's allegations.

Accordingly, this Court should Order default judgment in favor of Derrick Walters, and issue a permanent injunction against Plaintiffs from pursuing any further claim or enforcement action against the property at 3 Palomino Terrace, Newburgh, NY 12550.

## III. VIOLATION OF ADA & FHA

Derrick Walters is  a documented disabled individual, protected under both federal and state law. Despite knowing this, Empire Community Development LLC has continued discriminating on his disability and continued prosecuting foreclosure without accommodating his disability, after being made aware in bankruptcy proceedings and through certified financial filings. Their continued actions constitute a discriminatory denial of reasonable accommodation, and violate:

- 42 U.S.C. § 12132 (ADA) – Prohibits exclusion from services of public entities on the basis of disability.
- 42 U.S.C. § 3604(f)(2) (FHA) – Makes it unlawful to discriminate in the provision or enjoyment of housing due to a handicap.

This is a civil rights violation, entitling Derrick Walters  to immediate injunctive relief and damages.

## IV. FRAUD FROM INCEPTION: THE FORECLOSURE CARTEL

This case stems from the same fraudulent lending and securitization practices that triggered the 2008 market crash. The mortgage was split, securitized, and reassigned without legal authority, relying on fabricated instruments, including:

- Robo-signed assignments by "Ronald Friedman" as Assistant Secretary of MERS.
- Improper notarization by "Robin E. Mayer" — notarized a year prior to execution.
- Forged signatures such as "WALTERS FDH" — not belonging to Defendant or his agents.

This is not a clerical error — this is a coordinated act of foreclosure fraud, involving document tampering and obstruction of due process.

GROUNDS FOR EMERGENCY RELIEF

Derrick Walter seeks emergency injunctive relief on the following bases:

1. Violation of the Americans with Disabilities Act (ADA) — Plaintiff is a disabled individual whose condition and status were known to Defendants during all material times, as disclosed in prior bankruptcy proceedings and related filings.
2. Violation of the Fair Housing Act (FHA) — Defendants pursued foreclosure action with discriminatory disregard for Plaintiff, Derrick Walters,  disability, denying reasonable accommodations.
3. Fraudulent Assignments and Robo-Signing — The assignment of mortgage purporting to vest standing in Empire Community Development is facially defective, involving inconsistencies, altered notarial acknowledgment, and unlawful robo-signatures.

4.  Improper Service of Process — Fay Servicing LLC  failed to effectuate service at Derrick Walters legal address, relying instead on a known-vacant property post-fire and an alternative location with no mailbox, depriving Plaintiff of notice and due process.

5.  Given the timeline of events, it is clear that the servicer failed to properly effect service. Walters was never properly notified, and every alleged service attempt was incomplete, unverified, or outright fabricated.

6.  Because proper service is a fundamental requirement in foreclosure proceedings, this action is legally null and void due to:

7.  Failure to prove prima facie standing.

8.  Defective service violating due process protections under CPLR 308 and FDCPA notice requirements.

9.  Intentional misrepresentation of completed service, demonstrating judicial misconduct and fraud upon the court. Chain of Title- The opposing party, Empire Community Development LLC, has failed to establish a valid chain of title from the originating lender. Specifically:

10. No Clear Chain of Ownership – The opposing party has not provided legally sufficient documentation tracing ownership from the original lender to their entity.

11. Failure to Produce the Original Note – The original promissory note with a wet ink signature has not been presented, raising concerns about the legitimacy of the claimed debt.

12. Lack of Valid Proof of Transfer – No properly executed assignment has been submitted, nor has the opposing party provided evidence of the amount of transfer, which is required to establish lawful ownership.

13. Potential Title Defects & Fraudulent Filings – The absence of a clear, unbroken chain of title suggests possible misrepresentation or document tampering, warranting judicial scrutiny.

Given these deficiencies, the foreclosure claim lacks legal standing and should be dismissed or subjected to further evidentiary review.

## III. FAILURE TO ESTABLISH A PRIMA FACIE FORECLOSURE CASE

Defendant Empire Community Development, LLC has failed to meet the legal and procedural threshold to commence foreclosure. Under New York law and federal principles of due process, foreclosure requires the Plaintiff to demonstrate:

- Legal standing at the time of commencement;
- Possession of the original note and mortgage;
- Proper and valid assignment of interest;
- Compliance with RPAPL § 1304 and service requirements.
- Jurisdiction in the state of New York.None of these elements have been met. Specifically:
- The mortgage assignment is defective, containing a questionable "WALTERS FDH" signature and improper notarization;
- Empire Community Development LLC  has submitted no proof of actual default by Defendant;
- No chain of custody of the note has been presented;
- The alleged 90-day pre-foreclosure notice is unverified and legally insufficient.
- To date,The Process Service Company created tracking labels that have not been shipped since 2019 per the United States Postal Service Website.

## IV. LACK OF STANDING — FEDERAL STANDARDS

In Frank v. Gaos, 139 S. Ct. 1041 (2019), the Supreme Court reaffirmed that a Plaintiff must establish actual, concrete injury and standing. Similarly, Davis v. FEC, 554 U.S. 724 (2008), emphasized that a party must demonstrate a direct stake in the outcome to satisfy Article III jurisdiction.

Empire Community Development, LLC has not proven it holds the original note, suffered any legal injury, or lawfully acquired the mortgage or has standing to bring forth a lawsuit in the state of New York. Their business registration is not available on the New York Secretary of State website, Duns and Bradstreet. And as confirmed by agents of SN Servicing and Fay Servicing, Empire Community Development LLC is the Portfolio Name for the Investors, Partners for Payment Relief (PPR)  the real holders of the note in due course.

 Therefore, this foreclosure action lacks subject matter jurisdiction under federal standing doctrine and must be stayed or dismissed.

This action arises from a criminal foreclosure enterprise operating under the guise of legitimate judicial process. Plaintiff Derrick Walters, a disabled homeowner, seeks emergency relief to stop an unlawful foreclosure on the real property located at 3 Palomino Terrace, Newburgh, NY 12550, scheduled for sale in May 2025, despite:

- Improper or failed service of process;
- Fraudulent and forged assignments of mortgage;
- Violations of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA);
- Due process violations in state court proceedings;
- And evidence of racketeering, forgery, and unclean hands by parties using the courts as instruments of fraud.

The foreclosure scheme was executed in bad faith from inception, with lack of full disclosure and later involving robo-signing, fraudulent notaries, and a complete breakdown in the chain of title, resulting in a foreclosure action without standing, without due process, and without lawful authority.

Plaintiff,  Derrick Walters,now turns to this Court for immediate federal intervention to stop the sale, declare the foreclosure void, and seek justice against a coordinated network of financial predators exploiting disabled and vulnerable homeowners. Furthermore, it is in the public's best interest to learn Empire Community Development LLC Is a Ghost Entity Operating in Bad Faith.

Upon extensive due diligence and investigation, Empire Community Development LLC cannot be found on:

- Google business searches;
- The New York State Division of Corporations;
- Dun & Bradstreet;
- The Delaware Division of Corporations;
- Any known or verifiable corporate registry.

## I. JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States, including the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), the Fair Housing Act (42 U.S.C. § 3601 et seq.), the Truth in Lending Act, and civil rights protections under 42 U.S.C. §§ 1983, 1985, and 1986, among others.
2. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims, including wrongful foreclosure, quiet title, fraud, unjust enrichment, breach of fiduciary duty, and intentional infliction of emotional distress.
3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of the action is located in Orange County, NY, within this judicial district, and because the events giving rise to the claims occurred therein.

Plaintiff Derrick Walters has standing to bring this action pursuant to Article III of the United States Constitution, as he has suffered—and continues to suffer—actual, concrete, and particularized injuries as a result of the defendants' conduct. These injuries include, but are not limited to:

- The imminent loss of his primary residence through a fraudulent foreclosure process;
- The denial of due process and equal protection under the law;
- Violations of his rights under the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA);
- Emotional distress, reputational harm, and financial injury due to defendants' misrepresentations and unlawful practices.

The Supreme Court in *Frank v. Gaos, 586 U.S. ___ (2019)*, emphasized that federal courts lack jurisdiction unless plaintiffs have standing based on a "concrete injury-in-fact." The Court vacated the decision in that case due to failure to establish such harm. Unlike the speculative injury found insufficient in Frank, Derrick Walters presents undeniable evidence of harm: he is being unlawfully deprived of his home, despite clear disabilities and an active financing statement establishing his equitable interest. These are not hypothetical harms—they are ongoing violations with severe real-world consequences.

Furthermore, this case parallels the constitutional concerns addressed in *Davis v. Federal Election Commission, 554 U.S. 724 (2008),* where the Court ruled in favor of a self-funded political candidate who challenged a government-created imbalance. The Court recognized standing not only for financial loss, but for the systemic inequality and disadvantage that arose from state-imposed burdens.

Similarly,Derrick  Walters is subject to a government-enabled system of foreclosure abuse, in which courts are used as instruments of property theft. He faces a structural disadvantage stemming from defendants' fraudulent filings, misrepresentations, and concealment of material facts, all of which have been tolerated and enforced through improper judicial proceedings. As in Davis, the constitutional harm arises from the systemic abuse of authority and unequal treatment under the law.

Derrick Walter's  injuries are thus traceable to Empire Community Development LLC and Fay Servicing LLC actions and are redressable by the Court. He respectfully requests that the Court uphold its jurisdiction and immediately enjoin the pending foreclosure to prevent further irreparable harm.

## II. PARTIES

4.   Plaintiff Derrick Walters is a natural person residing at 3 Palomino Terrace, Newburgh, NY near [12550]. He is a person with a qualified disability under the ADA and FHA and is the beneficiary and secured party of The Dynamic Walters Trust, which holds equitable interest in the property in question.

5.   Defendant Empire Community Development LLC is a corporate entity claiming interest in the mortgage loan and foreclosure action, with its business operations extending into New York State. Its authority and standing are challenged herein.

6.   Defendant Fay Servicing, LLC is a mortgage servicer engaged in the foreclosure process against Plaintiff and is directly responsible for violations outlined in this Complaint.

7.   Defendant CAM Ventures NY LLC claims interest via a questionable and possibly void assignment of mortgage executed under fraudulent pretenses.

8.   Defendant MERS CORP Holdings, Inc. ("MERS") is a private registry that was used to facilitate a fraudulent chain of title in this case, operating without proper legal authority or standing.

9.   John Does 1–10 are unknown parties who participated in the fabrication of documents, unlawful assignments, notarial misconduct, and foreclosure-related fraud.

## III. STATEMENT OF FACTS

10.  On or about May 31, 2006, Plaintiff executed a mortgage transaction for the property located at 3 Palomino Terrace, Newburgh, NY. Since that time, Plaintiff has been subjected to a series of suspicious transfers, assignments, and servicing changes.

11.  In December 2019, an assignment of mortgage was allegedly executed by MERS as nominee for PlainsCapital Bank to CAM Ventures NY LLC, with glaring irregularities including:
*   A notary acknowledgment dated a year earlier than the signature date;
*   A notary block marred by black redactions and obfuscations;
*   A signature marked "WALTERS FDH," with no legal meaning or authorization;
*   No clear evidence of authority from MERS or PlainsCapital Bank.

12.  The Plaintiff has never received proper service of process in the underlying foreclosure action. The only mailing record submitted by Plaintiff's adversary was a Certificate of Mailing for $1.45, lacking a signature, receipt, or affidavit of delivery.

13.  Plaintiff was declared disabled in prior federal proceedings and bankruptcy filings. The Defendants were fully aware of Plaintiff's disability status, yet took no steps to provide required ADA/FHA accommodations.

14.  Defendants refused to negotiate or adjust procedures to accommodate Plaintiff's disability, even as they engaged in actions to dispossess him of his home, violating both federal law and basic principles of equity.

15.  Plaintiff tendered payment through lawful commercial performance by remitting an endorsed coupon, which was ignored. His attempt to settle and discharge the debt through trust and UCC mechanisms was met with no rebuttal or lawful response.

## IV. CAUSES OF ACTION

**Count I – Violation of the Americans with Disabilities Act (ADA)**

(42 U.S.C. § 12101 et seq.)

16. Plaintiff is a qualified individual with a disability as defined under the ADA. He receives disability benefits and has physical and mental impairments that substantially limit one or more major life activities.

17. Defendants, with full knowledge of Plaintiff's disability status — as disclosed in bankruptcy court records and in Plaintiff's Financing Statement — failed to offer any reasonable accommodation or engage in any interactive process as required by law.

18. Defendants proceeded with foreclosure-related actions, legal filings, and threats of dispossession without ensuring Plaintiff's access to proper communication, service, or equal housing opportunity, in direct violation of Title II and Title III of the ADA.

19. This conduct constitutes willful discrimination against a disabled homeowner and directly contributed to Plaintiff's injury, stress, and housing insecurity.

**Count II – Violation of the Fair Housing Act (FHA)**

(42 U.S.C. § 3601 et seq.)

20. The FHA prohibits discrimination in housing-related activities on the basis of disability. Defendants knowingly engaged in unlawful conduct that denied Plaintiff the opportunity to maintain his residence.

21. By refusing to adjust their foreclosure practices or communicate through accessible means, Defendants intentionally or recklessly denied Plaintiff a fair and equal opportunity to retain his home.

22. This denial of accommodations and service amounts to housing discrimination under the FHA, entitling Plaintiff to damages, injunctive relief, and equitable remedy.

**Count III – Fraudulent Misrepresentation & Forgery**

23. Defendants knowingly submitted fraudulent documents in connection with the assignment of mortgage and foreclosure proceedings, including:
- A defective assignment with mismatched dates;
- Obscured notary acknowledgment;
- Signatures lacking legal authority or authentication;
- A false party "WALTERS FDH" allegedly signing on behalf of Plaintiff.

24. These representations were material and intended to induce court action. Plaintiff relied on the legitimacy of filings which, upon discovery, proved to be fabricated and criminal in nature.

25. Such acts constitute fraud and civil forgery and warrant full nullification of any foreclosure or transfer based on these documents.

**Count IV – Wrongful Foreclosure**

26. Defendants pursued foreclosure without legal standing, proper chain of title, or valid service. The property was unlawfully scheduled for sale despite:
- Lack of original mortgage note;
- Failure to provide proof of ownership;
- Ignoring Plaintiff's commercial tender and trust protections;
- Failure to follow procedural requirements for notice and service.
27. The foreclosure is fundamentally defective and void ab initio, and Plaintiff seeks to have the proceeding permanently enjoined and the title cleared.

**Count V – Civil RICO Violation**

(18 U.S.C. § 1962)

28. Defendants, Empire Community Development LLC  individually and through their agents, engaged in an ongoing fraudulent foreclosure scheme as part of a broader portfolio enterprise, exhibiting a consistent pattern of racketeering activity, including but not limited to:
29.  Knowingly submitting false and misleading documentation to the courts in furtherance of an unlawful foreclosure process. Engaging in deceptive practices to misrepresent standing and ownership interests, creating legal barriers to due process. Coordinating wrongful property seizures under fraudulent pretenses, depriving rightful homeowners of their assets. Manipulating financial records and legal filings to conceal the lack of lawful authority and legitimate ownership. Violating federal and state statutes governing foreclosure procedures and financial disclosures, constituting a persistent and intentional abuse of legal systems.
- Forgery of assignments,
- Mail fraud,
- Wire fraud,
- Notarial misconduct,
- Exploitation of disabled individuals through the courts.
29. The foreclosure system has been weaponized to extract property under false pretenses, with coordination between servicers, law firms, and robo-signers — a classic RICO pattern.
30. Plaintiff seeks full treble damages, attorney's fees, and equitable relief under 18 U.S.C. § 1964(c).

**Count VI – Quiet Title**

31. Derrick Walters  holds equitable and legal interest in the subject property through trust ownership, rescission of prior signatures, and UCC filings securing all rights and interests.
32. No Defendant holds valid claim, lien, or authority to assert title against Plaintiff.

33. Plaintiff, Derrick Walters respectfully demands that the Court quiet title in his favor and record The Dynamic Walters Trust as the sole interest holder.

**Count VII – Violation of Due Process Rights**

(42 U.S.C. § 1983)

34. Defendants acted under the color of state law by engaging the judicial process to dispossess Plaintiff without proper notice, service, or hearing.

35. This constitutes a direct violation of Plaintiff's Fifth and Fourteenth Amendment rights, denying him access to a fair trial, meaningful defense, and full opportunity to be heard.

36. Defendants further abused court mechanisms by submitting fraudulent evidence and misusing foreclosure laws in a manner that deprived Plaintiff of constitutionally protected property rights.

37. The Plaintiff knowingly engaged in deceptive conduct in violation of 18 U.S.C. § 1341 (Mail Fraud) by falsely claiming legal service through unauthorized personal deposit into a USPS mailbox. Under federal postal regulations, only licensed postal employees may deposit mail into federal mail receptacles. This act constitutes a fraud upon the court and a direct violation of the defendant's due process rights, as no verified service or lawful proof of mailing exists. All judgments and orders based on this improper service are constitutionally defective and must be vacated.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Derrick Walters, on behalf of himself and The Dynamic Walters Trust, WHEREFORE, Defendant respectfully requests this Honorable Court to:

a. Grant an Emergency Temporary Restraining Order (TRO) enjoining Plaintiffs from conducting or proceeding with any foreclosure sale of 3 Palomino Terrace, Newburgh, NY 12550;

b. Schedule an expedited hearing on the matter of a Preliminary Injunction;

c. Order Plaintiffs to cease and desist from any further attempt to take possession of the property pending resolution of this case; They have not proven standing and have submitted false documentation to the courts.

d. Grant a trial by jury

e.Dismiss all of Fay Servcing's Motions

f. Grant such other and further relief as this Court deems just, proper, and equitable

**I. GROUNDS FOR RELIEF**

1. Plaintiff, Derrick Walters, is a disabled individual and qualifies for protection under the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA). Plaintiffs were made

aware of Defendant's disability during prior bankruptcy proceedings and through formal filings, including Defendant's UCC Financing Statement.

2. Defendant, Empire Community Development LLC continued to attempt to foreclose on Plaintiff, Derrick Walter primary residence, despite knowledge of his disability and without offering reasonable accommodations, constitutes disability-based discrimination and a violation of federal anti-discrimination laws.

3. Defendant, Empire Community Development LLC failed to properly serve in the original state foreclosure action, violating Plaintiff, Derrick Walters, constitutional right to due process under the Fourteenth Amendment.

4. The chain of title is broken, and Empire Community Development lacks standing to foreclose due to fraudulent and improperly executed assignments of the mortgage.

5. Derrick Walters, has lawfully rescinded the mortgage contract and has conveyed equitable title in the subject property to The Dynamic Walters Trust, through recorded UCC filings and private trust conveyance.

6. Derrick Walters disability status was also disclosed to the bankruptcy trustee, and Empire Community Development and Fay Servicing attorney's acknowledged receipt of this information. Their continued actions to seize the property are not only unlawful but intentionally discriminatory.

7. Improper Service of Process — failed to effectuate service at Plaintiff's legal address, relying instead on a known-vacant property post-fire and an alternative location with no mailbox, depriving Plaintiff of notice and Proper due process. No signatures of receiving parties, no GPS tracking information to confirm delivery.

8. Broken Chain of Title — No valid chain of title from the originating lender to Empire Community Development LLC has been established. Empire Community Development LLC has not produced the original note or valid proof of transfer.

9. Fraudulent Assignments and Robo-Signing — The assignment of mortgage purporting to vest standing in Empire Community Development is facially defective, involving inconsistencies, altered notarial acknowledgment, and unlawful robo-signatures.

10. Statute of Limitation has expired.Under New York Civil Practice Law and Rules (CPLR) § 213(4), the statute of limitations for a mortgage foreclosure action is six (6) years from the date the debt is accelerated—that is, the date the lender declares the full amount of the loan immediately due and payable.

11. Empire Community Development LLC, has failed to establish a prima facie claim for foreclosure.

12. Lack of Factual, Untampered Evidence – The opposing party has not produced verifiable, unaltered documentation to substantiate their claims.

13. Fabrication and Tampering – Submitted records contain material irregularities, inconsistencies, and misrepresentations, raising concerns about their authenticity.

14. Failure to Meet Burden of Proof – A prima facie case requires clear, credible, and legally sufficient evidence, which the opposing party has failed to present.

15. Due Process Violations – Pursuing foreclosure based on defective filings constitutes an abuse of process and violates Plaintiff's right to fair legal proceedings.

16. Standing Deficiencies – The opposing party has not properly established legal standing, calling into question their authority to initiate any foreclosure-related actions.

17. Lack of Credit Reporting Evidence – The alleged debt was never reported on Plaintiff's credit report, which is an industry-standard practice for valid debt assignments. This omission suggests either improper transfer or a lack of legal standing to enforce foreclosure.

18. Absence of Notice of Default – The opposing party never issued nor docketed a legally required Notice of Default, violating fundamental foreclosure procedures and due process.

19. Absence of Certificate of Conformity – No Certificate of Conformity was produced in connection with the Lost Note Affidavit, violating New York's strict evidentiary requirements for out-of-state affidavits. This omission renders the affidavit legally defective.

20. Unauthorized Affiants  Lacking Legal Authority – The affidavits that were executed by individuals who claimed to represent the companies as Asset Managers, of SN SERVICING, *Donna Davis,* and " Assistant Secretary Fay Servicing LLC  but lacks a valid power of attorney or corporate authorization to act on its behalf. Without proper delegation of authority, the affidavit holds no legal weight.

21. No legitimate proof has ever  been submitted that the homeowner, Derrick Walters or any member of his family were ever notified via mail, in person , or electronic mail about a default and opportunity to cure.

22. All Servicing documents that were submitted to the courts, confirm the real injured party in this matter, Derrick Walters was never served.

23.  Any attempt to dismiss this challenge on procedural timing is an **intentional evasion of accountability**.

24. Derrick Walters asserts his rights under the Four-Corner Rule, ensuring that judicial review is strictly confined to the contents of the foreclosure documents presented, without reliance on extrinsic evidence or unsupported claims. This principle reinforces procedural integrity, preventing Fay Servicing LLC and its agents  from introducing speculative or undocumented assertions to justify foreclosure.

25. Under the Mailbox Rule, an offer or legal notice is considered effective upon dispatch, rather than upon receipt. If the debt discharge notice was properly mailed in March 2025, it is presumed legally effective as of the postmark date, even if the recipient disputes receiving it.

Under **New York law**, the servicer's foreclosure claim is **legally unsustainable**:

- **CPLR 213(8)** – Fraud claims are **not time-barred**, requiring judicial review regardless of elapsed time.
- **RPAPL § 1301** – Prevents foreclosure proceedings **without proper standing or documentation**.
- **Matter of Loughran v. County of Suffolk, 145 A.D.3d 858 (N.Y. App. Div. 2016)** – Confirms that defective service renders foreclosure **void**.
- **Bank of N.Y. Mellon v. Dieudonne, 171 A.D.3d 34 (N.Y. App. Div. 2019)** – Holds that foreclosure must be dismissed **if standing cannot be established**.

## II. INCORPORATION OF PRIOR FILINGS

Derrick Walters incorporates by reference all prior complaints, affidavits, UCC filings, motions, bankruptcy records, notices, and exhibits submitted in this matter and related proceedings. These documents provide a factual and legal basis supporting this Emergency Motion and the relief sought.

## III. LEGAL STANDARD

A Temporary Restraining Order and Preliminary Injunction may be granted where the movant demonstrates:

1. A likelihood of success on the merits;
2. A risk of irreparable harm without the injunction;
3. That the balance of equities tips in the movant's favor; and
4. That the injunction is in the public interest.

Defendant meets all these requirements.

Respectfully submitted,

*Derrick Walters* by Special Appearance only

Authorized Representative for

Derrick Walters, Injured Party

All Rights Reserved.Without Prejudice. Without Waiver of any Rights, Remedies, or Defense UCC 1 1-308

3 Palomino Terrace

Newburgh, NY 12550 | derrickw56@yahoo.com | 845-541-1655

## CERTIFICATE OF SERVICE

I, Derrick Walters, hereby certify that on this 28th  day of May , 2025, a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Verified Complaint was served by First Class Mail and/or electronic filing (ECF) upon the following parties:

Counsel for Empire Community Development LLC and Fay Servicing, LLC

**MARGOLIN, WEINREB & NIERER, LLP**

**575 Underhill Blvd Ste 224, Syosset, NY 11791-3416**

**Phone:**

**(516) 921-3838**

**cynthia@nyfclaw.com**

**seth@nyfclaw.com**

Additionally, a copy has been served on:

Clerk of the Court

U.S. District Court – Southern District of New York

300 Quarropas Street

White Plains, NY 10601

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  28th day of May, 2025.

*Derrick Walters,* Derrick WaltersExector  3 Palomino Terrace Newburgh, NY 12550

derrickw56@yahoo.com 845-541-1655

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

**EMERGENCY TEMPORARY RESTRAINING ORDER FOR IMMEDIATE DECLARATORY & INJUNCTIVE RELIEF AND TRIAL BY JURY**

Empire Community Development LLC, Fay Servicing LLC, **Plaintiffs**,

v.

**Derrick Walters, appearing in private capacity as the living principal and secured party creditor**, **Defendant**.

**Case No.: 7:2025cv04192**

**TRO FILED UNDER EMERGENCY BASIS PURSUANT TO FED. R. CIV. P. 65(b)**

This matter involves:

- **RACKETEERING IN VIOLATION OF 18 U.S.C. § 1961 et seq. (RICO)**
- **SYSTEMIC FRAUDULENT FORECLOSURE PRACTICES THROUGH FABRICATED ASSIGNMENTS**
- **PATTERNED DECEPTIVE FILINGS DESIGNED TO EVADE DEBT VALIDATION LAWS**
- **ONGOING ATTEMPTS TO DEFRAUD DEFENDANT & STRIP PROPERTY UNLAWFULLY**
- **CIVIL RIGHTS VIOLATIONS UNDER TITLE VII OF THE CIVIL RIGHTS ACT (42 U.S.C. § 2000e et seq.)**
- **DISCRIMINATION & FINANCIAL COERCION TARGETING PRIVATE CAPACITY CONTRACT CLAIMS**
- **ONGOING FAILURE TO COMPLY WITH FEDERAL CONSUMER PROTECTION LAWS**

Given the pattern of fraudulent foreclosure enforcement, and repeated appearances of Plaintiffs' legal counsel before this Court for identical violations, Defendant respectfully moves for an Emergency TRO, commanding:

1. **Immediate DECLARATORY RELIEF, recognizing that Plaintiff's foreclosure action is void due to fraudulent misrepresentation.**
2. **Immediate INJUNCTIVE RELIEF halting all foreclosure and collection actions** against Defendant.
3. **Restitution and financial recovery for fraudulent foreclosure-related damages.**
4. **Federal investigation into Plaintiffs' systemic misconduct under RICO statutes.**
5. **Trial by Jury to determine additional punitive damages and establish civil liability for Plaintiffs' fraudulent foreclosure scheme.**

**SIGNED AND ORDERED THIS DAY:**

**HON. KENNETH M. KARAS United States District Judge**

DERRICK WALTERS

% 3 Palomino Terrace

Newburgh,New York, near [12550]

Appearing by Special Appearance Only

Without Waiver of Any Rights, Remedies, or Defenses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS DIVISION

_____

Empire Community Development LLC , Fay Servicing LLC et al

v

Derrick Walters, appearing in private capacity as the living principal and secured party creditor,
Defendant.

Case No.:25CV4192

Judge: KENNETH M. KARAS

_____

# MEMORANDUM OF LAW

IN SUPPORT OF TEMPORARY RESTRAINING ORDER (TRO) DUE TO FRAUDULENT SERVICE
AND PROCEDURAL MISCONDUCT

The Executor of the Estate, DERRICK WALTERS, appears in his private capacity as the living principal,
expressly refusing consent to statutory jurisdiction over this fraudulent foreclosure claim. The
Plaintiffs—Empire Community Development LLC and Fay Servicing LLC—fail to establish lawful
standing or authority, relying on fraudulent assignments, fabricated chain of title, and procedural defects
that render foreclosure null and void ab initio.

Jurisdiction must first be established before any foreclosure action can proceed, and Plaintiffs have not
demonstrated proof of lawful standing as **holder in due course** under UCC § 3-302. Furthermore,
Executor asserts that enforcement under statutory jurisdiction is improper, requiring judicial recognition
of the lawful private claim presented herein.

Throughout this process, Empire Community Development LLC and Fay Servicing LLC have treated
federal law as a mere obstacle to circumvent, rather than the governing force that demands their
compliance. They have engaged in a series of improper transactions, forged assignments, and judicial
evasion tactics, believing that their wealth and influence would insulate them from accountability.

This memorandum exposes the full scope of their deception from inception—documenting the fraudulent
chain of title, improper notarization practices, the unlawful separation of mortgage instruments, violations
of due process, and their blatant disrespect for federal oversight.From the very inception of his financial
dealings with the lender, Walters was marked—not as a valued borrower, but as prey. As a Black man, he
was systematically steered into exploitative loan terms, subjected to interest rates that far exceeded any

legitimate risk assessment, with his first mortgage set at 8.75% and his second at a staggering 12.75%, not as a reflection of market forces, but as a deliberate act of financial predation. This was not a miscalculation; it was an orchestrated scheme, rooted in racial bias, designed to extract wealth from vulnerable borrowers under the guise of legitimacy. And just as he endured one layer of discrimination, another emerged—this time weaponizing his disability to accelerate foreclosure without offering legally mandated loss mitigation options. The servicer, knowing full well its obligation under 12 C.F.R. § 1024.41, fabricated records, claiming assistance was provided while ensuring the mailed notices were never sent, forging paper trails of deceit to mask their malpractice. This is not just financial misconduct—it is an open violation of Fair Housing Act (42 U.S.C. §§ 3601-3619) and Equal Credit Opportunity Act (15 U.S.C. § 1691-1691f) protections, transforming a legal framework meant to safeguard borrowers into a brutal weapon of dispossession. Discriminatory Pricing Practices Were Proven according to The statistical analysis that showed African American, Hispanic, females, and older borrowers were charged higher discretionary fees than younger, white male borrowers. The court ruled that discretionary pricing by loan officers and brokers—not just risk-based pricing—was unlawful discrimination.

The deception is undeniable, the intent unmistakable, and the harm inflicted upon Walters—an innocent man seeking only fairness in his financial dealings—irreparable. To allow this foreclosure to proceed unchecked would be to sanction an unconscionable miscarriage of justice, one that echoes the documented abuses of Long Beach Mortgage Company, where courts recognized similar patterns of racial and economic exploitation. This court must not only acknowledge the severity of these violations but must act decisively to halt this **foreclosure, expose these fraudulent acts**, and restore the integrity of due process before yet another innocent homeowner is forced into financial ruin.

 Furthermore, The Absence of a Trustee  Invalidates Enforcement Rights. A securitized trust must have a legally designated trustee to administer the mortgage assets. Here, no valid trustee is present, raising fundamental questions about who legally holds the right to foreclose. Case precedent (Wells Fargo Bank v. Philantrope, 2020) confirms that foreclosure actions can be voided if the trust lacks proper administration of assets. We have evidence that proves a label was created for the IRS sent by Empire Community Development LLC but was never officially mailed by their servicing company, AlState Process Server Inc. The Mortgage Was Never Properly Deposited Into the Trust. A valid trust must comply with the Pooling & Servicing Agreement (PSA), which requires proper transfer and assignment of mortgages into the trust. Here, no valid deposit was made, evidenced by the failure to send IRS filings—the label was created but never mailed, proving the trust never received the asset. No Trust is visible in this case. Only the Walters Dynamic Trust which holds first superior interest in the note. Without proper assignment, their trust would  lack standing to enforce foreclosure. Courts have dismissed cases based on similar defects.

Foreclosure Initiation After Bankruptcy Dismissal Raises Predatory Timing Issues. Although the servicer paused foreclosure during Walters's  bankruptcy, it immediately resumed once the case was dismissed.This raises concerns of predatory foreclosure timing, where lenders disregard a borrower's financial recovery post-bankruptcy.Case precedent (In re Ferrell, 2023) establishes that foreclosure efforts immediately post-bankruptcy dismissal can be challenged for equitable relief and procedural abuse.

Under 12 C.F.R. § 1024.41, mortgage servicers are required to evaluate borrowers for loss mitigation options before proceeding with foreclosure. This regulation exists to prevent unnecessary foreclosures and ensure that borrowers have a fair opportunity to retain their homes. However, in this case, the servicer fabricated records, falsely claiming that loss mitigation was offered while ensuring that no actual notices were sent. Empire Community Development LLC and Fay Servicing LLC are also in Violation of Federal Loss Mitigation Requirements. Pursuant to Regulation X (12 C.F.R. § 1024.41) which mandates that servicers must:

- Exercise reasonable diligence in obtaining documents for loss mitigation.
- Promptly review applications and notify borrowers of their status.
- Suspend foreclosure proceedings while a loss mitigation application is under review.

The servicer failed to comply with all of these requirements, instead creating mailing labels but never sending notices, proving that no genuine effort was made to assist the borrower.Procedural Misrepresentation & Fraudulent Documentation reek in this case. The servicer submitted false affidavits claiming compliance with loss mitigation rules. Evidence shows that all mail was returned to the sender because the address was undeliverable and every piece of mail was  unopened, contradicting their affidavit. Courts have ruled in cases like Wells Fargo Bank v. Philantrope (2020) that false affidavits regarding loss mitigation invalidate foreclosure actions.

 Empire Community Development and Fay Servicing LLC's own paper work reveals Bad Faith Conduct & Predatory Foreclosure Practices. All you have to do is read and see for yourselves. It doesn't take a genius to figure it out.  Just sit, read and observe their own filings to see through the fraudulent documentations. The servicer's actions demonstrate bad faith, as they knowingly fabricated compliance records while denying the borrower a fair opportunity to avoid foreclosure. Case precedent (U.S. Bank v. Green, 2021) confirms that failure to provide proper notices can lead to dismissal of foreclosure proceedings.

The Consumer Financial Protection Bureau (CFPB) has repeatedly penalized mortgage servicers, including Fay Servicing LLC, for fraudulent loss mitigation practices, imposing millions in fines—most recently in 2024. Yet, these financial penalties have done little to deter their misconduct. Rather than operating within legal and ethical boundaries, these servicers treat regulatory fines as nothing more than the cost of doing business, knowing that while they may lose one case, the profits from countless other fraudulent transactions will more than compensate for their liability. Their model depends on deception—selling and reselling distressed loans, hoping that the vast majority of homeowners remain unaware of the fraud until it is too late to fight back. This isn't just an isolated violation; it's a systemic pattern of abuse, a calculated scheme designed to maximize financial gains at the expense of homeowners' rights, all while regulators struggle to keep pace with their misconduct. This court must recognize that this case is not an exception—it is part of a long-standing, deliberate strategy of exploitation, and it demands scrutiny beyond mere financial penalties.

DEMAND FOR ACCOUNTABILITY: THE CORPORATE MASK OF FRAUD

This is not just foreclosure—it is economic predation disguised in legal formality. The Plaintiffs are not financial professionals; they are corporate gangsters, draped in suits, hiding behind falsified paperwork

and judicial complacency. They forge signatures, manipulate escrow funds, falsify assignments, and weaponize bureaucracy to strip homeowners of everything they've built.

They operate in the shadows of legal loopholes, exploiting procedural delays, knowing that most victims won't uncover the deception until it's too late. This is a calculated operation, backed by unseen financiers, designed to steal homes through fraudulent filings, and launder the theft through legal channels so it appears legitimate.

Their misuse of the law is grotesque—they are thugs in corporate masks, looting the very families who sacrificed everything to achieve homeownership, only to find their life's work hijacked by fabricated documents and judicial indifference.

And their attorneys? The ones who signed fraudulent assignments, swore under penalty of perjury that they had firsthand knowledge of nonexistent transactions? They are not officers of the court—they are co-conspirators, enabling financial theft while masquerading as legal professionals.

THE COURT MUST ACT NOW: DECISIVE ACTION IS REQUIRED

To allow this fraudulent foreclosure to proceed would be a judicial endorsement of economic tyranny. If this Court does not intervene, it legitimizes corporate theft, sending a clear message that fraudulent filings, concealed financial interests, and falsified mortgage assignments will be tolerated.

This is not just about one homeowner—it is about exposing systemic foreclosure fraud at its core. The corporate thieves behind this scheme must be dismantled, their fraudulent claims stripped from judicial recognition, and their attorneys forced to answer for their complicity in financial deception.

Justice is not a suggestion—it is an obligation. The time to act is now.

**I. LIKELIHOOD OF SUCCESS ON THE MERITS**

The Executor of the Estate, DERRICK WALTERS, appears in his private capacity as the living principal, expressly rejecting consent to statutory jurisdiction over this fraudulent foreclosure claim. Plaintiffs—Empire Community Development LLC and Fay Servicing LLC—have failed to establish standing, engaged in fraudulent assignments, violated procedural due process, and concealed material defects in title.

## II. BACKGROUND & TIMELINE OF FRAUDULENT ASSIGNMENTS

A. MANUFACTURED DOCUMENTATION & THE BROKEN CHAIN OF TITLE

The following timeline presents irrefutable evidence that the foreclosure claim is procedurally and legally defective:

1. December 3, 2018 – MERS, acting as nominee for PlainsCapital Bank, allegedly assigns the mortgage to CAM Ventures NY LLC.

- ○ Critical Issue: The assignment was not recorded until July 24, 2019, seven months after execution, suggesting intentional backdating.
2. December 3, 2018 – CAM Ventures NY LLC then supposedly assigns the same mortgage to Partners for Payment Relief LLC.
   - ○ Critical Issue: The second assignment was executed on the same day the first was made, meaning CAM Ventures could not have had legal possession at the time of transfer.
3. July 24, 2019 – The first assignment is recorded in Book 14598, Page 627.
   - ○ Critical Issue: No proof exists that CAM Ventures legally acquired the mortgage before transferring it on the same day.
4. July 30, 2019 – The second assignment is recorded in Book 14604, Page 1260, six days after the first assignment was filed.
   - ○ Critical Issue: This sequence directly contradicts proper title transfer protocols and raises severe doubts regarding legitimacy.

These assignments reveal blatant document fabrication—a direct violation of New York Real Property Law, federal mortgage regulations, and judicial transparency requirements.Plaintiffs cannot establish continuous ownership due to fraudulent and retroactively manipulated assignments that do not align with lawful transfer principles. The same-day assignment transfers, executed between unregistered entities, suggest paper transactions fabricated to establish standing, not legitimate transfers.The assignment trail is tainted, with entities that do not exist in the Secretary of State's corporate registry, indicating potential use of shelf corporations to disguise ownership. Empire Community Development seems to be registered in Delaware but not registered as foreign Limited Liability Company in New York. Plaintiffs failed to provide **accurate disclosures** regarding:

- Ownership transitions between mortgage holders.
- Valid endorsements proving rightful possession of the note at the time of foreclosure initiation.
- The unlawful introduction of the secondary junior lien, severing the mortgage instruments.

B. No Standing to Foreclose & Due Process Violations & Judicial Misconduct

- Plaintiffs fail to establish valid holder in due course status under UCC § 3-302.
- No entity involved can prove lawful possession of the original note, endorsements, or conformity papers required for foreclosure enforcement.
- The introduction of the junior lien fractured the unity of the mortgage, note, and deed, rendering foreclosure null and void ab initio.

Due Process Violations & Judicial Misconduct

- The lower courts failed to scrutinize fraudulent filings, dismissing critical evidentiary defects that prove foreclosure is procedurally unlawful.
- Judge E. Loren Williams ignored direct challenges to the fraudulent prima facie claim, instead rebuking the injured party rather than addressing misconduct.

- Plaintiffs submitted an improperly notarized document, violating New York's foreign notary authentication requirements.

A Higher Law Than Wealth: The Biblical, Constitutional, and Founding Principles Defied

*"Woe unto them that decree unrighteous decrees, and that write grievousness which they have prescribed." — Isaiah 10:1*

From the earliest records of civilization, law was intended not to serve the powerful, but to protect the vulnerable. In Leviticus 25:23, the Lord declared: "The land shall not be sold forever: for the land is Mine." Yet, in the pursuit of wealth and influence, Empire Community Development LLC and Fay Servicing LLC have twisted that law into a mechanism of oppression—a system where foreclosure is not an act of justice, but a transaction of greed, driven by false documentation and corporate manipulation.

This blatant fraud stands in direct violation of the Constitution, which demands due process, transparency, and rightful ownership in legal proceedings. The Fourth and Fifth Amendments safeguard property rights, ensuring that no person shall be deprived of their home without due process of law. But due process is not merely a procedure—it is a sacred trust, an unshakable pillar upon which our nation was built. To allow foreclosure based on fraudulent filings and forged jurisdictional authority is to desecrate the very foundations of the legal system.

Our forefathers fought against unjust control, rejecting a system where the wealthy could dictate the fate of others without consequence. Thomas Jefferson warned of financial oppression, writing: *"If the American people ever allow private banks to control the issue of their currency... those banks and corporations will deprive the people of all property, until their children wake up homeless on the continent their fathers conquered."*

Are we now at that precipice? Will this court allow corporate fraud and judicial negligence to strip rightful landowners of their property, with no consequence, no accountability, and no respect for the law?

This foreclosure, based on fabricated documents, a broken chain of title, and procedural deception, is not simply a legal dispute—it is the battleground where justice itself is tested. If this court fails to act, it sends a resounding message: that truth is irrelevant, that wealth prevails over law, and that corruption will go unchecked when backed by power.

The Bible warns against dishonest scales (Proverbs 11:1), the Constitution prohibits deprivation of property without due process, and our forefathers established this nation on principles that reject financial tyranny. To allow this foreclosure is to betray all three.

## C. Violation of Americans with Disabilities Act (ADA) & Fair Housing Act (FHA): A Systematic Attack on Homeowners

### I. The Walters Family: A Real-Life 99 Homes

The Walters Family is living the nightmare portrayed in the Netflix documentary *99 Homes*—a film that exposes how corporate greed, fraudulent filings, and judicial complacency allow financial institutions to strip homeowners of their property through deception.

This is not just a foreclosure case—it is a calculated scheme, designed to exploit procedural loopholes, manipulate paperwork, and delay accountability until it is too late for homeowners to fight back.

The Plaintiffs—Empire Community Development LLC and Fay Servicing LLC—have engaged in predatory foreclosure tactics, violating federal protections under the ADA and FHA, while mocking the very laws designed to prevent such abuse.

II. Denial of Reasonable Accommodations: A Direct Violation of ADA & FHA

Under Title II of the ADA and Section 804 of the FHA, financial institutions must provide reasonable accommodations to individuals with disabilities in foreclosure proceedings. This includes:

- Ensuring fair access to legal remedies without procedural manipulation.
- Providing clear disclosures and assistance in navigating foreclosure defenses.
- Preventing discriminatory practices that disproportionately harm disabled homeowners.

Yet, in this case, Plaintiffs have deliberately obstructed due process, refusing to acknowledge Executor's federally protected rights, and denying accommodations that would have ensured a fair legal review.This is not just negligence—it is intentional discrimination, designed to push foreclosure forward without accountability.

**III. Case Law Precedents Supporting ADA & FHA Violations**

1. *United States v. Toll Bros., Inc. (S.D.N.Y.)*-The DOJ filed suit against developers for violating FHA accessibility requirements, proving that failure to accommodate disabled individuals in housing transactions is unlawful.
2. *HUD v. Elite Properties of Iowa*- A federal ruling established that denying reasonable accommodations in foreclosure proceedings constitutes discrimination under FHA.
3. *Florida Fair Housing Laws (Milgrim, Esq.*)Legal precedent confirms that refusing accommodations in foreclosure negotiations violates federal protections, reinforcing that Plaintiffs' actions are unlawful.
4. These cases prove beyond doubt that foreclosure cannot proceed when financial institutions fail to provide reasonable accommodations—yet Plaintiffs have ignored these legal obligations entirely for their unjust enrichment.

IV. The Investors Behind This Fraud: Profiting Off Misery

The investors funding this foreclosure scheme are not just financial entities—they are profiteers, exploiting hardworking homeowners who have done everything right.They manufacture fraudulent assignments, delay legal disclosures, and push foreclosure forward under false pretenses, knowing that by

the time homeowners realize the deception, it will be too late.This is not capitalism—it is legalized theft, executed through procedural manipulation and judicial evasion.

V. Demand for Reformation, Sanctions, and Criminal Accountability while HOLDING COUNSEL ACCOUNTABLE: LEGAL DUTY & LIABILITY

Attorneys are bound by ethical and legal obligations to ensure that their filings are truthful, transparent, and compliant with federal law. When they knowingly submit fraudulent documents, conceal financial backers, or obstruct due process, they become active participants in the fraud.**.**

**Legal Violations Committed by Counsel**

1. Attorneys are officers of the court, bound by professional ethics and legal duty to ensure that every document they sign is truthful and backed by direct, firsthand knowledge. Yet, in this foreclosure scheme, counsel for Empire Community Development LLC and Fay Servicing LLC have brazenly violated their oath, signing fraudulent assignments and defective foreclosure filings while falsely attesting to firsthand knowledge of the transactions.
2. Their signatures carry legal weight, but instead of upholding justice, they have weaponized their credentials to launder fabricated documents, giving legitimacy to a foreclosure built entirely on fraud, deception, and judicial manipulation. Now, they must answer for their lies.
3. Obstruction of Justice → By concealing the true financial backers, they have prevented rightful discovery of fraudulent transactions.
4. Violation of Federal Disclosure Laws → Under TILA and RESPA, financial institutions must disclose all parties involved in mortgage transactions—failure to do so is a direct violation of federal law.

## FRAUDULENT MISREPRESENTATION: SIGNING KNOWINGLY FALSE DOCUMENTS

Counsel affixed their signatures, stating under penalty of perjury that they had firsthand knowledge of the assignments, the transfers, and the foreclosure proceedings. Yet, the document trail tells a very different story:

1. Assignments were executed and recorded months apart—a clear sign of retroactive manipulation and backdating.
2. Same-day mortgage transfers contradict legal title protocols, proving that these transactions were fabricated on paper but never lawfully completed.
3. Entities involved in the transfers do not appear in the Secretary of State's corporate registry, meaning they are shelf corporations used for fraudulent conveyance.
4. No attorney with genuine firsthand knowledge could truthfully attest that these transfers were lawful, properly executed, or enforceable—yet they signed anyway, making them active participants in foreclosure fraud.

## LEGAL CONSEQUENCES OF COUNSEL'S FRAUDULENT SIGNATURES

Attorneys who knowingly sign fraudulent documents are subject to severe legal consequences, including disbarment, sanctions, and criminal prosecution. Federal courts have struck down fraudulent affidavits and voided transactions based on attorney misrepresentation.

A. Case Law Supporting Attorney Liability for Fraudulent Signatures

1. In re Snyder, 472 U.S. 634 (1985) → The Supreme Court ruled that attorneys engaging in fraudulent filings can be disbarred and held criminally liable.
2. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) → Established that fraudulent filings invalidate court judgments and require severe judicial correction.
3. United States v. Throckmorton, 98 U.S. 61 (1878) → Held that fraudulent misrepresentation by legal counsel nullifies all proceedings based on deception.

Under these precedents, every fraudulent document submitted by counsel must be struck, and their involvement in this foreclosure must be referred for criminal investigation. To prevent this abuse from continuing, the Court must impose:

1. Immediate reformation of foreclosure procedures, ensuring ADA & FHA protections are enforced.
2. Severe financial sanctions against Plaintiffs for violating federal law.
3. Criminal prosecution for fraudulent filings, document manipulation, and procedural misconduct.
4. This is not just about one case—it is about protecting homeowners nationwide from predatory foreclosure schemes that violate federal law with impunity.


## DEMAND TO UNCOVER THE TRUE FINANCIAL BACKERS

If this foreclosure was lawful, Plaintiffs would have no reason to conceal the financial backers behind it. Yet, they have shielded the true beneficiaries, preventing transparency in judicial review.

Given the severity of fraud and concealment, Executor demands:

1. Immediate disclosure of all financial entities funding this foreclosure.
2. Full audit of transactions between Plaintiffs and hidden investors.
3. Federal investigation into the use of shelf corporations for fraudulent mortgage assignments.
4. DEMAND FOR SANCTIONS, DISBARMENT & CRIMINAL PROSECUTION

Given the severity of fraud and concealment, Executor demands:

1. Immediate sanctions against Plaintiffs' counsel for fraudulent filings.
2. Disbarment proceedings against attorneys involved in foreclosure deception.
3. Criminal prosecution for obstruction of justice and financial fraud.
4. Full disclosure of all financial backers, ensuring transparency in foreclosure proceedings.

VI. Public Interest:

JUDICIAL DUTY TO ACT IN EQUITY: RESTORING JUSTICE THROUGH
FORCEFUL INTERVENTION

For too long, financial institutions like Empire Community Development LLC and Fay Servicing LLC
have operated above the law, using their corporate influence to manipulate foreclosure processes,
fabricate assignments, and exploit the judicial system to steal homes from rightful owners. Their abuse
of mortgage laws, their intentional misrepresentation, and their complete disregard for federal statutes have
decimated countless families, turning justice into a transaction that serves only the rich and
powerful.Judge Karas must prove that financial privilege does not grant immunity. He must restore
integrity to the judicial system by ensuring these money-hungry criminals do not walk away unscathed.

This case presents a turning point—either the Court reclaims equity and justice, or it becomes yet another
institution complicit in foreclosure fraud. The choice is clear.

If the Court fails to intervene, it sends a clear message:

- That financial institutions can violate federal law without consequence.
- That homeowners have no protection against foreclosure fraud.
- That the American Dream can be stolen through deception, and the courts will allow it.

This case is a defining moment—a test of whether justice will prevail over financial corruption.The Court
must act, ensuring that this abuse ends here.

FINAL DECLARATION: THE MOMENT FOR JUDICIAL INTERVENTION.

Failure to Effect Proper Service: A Systematic Violation of Due Process

The foreclosure action against Derrick Walters is legally null and void, as the servicer failed to complete
proper service, obstructed due process, and engaged in deliberate misrepresentation of notification
attempts. Every alleged service attempt was defective, unverifiable, or fraudulent, demonstrating an
intentional effort to proceed with foreclosure without valid notice to the injured party.

1. Fabricated & Defective Service Attempts

- March 4, 2020 – Kenneth Manino allegedly mailed a summons and 1303 notice via first-class
  mail, marked personal and confidential, to 24 Deer Run Rd, an address without a mailbox.
  - Walters was living there temporarily while his home was being rebuilt due to fire
    damage, meaning no valid service occurred.
  - Fay Servicing never received payment for home reconstruction, confirming they were
    never the true holders in due course.
- November 25-27, 2019 – Charles Howes attempted service at a vacant lot, falsely claiming
  documents were left on a door that did not exist.

- - The servicer claimed service was completed by mail, yet provided no tracking number, delivery confirmation, or proof of receipt.
  - The mailed copy was vague, lacking proper disclosure that it was from a debt collection firm, violating FDCPA 15 U.S.C. § 1692g.
- Angela DePaul, NY State, submitted a Certificate of Merit lacking:
  - A recipient signature
  - A tracking number
  - Any verification of acknowledgment
  - Service was conducted by Stef Marie, yet no proof of completion exists.

## 2. Evidence of Fraudulent & Unsent Mailings

- November 14, 2019 – Kenneth Manino created a mailing label, supposedly for documents sent to the IRS, yet records confirm it was never mailed, per USPS tracking.
  - Tracking number #7019112-0000086382998 confirms no record of dispatch, meaning the summons and verified complaint were never sent.
- June 10, 2022 – Gina Votta alleged she sent a Notice of Motion for an Order of Judgment of Foreclosure and Sale, yet:
  - No tracking number exists to confirm delivery.
  - No envelope description or proof of acknowledgment was included.
- April 10, 2019 – A certified mail package with tracking number #70183090000049547421 was returned to sender, proving service was never completed.
  - This package originated from SN Servicing, further exposing irregularities in attempted notification.

## 3. Procedural Misconduct & Ongoing Violations

- Fay Servcing, its agents, and legal council  knowingly proceeded in willful violation of federal protections, including:
  - Americans with Disabilities Act (ADA, 42 U.S.C. § 12101 et seq.)
  - Fair Housing Act (FHA, 42 U.S.C. § 3601 et seq.)
- In February 2025, it was revealed that the foreclosure action involves only the second mortgage, while the first mortgage remains active, meaning priority lien issues must be resolved before enforcement.
- March 2025 – Empire Community Development falsely argued that the second mortgage holder could act independently, yet courts require clear priority before foreclosure can proceed.
- April 2025 – Walters challenged uncertain ownership of the note, demanded discovery, yet the lower courts failed to compel production.
- May 2025 – Walters proved without a reasonable doubt that the broken chain of title violates UCC § 3-302, rendering foreclosure unenforceable due to failure to establish a valid assignment history with proper endorsements.

## 4. Fraudulent Filings, Manufactured Standing & Invalid Foreclosure

Upon due diligence, extensive research, and judicial review, it is now confirmed that:

- The foreclosure action is fraudulent and legally void due to improper separation of the mortgage, note, and deed of trust.
- Foreclosure cannot proceed where core instruments governing real property ownership have been severed, creating a fundamental defect in standing.
- Empire Community Development LLC and Fay Servicing LLC never appeared on Walters' credit report from 2012-2025, demonstrating improper assignments and invalid filings.
- Empire relies on an assignment from MERS, a non-holder entity, executed by a known robo-signer, containing irregularities including:
  - Forged notation "WALTERS FDH"
  - Blacked-out notarial acknowledgment
- In 2019, Fay Servicing LLC  sought default judgment before any lawful assignment was recorded, invalidating their filings.
- The rapid sequence of mortgage assignments from July 24, 2019 – August 2, 2019 demonstrates an intentional attempt to fabricate standing, rather than lawfully transfer ownership.
- Fay Servicing falsely claimed the note was 4,500+ days past due, despite only holding it for four months before foreclosure—a billing error violating TILA, 12 CFR § 1026.13.

## Fraudulent Foreclosure & Racketeering: A Coordinated Scheme to Evade Accountability and Commit Financial Crimes

The foreclosure action against Derrick Walters is legally null and void, as the servicer engaged in a deliberate scheme to fabricate standing, evade due process, and extract unlawful payments without valid debt ownership. Their actions constitute racketeering under RICO (18 U.S.C. § 1961 et seq.), as they knowingly conspired to execute a fraudulent scheme involving wire fraud, mail fraud, document falsification, and misrepresentation in debt collection practices.

1. Lack of Securitization & IRS Evasion

One of the most glaring violations is their failure to properly securitize the mortgage note:

- The note was never deposited into a trust, meaning it was never lawfully securitized as required under New York Trust Laws and IRS REMIC regulations.
- Their failure to properly assign the note invalidates their claim of ownership—they fabricated assignments post-dated to create a false impression of standing.
- They deliberately avoided serving the IRS, falsely claiming they had complied, when in fact no trust documents exist to prove lawful transfer.
- Because the mortgage was not placed into a securitization trust, no legitimate enforcement rights exist, making their foreclosure attempt fraudulent on its face.

2. Fay Servicing's Debt Validation Failure—Silence is Acquiescence

To date, Fay Servicing's legal counsel has failed to respond to the debt validation request, meaning they:

- Have not provided any documentation proving when they acquired the debt.
- Cannot confirm lawful ownership of the obligation.

- Have failed to prove standing in foreclosure proceedings.

Legally, silence is acquiescence—their refusal to validate the debt reinforces dismissal, as under 15 U.S.C. § 1692g (FDCPA), a servicer must provide debt validation within 30 days of request or risk forfeiture of collection rights.

Furthermore, Walters only received confirmation of Empire Community Development's assignment—but never any documentation proving when Fay Servicing obtained rights to enforce the debt. This failure further evidences fraudulent concealment and document fabrication, reinforcing that this foreclosure action is void ab initio.

3. Defective Service, Fabricated Assignments & Deliberate Fraud

- Empire Community Development relies on an assignment from MERS, a non-holder entity, executed by a known robo-signer, containing:
  - Forged notation "WALTERS FDH"
  - Blacked-out notarial acknowledgment
- 2019 Default Judgment Attempt – Empire sought judgment before any lawful assignment was recorded, invalidating their standing.
- The rapid sequence of mortgage assignments between July 24, 2019 – August 2, 2019, demonstrates a fabricated chain of ownership rather than a lawful transfer.
- Fay Servicing falsely claimed 4,500+ days of delinquency, despite only holding the note for four months before foreclosure, violating TILA, 12 CFR § 1026.13.

4. RICO Violations—Pattern of Fraudulent Activity

Given the servicer's deliberate misconduct, concealment of debt ownership, and fabricated foreclosure claims, they have engaged in a systematic criminal enterprise under RICO (18 U.S.C. § 1961 et seq.):

- Mail Fraud & Wire Fraud – Falsifying debt ownership records and mailing fraudulent foreclosure notices.
- Fraudulent Business Practices – Knowingly advancing a claim with fabricated documentation.
- Unjust Enrichment & Racketeering – Illegally extracting payments through false foreclosure enforcement.

5. Financial Restitution & Demand for Damages

Given the unlawful actions taken against Walters, he demands full financial restitution for all fraudulent claims and stolen funds:

1. Return of all payments made on the unlawfully enforced note.
2. Recovery of all escrow funds wrongfully diverted to Fay Servicing's attorneys.

3. Reimbursement for principal and interest extracted through fraudulent collection practices.
4. Punitive, statutory, and treble damages totaling $100 million to compensate for financial harm, emotional distress, and violations under federal fraud statutes.

6. Judicial Directives: Immediate Dismissal & RICO Investigation

Due to the overwhelming evidence of fraud, misrepresentation, document falsification, and predatory foreclosure practices, Walters demands:

- Immediate dismissal of foreclosure proceedings due to fraudulent filings and lack of standing.
- Judicial intervention to void fabricated assignments and prevent further unlawful collection efforts.
- A federal RICO investigation into the servicer's coordinated fraudulent scheme, exposing wider financial misconduct within mortgage servicing entities.

Fraud has no statute of limitations, and this case exposes a deliberate scheme to exploit procedural loopholes, evade regulatory oversight, and extract unlawful payments from unsuspecting homeowners. Walters asserts his rightful standing as executor, secured party creditor, and holder in due course, commanding the court to rectify this injustice and enforce full restitution and penalties against the responsible entities.

5. Judicial Directives: Immediate Dismissal Required

Given the overwhelming evidence of procedural failures, fraudulent misrepresentation, document forgery, and deliberate obstruction of due process, Walters demands:

1. Immediate dismissal of foreclosure proceedings, recognizing that fraudulent filings invalidate enforcement.
2. Judicial intervention to void fabricated assignments and misrepresented transfers, ensuring procedural integrity.
3. Permanent injunction against continued harassment and unlawful collection attempts.

Fraud has no statute of limitations, and this case exposes predatory foreclosure tactics designed to exploit procedural failures rather than enforce lawful debt collection. Walters asserts his rightful standing as executor, secured party creditor, and holder in due course, commanding the court to rectify this injustice and reaffirm established legal protections.

## Discrimination, Civil Rights Violations & Injunctive Relief

Beyond the fraudulent foreclosure and procedural misconduct, Fay Servicing and its authorized representatives  have engaged in unlawful discrimination against Derrick Walters, violating federal protections under the Americans with Disabilities Act (ADA), the Fair Housing Act (FHA), and Title VII of the Civil Rights Act of 1964.

Under Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.), it is a federal violation to discriminate against an individual in contractual, financial, or commercial transactions based on race. Empire Community Development LLC and Fay Servicing LLC, in coordination with their legal representatives, have engaged in systematic bias, obstructing due process specifically because Walters is a Black man asserting his commercial rights in private capacity.

Instead of recognizing Derick Walters as the living principal and secured party creditor, Fay Servicing LLC, and is legal council  Margolin, Weinreb & Nierer LLP have

- Systematically obstructed equitable review, exploiting procedural barriers to block access to justice.
- Misrepresented financial transactions, assuming he lacked proper knowledge of secured party principles, demonstrating racial bias in contractual dealings.
- Failed to provide equal access to financial disclosures, violating federal protections under constitutional due process and equal treatment doctrines.

Given the pattern of discrimination, paired with deliberate obstruction of debt validation, improper service, and financial coercion, demonstrates not just foreclosure misconduct, but systemic racial bias, making this case a federal civil rights issue requiring immediate judicial intervention.Fraud has no statute of limitations, and this case exposes a deliberate scheme to exploit racial bias, deny equitable review, and unlawfully seize property through fraudulent foreclosure tactics. Walters asserts his rightful standing as executor, secured party creditor, and holder in due course, commanding the court to rectify this injustice and enforce full penalties against the responsible entities.

This Court cannot ignore what has been uncovered—a foreclosure rooted in deception, fraudulent filings, improper assignments, and concealed financial backers.The Court must act, ensuring that this abuse ends here The Plaintiffs and their counsel have mocked due process, manipulated judicial procedures, and abused the system to strip innocent homeowners of their rightful property. This is not just another legal dispute. This is a direct test of the Court's commitment to equity, justice, and accountability.

Judge Karas must act swiftly and decisively—not only to halt this fraudulent foreclosure, but to send a resounding message that financial misconduct will not be tolerated in his courtroom. Fay Servicing  and their legal counsel have placed themselves above the law, disguising theft as procedure, turning homeowners into victims of deception. If this Court fails to intervene, it legitimizes that deception, and justice ceases to hold meaning.This is a moment of reckoning. The corruption ends now.

## PRAYER FOR RELIEF

Wherefore, Derrick Walters, acting in private capacity as the living principal and secured party creditor, respectfully prays for the following relief:

1. A declaratory judgment voiding all fraudulent foreclosure filings, recognizing that fabricated assignments and unlawful securitization invalidate enforcement.
2. An immediate and permanent injunction preventing further unlawful collection efforts, blocking any attempt to enforce foreclosure on this void note.

3. Restitution and full financial recovery, including:
   - Return of all unlawfully collected payments made under fraudulent misrepresentation.
   - Recovery of escrow funds wrongfully diverted to attorneys advancing deceptive foreclosure tactics.
   - Reimbursement of principal, interest, and unjust charges resulting from predatory practices.
4. Treble damages and statutory penalties in the amount of $100 million, ensuring accountability under federal fraud statutes and civil rights protections.
5. A judicial mandate for a federal RICO investigation, exposing the systemic corruption of mortgage servicers and their affiliated investment firms.

In closing, let it be acknowledged that true justice is not solely granted by earthly courts but by the divine authority of GOD Almighty, who stands as the supreme judge over all deceit, exploitation, and injustice.

May this court recognize its duty to uphold truth, fairness, and righteousness, ensuring that the oppressed receive justice, the wrongdoers are held accountable, and the system itself is purified from corruption.

In God's name, may justice be done.

DERRICK WALTERS

℅ 3 Palomino Terrace

Newburgh,New York, near [12550]

Appearing by Special Appearance Only

Without Waiver of Any Rights, Remedies, or Defenses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS DIVISION

_____

DERRICK WALTERS,

Plaintiffs

v.

Empire Community Development LLC & Fay Servicing, et al

Defendant.

Case No.:25CV4192

Judge: KENNETH M. KARAS

## PROPOSED ORDER GRANTING DISMISSAL & INJUNCTIVE RELIEF

Upon review of the filings, arguments, and evidence presented, the Court finds that:

1. **Plaintiff has failed to establish lawful standing**, as fraudulent assignments and improper securitization invalidate enforcement rights.
2. **Plaintiff has failed to demonstrate compliance with debt validation requirements**, reinforcing their lack of authority to proceed.
3. **Defendant has provided irrefutable evidence of predatory foreclosure tactics**, demonstrating a pattern of misconduct warranting immediate judicial correction.
4. **Repeated violations under RICO (18 U.S.C. § 1961 et seq.), ADA (42 U.S.C. § 12101 et seq.), and Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.) are present**, requiring federal review.

**IT IS HEREBY ORDERED THAT:**

1. **ORDERED THAT** Plaintiff's foreclosure action is dismissed **WITH PREJUDICE**, prohibiting further attempts to enforce this void claim.
2. **ORDERED THAT** Plaintiff and its affiliates are **PERMANENTLY ENJOINED** from pursuing collection or foreclosure against Defendant, recognizing the invalidity of their filings.
3. **ORDERED THAT** Plaintiff **SHALL RETURN ALL UNLAWFULLY COLLECTED PAYMENTS AND ESCROW FUNDS** associated with this fraudulent action.
4. **ORDERED THAT** Plaintiff **SHALL PAY STATUTORY AND TREBLE DAMAGES IN THE AMOUNT OF $100 MILLION**, compensating Defendant for financial harm and civil rights violations.
5. **ORDERED THAT A FEDERAL REVIEW OF PLAINTIFF'S FORECLOSURE PRACTICES SHALL BE INITIATED**, ensuring compliance with consumer protection laws and preventing systemic fraud.

**SIGNED AND ORDERED THIS DAY:** [May 24, 2025 ]

**HON. KENNETH M. KARAS United States District Judge**