UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMPIRE COMMUNITY DEVELOPMENT
LLC, *et al.*

*Plaintiffs,*

v.

DERRICK WALTERS,

*Defendant.*

Case No. 25-CV-4192 (KMK)

<u>ORDER & OPINION</u>

---

Appearances:

Seth Daniel Weinberg, Esq.
Margolin, Weinreb & Nierer, LLP
Syosset, NY
*Counsel for Plaintiffs*

Derrick Walters
Newburgh, NY
*Pro se Defendant*

KENNETH M. KARAS, United States District Judge:

Empire Community Development LLC and Fay Servicing, LLC ("Plaintiffs") brought

this Action against Derrick Walters ("Defendant"), in the New York State Supreme Court,

County of Orange.  (Decl. of Seth D. Weinberg, Esq. in Supp. of Pl.'s Mot. to Remand ("Decl."),

Ex. B, at 2, 4–7 (Dkt. No. 23-3).)[1]  Long after a default judgment was entered against Defendant,

Defendant appeared *pro se* in state court.  (Decl., Ex. C, at 5 (Dkt. No. 23-4).)  He then removed

the Action to this Court.  (*Id.* at 18; *see also* Notice of Removal (Dkt. No. 1).)  Plaintiffs filed a

---

[1] In citations to record materials, the Court refers to page numbers as automatically generated by the Electronic Case Filing system, which appear at the top-right corner of each page.

Motion for Remand (the "Motion"), which is currently before the Court.  (Second Mot. to Remand Case Back to State Court (Dkt. No. 23).)  For the reasons set forth below, the Action is remanded to the New York State Supreme Court, County of Orange.

I.  Background

A.  Factual Background

The following facts are drawn from the Complaint, which the Court accepts as true for the purposes of the motion to remand.  *See Torres v. St. Vincent DePaul Residence*, No. 22-CV-07012, 2023 WL 2754305, at *1 n.1 (S.D.N.Y. Apr. 3, 2023) (drawing the facts from the complaint).  "Because the validity of a removal petition involves a jurisdictional inquiry, the Court may draw additional facts where necessary from the parties' submissions, such as exhibits attached to the notice of removal or the motion papers."  *Town of Poughkeepsie v. S. Rd. Hosp. LLC*, No. 23-CV-04214, 2024 WL 1156083, at *2 (S.D.N.Y. Mar. 18, 2024).

On May 31, 2006, Defendant executed and delivered a Note to non-Party Plainscapital Bank for $49,600.  (Decl., Ex. A, at 4, 10 (Dkt. No. 23-2).)  To secure payment, Defendant also executed and delivered to non-Party Mortgage Electronic Registration Systems, Inc. a mortgage (the "Mortgage") dated May 31, 2006, which was recorded on June 2, 2006.  (*Id.* at 14, 26.)  The Mortgage was secured by a parcel of real property at 3 Palomino Terrace, Newburgh, New York (the "Property").  (*Id.* at 15.)  Beginning on October 1, 2013, Defendant failed to tender his monthly installment payments under the terms of the Mortgage and failed to tender each subsequent installment, going into default.  (*Id.*, Ex. B.)

B.  Procedural Background

On November 6, 2019, Plaintiffs commenced this Action in the Supreme Court of the State of New York, Orange County.  (*Id.*)  Plaintiffs sought to foreclose the Mortgage on the

2

Property. (*Id.*)  A process server averred that Defendant was served with process on February 27, 2020.  (*Id.*, Ex. D (Dkt. No. 23-5).)  Defendant then failed to answer or appear in the Action. (*Id.*, Ex. C.)  Accordingly, Plaintiffs filed a motion seeking default judgment and an order of reference.  (*Id.* at 3.)  Defendant filed no opposition, and the State Court entered an Order of Reference on September 30, 2021.  (*Id.*, Ex. E (Dkt. No. 23-6).)

On June 10, 2022, Plaintiffs filed a motion seeking, *inter alia*, a Judgment of Foreclosure and Sale.  (*Id.*, Ex. C.)  The Judgment of Foreclosure was entered on August 1, 2022.  (*Id.*, Ex. F (Dkt. No. 23-7).)  A sale of the Property was scheduled to take place on December 15, 2022, but Defendant filed for Chapter 13 Bankruptcy protection on October 26, 2022, which stayed the foreclosure.  (*Id.*, Ex. G (Dkt. No. 23-8); *id.*, Ex. H (Dkt. No. 23-9).)  The bankruptcy proceeding was dismissed on November 15, 2024.  (*Id.*, Ex. I, at 2 (Dkt. No. 23-10).)

A new sale was scheduled for March 14, 2025.  (*Id.*, Ex. C, at 5; *see also Empire Comm. Dev. v. Walters*, EF008814-2019 (N.Y. Sup. Ct.) (Dkt. No. 76).)  On March 5, 2025, Defendant filed an Order to Show Cause seeking emergency relief in the form of a stay on the sale and dismissal of the Complaint, as well as a writ of habeas corpus.  (Decl., Ex. C, at 5.)  On March 11, 2025, the state court issued an order staying the scheduled foreclosure sale for 30 days to permit Plaintiffs to respond to Defendant's arguments.  (*Id.*, Ex. J (Dkt. No. 23-11).)  Plaintiffs filed their opposition on March 20, 2025.  (*Id.*, Ex. C, at 6.)

On April 2, 2025, Defendant filed a motion seeking, inter alia, to remove the Action to federal court.  (*Id.*)  Defendant then filed a series of additional Motions, the substance of which is not relevant here.  (*Id.* at 6–7.)  On April 23, 2025, the state court issued an order saying that the Motion for Emergency Relief would be heard on May 19, 2025.  (*Id.*, Ex. K, at 2 (Dkt. No. 23-12).)  Defendant continued to inundate the state court with additional motions.  (*Id.*, Ex. C, at 7–

3

12).)  The state court cautioned the Parties "to stop filing the same requests continually or they [might] be subject to sanctions."  (*Empire Comm. Dev. v. Walters*, EF008814-2019 (N.Y. Sup. Ct.) (Dkt. No. 174).)  Defendant, however, did not stop and maintained his barrage of filings. (*See* Ex. C, at 12–18.)  On May 15, 2025, Defendant filed his notice of removal in this Court. (*See* Notice of Removal.)  On May 19, 2025, the state court denied all pending applications and ordered that the sale could go forward.  (Decl. ¶ 26.)  On May 20, 2025, Defendant filed his Notice of Removal in the state court, which stayed proceedings there.  (*Id.*, Ex. C at 18.)[2]

In this Court, on May 22, 2025, Defendant filed a motion seeking a temporary restraining order.  (*See* Verified Emergency Mot. (Dkt. No. 6).)  On May 27, 2025, this Court denied without prejudice the motion for failure to comply with Federal Rule of Civil Procedure 65(b)(1).  (Memo Endorsement dated May 27, 2025 (Dkt. No. 8).)  That same day, Defendant again filed a motion seeking emergency relief.  (Emergency Mot. for Temporary Restraining Order (Dkt. No. 12.).)  On May 28, 2025, Defendant filed yet another such motion.  (Verified

---

[2] "[D]uring the short time between the filing of the Notice of Removal in federal court and the filing of a copy in the state court, both courts have concurrent jurisdiction."  *Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D.N.Y. 1994).  Upon the completion of the removal procedures "by the filing of the Notice of Removal in the state court, 'state jurisdiction ends and any further action in the state court is void.'"  *Id.* (quoting *Barrett v. Southern Ry*, 68 F.R.D. 413, 419 (D.S.C. 1975)).  *See similarly Perez v. Ibrahim*, No. 23-CV-7378, 2024 WL 4372359, at *3 (S.D.N.Y. Oct. 2, 2024) (explaining that "a federal district court acquires jurisdiction over a removed action once a notice of removal is filed in that district court" and collecting cases noting the concurrent jurisdiction of both courts during the interstitial period); *Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.*, No. 16-CV-5665, 2016 WL 6462387, at *7 (S.D.N.Y. Nov. 1, 2016) ("There is a brief time between the filing of the notice of removal in federal court and the filing of the notice in the state court when both courts have concurrent jurisdiction.  A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court.  A State court, on the other hand, loses jurisdiction on the date the notice of removal is filed in State court." (citations and quotation marks omitted, alterations adopted)), *report and recommendation adopted*, 2016 WL 7392218 (S.D.N.Y. Dec. 21, 2016).

Because the state court took no further action once the Notice of Removal was filed, there is no concern that its order of May 19, 2025, was ineffective.

Emergency Mot. for Temporary Restraining Order (Dkt. No. 9).)  On May 28, 2025, Plaintiffs opposed Defendant's requests for relief.  (Mem. of Law in Opp'n (Dkt. No. 10).)  On May 29, 2025, this Court denied one of the requests for emergency relief, concluding that Defendant had not demonstrated a likelihood of success on the merits, on the basis that Defendant's requests were likely barred by *Rooker-Feldman* Doctrine.  (Mem. Endorsement dated May 29, 2025 (Dkt. No. 11).)  On May 29, 2025, Defendant again moved for emergency relief.  (Emergency Mot. (Dkt. No. 14).)  The Court denied the May 28 request on May 30, 2025, (Order dated May 30, 2025 (Dkt. No. 13)), and the May 29 request on June 2, 2025, (Order dated June 2, 2025 (Dkt. No. 16)).

On June 24, 2025, Plaintiffs sought remand to state court.  (*See* First Mot. to Remand to State Court (Dkt. No. 17).)  The Court denied this Motion without prejudice for failure to comply with the Court's Individual Practices.  (*See* Memo Endorsed Order dated June 25, 2025 (Dkt. No. 19).)[3]  After Plaintiffs filed a Letter Motion for Conference, the Court set a briefing schedule on the Motion to Remand.  (*See* Letter from Seth D. Weinberg, Esq. to Court dated June 25, 2025 (Dkt. No. 20).)  Plaintiffs filed their Motion on August 6, 2025, (Second Mot. to Remand (Dkt. No. 23)), and supporting materials that included a Memorandum of Law (Supp. Mem. of Law in Supp. ("Pls.' Mem.") (Dkt. No. 23-14)).  Defendant filed his Opposition on September 8, 2025, (Opp'n to Remand ("Def.'s Opp'n") (Dkt. No. 24)), as well as a Memorandum seeking to void and vacate the foreclosure sale, which he filed without leave of Court, (Mem. of Law in Supp. of Respondent's Mot. to Vacate, Strike, and Void Foreclosure Sale ("Def.'s Mem.") (Dkt. No. 25)).

---

[3] Because this denial was without prejudice, and as the initial Motion to Remand was filed within the 30-day period provided for seeking remand based on procedural defects, the Court treats the second Motion to Remand as one timely filed to raise procedural defects.  *See* 28 U.S.C. § 1447(c).

Plaintiffs filed their Reply on September 22, 2025. (Reply Mem. of Law ("Pl.'s Reply") (Dkt. No. 26).)

Plaintiffs represent that, while briefing was ongoing, the Property was sold at public auction to a third party. (Decl. ¶ 31.)

## II. Discussion

### A. Subject Matter Jurisdiction & Rooker-Feldman Doctrine

#### 1. Standard of Review

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Biener v. Credit Control Servs., Inc.*, No. 21-CV-2809, 2023 WL 2504733, at *3 (S.D.N.Y. Mar. 14, 2023) (alteration in original) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)); *see also Wells Fargo Bank v. 5615 N. LLC*, No. 20-CV-2048, 2022 WL 15523689, at *3 (S.D.N.Y. Oct. 27, 2022) (same). "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (quotation marks omitted). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (citation omitted)). "The party 'asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *D.J.C.V. v. United States*, 687 F. Supp. 3d 423, 437 (S.D.N.Y.

6

2023) (quoting *DeMartino v. N.Y. State Dep't of Tax'n & Fin.*, No. 22-720, 2023 WL 2563967, at *2 (2d Cir. Mar. 2023) (summary order)). "In resolving a motion to dismiss under Rule 12(b)(1), 'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Id.* (alteration adopted) (quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)). "If the parties dispute jurisdictional facts, 'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Bettis v. United States*, 346 F.R.D. 34, 37 (S.D.N.Y. 2024) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) ("If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to [jurisdiction].").

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). The *Rooker-Feldman* doctrine reflects "the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme Court.'" *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 283). The doctrine has four components: (1) "the federal-court plaintiff lost in state court"; (2) the plaintiff's complained-of injuries are "caused by a state court judgment"; (3) the plaintiff's complaint "invites review and rejection of that" state court judgment; and (4) the state judgment was rendered prior to the commencement of the district court proceedings. *Id.* (quotation marks and citations omitted). "The Second Circuit has classified the first and fourth requirements as 'procedural' and the

7

second and third requirements as 'substantive.'" *Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397, 2019 WL 1429982, at *6 (S.D.N.Y. Mar. 29, 2019) (citations omitted).

"*Rooker-Feldman* [does] not prevent [a plaintiff] from 'raising federal claims based on the same facts as a prior state case, . . . so long as . . . [the plaintiff] complains of an injury *independent* of an adverse state court decision.'" *Nath v. Select Portfolio Servicing, Inc.*, No. 15-CV-8183, 2017 WL 782914, at *5 (S.D.N.Y. Feb. 28, 2017) (emphasis in original) (quoting *Scott v. Capital One, Nat'l Assocs.*, No. 12-CV-183, 2013 WL 1655992, at *3 (S.D.N.Y. Apr. 17, 2013)), *aff'd*, 732 F. App'x 85 (2d Cir. 2018) (summary order). "[T]he applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims . . . , but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97–98 (2d Cir. 2007) (emphases in original). *Rooker-Feldman* does not bar independent claims, even if those claims "den[y] a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party." *Exxon*, 544 U.S. at 293.

"When a defendant is sued in state court on a claim appropriately brought in state court, which a federal court would be powerless to adjudicate, the defendant may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction." *Vossbrinck*, 773 F.3d at 426 (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619–20, (2002)). Accordingly, an Action that has been removed from state court but is subject to *Rooker-Feldman* is properly remanded to state court. *Id.* ("When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.' Thus, to the extent the barred fraud claims originated in [the plaintiff's] state-court

8

complaint, the district court's judgment dismissing the claims should be vacated and those claims remanded to state court." (alteration adopted, citation omitted) (quoting 28 U.S.C. § 1447(c))).

2. Analysis

The Court determines that *Rooker-Feldman* doctrine compels remand of this Action to state court. Beginning with the first requirement, the court readily determines that the removing party, here Defendant, was the state-court loser.[4] A judgment of foreclosure was first issued by the state court against Defendant on August 1, 2022. (*Empire Comm. Dev. v. Walters*, EF008814-2019 (N.Y. Sup. Ct.) (Dkt. No. 60).) *See, e.g.*, *Adon v. City of New York*, No. 23-CV-9616, 2025 WL 961997, at *5 (S.D.N.Y. Mar. 31, 2025) ("Plaintiff[] plainly lost in state court when the City first obtained an in rem foreclosure judgment against the property . . . ."), *appeal dismissed* (Oct. 24, 2025); *Christen v. U.S. Bank Nat'l Ass'n ex rel. RCF Acquisition Tr.*, No. 23-CV-2122, 2024 WL 3443423, at *6 (E.D.N.Y. July 17, 2024) ("[The p]laintiff lost in state court when Justice Hensley entered a judgment of foreclosure and sale against her . . . .").

Moreover, Defendant's filings identify no injury separate and apart from those "caused by" the judgment of foreclosure, and Defendant asks the court to "review and reject[]" that judgment. *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023) (second and third requirements); *Jones v. Grisanti*, No. 22-CV-145, 2024 WL 3415361, at *6 (W.D.N.Y. July 15, 2024) (collecting cases determining that attacks on state judgment of foreclosure as void or slander on title satisfied prongs two and three of *Rooker-Feldman* doctrine). Defendant plainly invites review of the state court proceedings: he asserts, *inter alia*, that various of the state court rulings

---

[4] It is of no moment that Defendant, rather than Plaintiffs, sought to remove the case to federal court. "Where a defendant has petitioned for removal from state court as the state-court loser, the *Rooker-Feldman* doctrine similarly applies." *24 Cap. Funding, LLC v. Peters Broad. Eng'g, Inc.*, No. 19-CV-4929, 2019 WL 5294841, at *2 (S.D.N.Y. Oct. 18, 2019).

are "void," (Def.'s Mem. at 1–2); that certain documentation is "inadmissible," (*id.* at 2); and expressly requests this court "vacate all state court rulings after May 15, 2025, declare any purported foreclosure sale void, strike fraudulent affidavits and defective assignments, [and] dismiss the foreclosure with prejudice," (*id.*). (*See also* Def.'s Opp'n at 2 (requesting a declaration "that no lawful foreclosure sale occurred").) This is plainly a request to review both the outcome and certain evidentiary practices that were part of the state court proceedings. And Defendant has identified no injury separate from the result of the state court proceedings. (*See* Notice of Removal 4 (alleging "[i]rreparable injury and harm from an imminent foreclosure sale scheduled based on falsified evidence").) In these circumstances, *Rooker-Feldman* necessitates remand. *E.g. Whittingham v. Tress*, No. 23-CV-6058, 2024 WL 3252595, at *7 (S.D.N.Y. July 1, 2024) ("Plaintiff's alleged injuries stem from the New York state court judgment, and Plaintiff essentially seeks review and rejection of the state court's decision. In other words, Plaintiff seeks a reversal of the state court's ruling."), *appeal dismissed*, No. 24-2047, 2025 WL 465660 (2d Cir. Jan. 15, 2025); *Welch v. Fitzgerald*, No. 18-CV-461, 2018 WL 6173796, at *5 (N.D.N.Y. May 16, 2018) ("To the extent that plaintiff is unhappy with [the] state court decision, or the proof presented during that state court proceeding, this court may not intervene. A finding in plaintiff's favor . . . would necessarily involve overturning the . . . [state] [c]ourt's adverse decision regarding the same rights, a situation prohibited by *Rooker Feldman*."), *report and recommendation adopted*, 2018 WL 4795759 (N.D.N.Y. Oct. 4, 2018); *James v. New York*, No. 10-CV-470, 2013 WL 1873276, at *4 (E.D.N.Y. Mar. 6, 2013) ("The plaintiff's Complaint is clearly an effort to appeal to this court the state court's appointment of guardians and approval of the sale of her property, and is therefore barred by the Rooker–Feldman doctrine."), *report and*

10

*recommendation adopted sub nom. James v. New York, Com'r of Soc. Servs. for City of New York*, 2013 WL 1869564 (E.D.N.Y. May 3, 2013).

As to the fourth requirement, "because [Defendant] did not [remove] this [A]ction until . . . long after [his] time to appeal expired[] the state judgment was 'rendered' for the purposes of *Rooker-Feldman* before the federal proceedings were initiated." *Jones*, 2024 WL 3415361, at *6; *see also Borrani v. Nationstar Mortg. LLC*, 820 F. App'x 20, 22 (2d Cir. 2020) (summary order) ("The state-court judgment of foreclosure was rendered before [the plaintiff] began federal proceedings because she filed her federal complaint . . . more than [30] days after the . . . judgment of foreclosure and sale was entered."); *Powell v. Ocwen Loan Servicing, LLC*, 840 F. App'x 610, 612 (2d Cir. 2020) (summary order) (concluding fourth *Rooker-Feldman* requirement met when the plaintiffs' "time to appeal the judgment [of foreclosure] had passed"); *Hunter*, 75 F.4th at 69–70 & n.9 (holding that "[i]f a federal-court plaintiff's state-court appeal remains pending when she files her federal suit, the state-court proceedings have not ended and *Rooker-Feldman* does not apply" and citing *Borrani* and *Powell* with approval)).  Although there have been ongoing post-judgment proceedings, Defendant failed to appeal "within the 30 days allowed under New York State law," and so the judgment has been "rendered" for the purposes of the *Rooker-Feldman* bar.  *Christen v. U.S. Bank Nat'l Ass'n ex rel. RCF Acquisition Tr.*, No. 23-CV-2122, 2024 WL 3443423, at *6 (E.D.N.Y. July 17, 2024); *see also Dees v. Zurlo*, No. 24-CV-1, 2024 WL 2291701, at *3 (N.D.N.Y. May 21, 2024) ("To the extent [the p]laintiffs have not appealed Supreme Court, Family Court, or Appellate Division decisions, and such decisions are final, the *Rooker-Feldman* doctrine precludes the Court's consideration of the decisions in which Plaintiffs lost." (italics added)), *aff'd sub nom. Dees v. Knox*, No. 24-1574-CV, 2025 WL 485019 (2d Cir. Feb. 13, 2025), *cert. denied*, 146 S. Ct. 201 (2025); *Buczek v. KeyBank, N.A.*,

11

No. 20-CV-1167, 2023 WL 7290810, at *3 (W.D.N.Y. Sept. 27, 2023) ("[The plaintiff] also commenced these proceedings after the state-court judgment was rendered, which satisfies the fourth element."); *cf. Phoenix of Albany, LLC v. Cnty. of Albany*, No. 23-CV-311, 2025 WL 1207238, at *4 (N.D.N.Y. Apr. 25, 2025) (concluding *Rooker-Feldman* did not apply where, despite entry of default against the plaintiff, the plaintiff had timely appealed adverse state-court decision and, at the time the federal complaint was filed, the period of time within which to further appeal in the state-court system had not expired).

However, while the Second Circuit has held that *Rooker-Feldman* bars federal courts from reviewing foreclosure judgments, it does not bar claims for damages resulting from fraudulent conduct allegedly related to the foreclosure proceedings.  *Vossbrinck*, 773 F.3d at 427. In his Notice of Removal, Defendant makes some assertions that, perhaps, might be taken to allege fraudulent conduct related to the foreclosure proceedings, though they appear primarily to assert fraudulent acts by Plaintiffs predating those proceedings.  (*See* Not. of Removal 1 (asserting "material misrepresentations" by defendants); *id.* at 2 ("This is not merely a foreclosure—it is a calculated and coordinated scheme to steal property through fraudulent instruments and collusion between private entities masquerading as lawful servicers and creditors."); *id.* at 4 (contending that the state court has "fail[ed] to address glaring fraudulent acts and procedural defects").)   He also claims, in his Memorandum of Law, that he has raised "independent federal claims" under various statutes.  (Def.'s Opp'n 2.)  In light of Defendant's *pro se* status, the Court will assume that some subset of claims would survive the *Rooker-Feldman* bar, and analyze whether remand would be proper as to any remaining claims.

B. Removal

1. Standard of Review

The removal of civil actions from state court to federal court is governed by 28 U.S.C.

§ 1446(b), which provides, among other things:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Thus, "[t]o remove a case to federal court, a defendant must file a notice

of removal within 30 days of receiving the summons and complaint." *Fernandez v. Hale Trailer

Brake & Wheel*, 332 F. Supp. 2d 621, 622 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1446(b)(1) and

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–49 (1999)). "[T]he

propriety of removal is to be determined by the pleadings at the time of removal." *Yih v. Taiwan

Semiconductor Mfg. Co., Ltd.*, No. 21-CV-8828, 2022 WL 1597541 at *4 (S.D.N.Y. May 19,

2022) (quoting *Fed. Ins. Co. v. Tyco Int'l*, 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006)), *aff'd sub

nom. Yih v. Taiwan Semiconductor Mfg. Co.*, No. 22-1283, 2023 WL 2336290 (2d Cir. Mar. 3,

2023); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 399 F. Supp. 2d 356, 363 (S.D.N.Y.

2005) ("A court must thus consider the complaint at the time of removal to determine if removal

was appropriate in the first place."); *Vasura v. Acands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000)

("If the removal was not proper in the first instance, the state court was never divested of

jurisdiction and the federal court consequently has no jurisdiction to exercise.").

Receipt of the initial pleadings by the defendant or their attorney triggers the 30-day

removal period under § 1446(b). Failure to remove within this time period typically results in

remand. *See, e.g., Hecht v. Brandt,* No. 23-CV-6276, 2024 WL 319778, at *4 (S.D.N.Y. Jan. 29,

13

2024) (remanding case involving pro se defendants where "state court action ha[d] been litigated for more than two years" and the defendants had "received . . . the notice of summons" years earlier and filed documents in the state court proceeding); *Bank of New York v. Consiglio*, No. 17-CV-01408, 2017 WL 9480197, at *4 (D. Conn. Oct. 2, 2017) ("[The pro se] defendant's Notice is untimely as it was filed over nine years after the state foreclosure matter was instituted."), *report and recommendation adopted*, 2017 WL 4948069 (D. Conn. Nov. 1, 2017); *Mintz & Gold LLP v. Daibes*, No. 15-CV-1218, 2015 WL 2130935, at *4–5 (S.D.N.Y. May 6, 2015) (holding that receipt of state court complaint by counsel for defendant triggered 30-day removal period under § 1446(b)). Federal courts construe questions of removal narrowly, "resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2014) (quotation marks omitted); *see also O'Reilly v. Mackris*, 556 F. Supp. 3d 166, 169 (E.D.N.Y. 2021) (same); *Fed. Ins. Co.*, 422 F. Supp. 2d at 368 (explaining that "[o]ut of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability" (quotation marks omitted)). Thus, if a plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper. *See Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) (citing *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); *Fouad v. Milton Hershey Sch. & Sch. Tr.*, 523 F. Supp. 3d 648, 652 (S.D.N.Y. 2021) ("[The] [d]efendants, as the removing parties, 'bear the burden of demonstrating the propriety of removal.'" (alteration omitted) (quoting *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004))).

Moreover, when a civil action is on the basis of a court's original jurisdiction, as Defendant asserts is true here, (Notice of Removal 4 ("This Court has original jurisdiction over the federal claims . . . .")), then "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A). This provision "codified the well-established rule that removal requires the unanimous consent of all defendants, also known as the rule of unanimity." *Gibson v. Dolliver*, No. 18-CV-01825, 2019 WL 1455172, at *3 (D. Conn. Apr. 2, 2019). Each defendant "must independently express their consent to removal," *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012), and district courts typically require each defendant "either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within . . . thirty days [of receipt of service of the initial pleading]." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-9059, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (quotation marks omitted).

2. Analysis

Defendant asserts that he properly removed this Action pursuant to 28 U.S.C. §§ 1441, 1446. (Notice of Removal 1, 3.) Defendant takes the view that the Americans with Disabilities Act entitles him to proceed in a federal court, (Def.'s Opp'n 2), as do his asserted federal counterclaims, (*see* Not. of Removal), and the asserted failure to be properly served (and so, he appears to want the Court to infer, the time for removal did not begin to run), (Def.'s Mem. 1). The Court concludes, however, that he did not timely remove the Action, and so the matter must be remanded to state court.

First, the Court notes that the "presence or absence of federal-question jurisdiction is governed by 'the well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

15

complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint here does not set forth a federal question, and so does not provide a basis to invoke this Court's federal question jurisdiction. (*See* Decl., Ex. B, at 4–7.) And while Defendant appears to be under the impression that he has federal claims to assert based on the above-described proceedings, on the facts alleged here, "a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule." *Prop. Clerk, New York City Police Dep't v. Fyfe*, 197 F. Supp. 2d 39, 41 (S.D.N.Y. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (noting that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Meghila, LLC v. Chalek*, No. 24-CV-8986, 2025 WL 436677, at *3 n.3 (S.D.N.Y. Jan. 13, 2025) ("The underlying landlord-tenant matter relies on state law, and a federal defense or counterclaim cannot be the basis for federal question jurisdiction.").[5]

Next, the Court addresses Defendant's objections to the service affidavits. Defendant contends that "[t]he service affidavit describes a different individual (6'0, 220 lbs, with hair) while the respondent is bald and 330 lbs." (Def.'s Mem. 1.) He also appears to assert that he was served by affixing a summons to the door of a residence that was "abandoned . . . following a fire" and so, he claims, this "nail and mail" service would not "satisfy due process." (*Id.*) But it is Defendant's burden to demonstrate that he was not effectively served with process, and he has not done so. It appears that Defendant challenges his initial service of process, which contains a process server's affidavit averring that Defendant was personally served. (*Id.*)

---

[5] While a "compulsory counterclaim, . . . asserted under federal law, and fall[ing] within the same case or controversy" might fall within the Court's original jurisdiction, Defendant has not made any argument or identified any facts that would lead this Court to believe he has compulsory counterclaims to assert here. *Spiel Assocs., Inc. v. Gateway Bookbinding Sys., Ltd.*, No. 03-CV-4696, 2010 WL 546746, at *14 (E.D.N.Y. Feb. 16, 2010)

16

However, Defendant has not provided "sworn allegations" which are "require[]d . . . to rebut a process server's affidavit" as to the fact that he has served.  *G&G Closed Cir. Events, LLC v. Gonzalez*, No. 14-CV-5334, 2019 WL 4917913, at *3 (E.D.N.Y. Sept. 30, 2019) (citation omitted).  And although Defendant challenges the propriety of documents being served at his last known address, "service at the Defendant's last known address is adequate for notice purposes," even where the document served is "returned as undeliverable."  *Nat'l Audubon Soc., Inc. v. Sonopia Corp.*, No. 09-CV-975, 2010 WL 5373900, at *1 (S.D.N.Y. Dec. 22, 2010).  Moreover, to the extent that Defendant challenges the service of other materials by their being affixed to the door of Defendant's last known address and mailed to that address, this method of "nail and mail" service is likewise permitted under New York law.  *See Narula v. Jackson*, No. 18-CV-0013, 2019 WL 1177856, at *2 (E.D.N.Y. Jan. 31, 2019) ("Under New York law, when a plaintiff cannot, with due diligence, personally serve the defendant or a person of suitable age and discretion at the defendant's home or business, he may effect service by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing the summons to such person at his or her last known residence." (alterations adopted) (quoting in part N.Y. C.P.L.R. § 308(4))), *report and recommendation adopted*, 2019 WL 1173184 (E.D.N.Y. Mar. 13, 2019); *see also High Farms, LLC v. King*, No. 16-CV-736, 2019 WL 1208785, at *3 n.2 (E.D.N.Y. Mar. 14, 2019) (explaining "[i]n prior cases in which an evidentiary hearing was granted for determining whether 'nail of mail' service was proper, the defendant swore to specific allegations" that directly contradicted ones in the affidavit, and declining to hold such a hearing where "Defendant stated no specific facts to rebut the ones in the process server's affidavit").  Therefore, Defendant's objection to the method of service does not provide a proper basis to

17

prevent the remand of this Action. *See, e.g.*, *Yehudah v. Optoid Print3D Eyewear*, No. 24-CV-1672, 2025 WL 2452383 (E.D.N.Y. Aug. 25, 2025) (denying argument by the pro se defendant that he had not been served where the defendant failed to submit a counter-affidavit averring specific facts to rebut the process server's affidavit); *Bank of Am. v. Angona*, No. 14-CV-1643, 2014 WL 1515559, at *2 (E.D.N.Y. Apr. 18, 2014) ("Although [the] defendant objects in his answer to the method by which he was served, *i.e.* that he 'found a copy of the summons and complaint affixed to the door of the premises,' it is evident that defendant received 'through service or otherwise' the initial pleading more than 30 days before he filed the Notice of Removal. In fact, it was more than four years before. The Notice of Removal is therefore untimely under 28 U.S.C. § 1446(b)." (citation omitted)).

Based on the affidavit of service, Defendant was served with the Complaint first on December 10, 2019. (*Empire Comm. Dev. v. Walters*, EF008814-2019 (N.Y. Sup. Ct.) (Dkt. No. 11).) Accordingly, his time to remove would have run by January 9, 2020. Even if, for some reason, the time to serve were to run from a later date, the Court could not conclude that Defendant received notice any later than December 17, 2024, when he was served with notice of the sale, which was the final document served before Defendant began to make filings in the Action. (*Id.* (Dkt. No. 77).) If, somehow, he had not been properly served until December 17, 2024, his thirty days would have run on January 16, 2025, approximately four months before Defendant removed this Action. Thus, Defendant's failure to remove the case within the thirty-day period necessitates remand. *See, e.g.*, *Chassen v. Simpson*, No. 25-CV-2373, 2025 WL 1513142 (S.D.N.Y. May 28, 2025) (recommending, in action where defendant had filed other documents in the interim, but "fail[ed] to remove th[e] action within 30 days of service" that this failure was "sufficient grounds for remand"), *report and recommendation adopted*, 2025 WL

2434668, at *4 (S.D.N.Y. Aug. 25, 2025); *cf. Patrick v. Porter-Cable Corp.*, No. 10-CV-131, 2010 WL 2574121, at *5 (D. Conn. Apr. 1, 2010) ("Because [the defendant] failed to [indicate consent to removal] within 30 days of being served, removal was not timely.").

Finally, Defendant has not included, as required by 28 U.S .C. § 1446(a), a copy of all process, pleadings, and orders served upon him in the civil action he seeks to remove from state court.  (*See generally* Dkt.)[6]  Nor has he offered any indication that he obtained the unanimous consent of his co-defendants in the state court proceedings, even though there were multiple such co-defendants.  (*See generally* Dkt.)  His failure to do so further supports remand.  *See Citimortgage, Inc. v. Gizaris*, No. 25-CV-06272, 2025 WL 2607686, at *1 (S.D.N.Y. Aug. 12, 2025) (explaining failure to timely remove action, in conjunction with failure to attach requisite materials, were sufficient on their own to justify remand); *New York State Cnty. of Nassau Supreme Ct. v. Powell*, No. 18-CV-4079, 2018 WL 9986665, at *2 (E.D.N.Y. Aug. 8, 2018) (same, in action involving pro se defendants); *Angona*, 2014 WL 1515559, at *3 (treating similar failure as supporting remand); *AKF Inc. v. Sierra Slot Source LLC*, No. 23-CV-1619, 2023 WL 2779209, at *2 (S.D.N.Y. Apr. 5, 2023) ("Here, the notice of removal reflects only that [a single pro se defendant] consented to removal.  It does not reflect that any other party has consented, much less provide written consent from them.  Thus, the notice of removal is inadequate under Section 1446(b)(2)(A) and the case should be remanded for this reason as well."), *report and recommendation adopted*, 2023 WL 3560585 (S.D.N.Y. May 19, 2023).  *But see Chassen*, 2025 WL 1513142, at *5 (declining to decide whether failure to include all state court filings would, on its own, justify remand of case involving pro se defendant).

---

[6] Defendant did file some subset of these documents, but it appears incomplete.  (*See* Appendix (Dkt. No. 3).)

### III.  Conclusion

For the reasons set forth above, this Action is remanded.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 23, to mail a copy of this Opinion to Plaintiff, and to close this case.

SO ORDERED.

Dated:    March 27, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

20